UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 13-1799

UNITED STATES OF AMERICA,

Appellee,

- against -

CHRISTIAN GEROLD TARANTINO,

Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MEMORANDUM FOR THE UNITED STATES IN RESPONSE TO
DEFENDANT-APPELLANT'S MOTION TO COMPEL DISCLOSURE

LORETTA E. LYNCH,
United States Attorney,
Eastern District of New York.

PETER A. NORLING,
JAMES M. MISKIEWICZ,
Assistant United States Attorneys,
    (Of Counsel).

## TABLE OF CONTENTS

                                                              Page

PRELIMINARY STATEMENT..........................................1

STATEMENT OF FACTS.............................................3

ARGUMENT:

TARANTINO'S MOTION SHOULD BE DENIED AS ACADEMIC................7

CONCLUSION....................................................8

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

Docket No. 13-1799

UNITED STATES OF AMERICA,

<u>Appellee</u>,

- against –

CHRISTIAN GEROLD TARANTINO,

<u>Defendant-Appellant</u>.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

MEMORANDUM FOR THE UNITED STATES IN RESPONSE TO
DEFENDANT-APPELLANT'S MOTION TO COMPEL DISCLOSURE

<u>PRELIMINARY STATEMENT</u>

The government submits this memorandum in response to Defendant-Appellant Christian Gerold Tarantino's motion, filed June 11, 2014, "to compel disclosure of ministerial orders related to grand juries in aid of the jurisdiction of the Court of Appeals." In his motion, Tarantino seeks disclosure of such grand jury documents as will establish whether the grand jury that issued his indictment had been improperly extended by the

2

time it voted his indictment.  He asserts that if the indictment had been voted by an improperly-extended grand jury, the district court was without jurisdiction to conduct the proceedings leading to this appeal and that this Court consequently would be without jurisdiction to entertain the appeal.  Because the government provides the information Tarantino seeks within this response, which information demonstrates that the grand jury was not improperly extended, the motion should be denied as academic.

3

## STATEMENT OF FACTS

The indictment in this case was returned on September 23, 2008. Indictment (DE (Docket Entry) 1). It arose from a lengthy investigation of two murders that took place in the Eastern District of New York in the summer of 1994, and a third, related murder of a witness in Manhattan on August 18, 2003. As alleged in the indictment, the Federal Bureau of Investigation commenced its investigation into the Dorval homicide on or about August 18, 1994, shortly after Dorval's body was recovered from a trunk found floating off the coast of Long Island. (DE 1, ¶¶ 9 and 10).

Count One of the indictment charges that on June 23, 1994, Tarantino and several associates, including a co-conspirator named Louis "Louie" Dorval (Dorval), disabled and incapacitated two armored car guards during the course of a robbery, in violation of 18 U.S.C. §§ 33 and 34. One of the guards, who was employed by a company engaged in interstate commerce, was shot and killed. (DE 1, ¶¶ 1-4). Approximately six weeks later, as alleged in Count Two, Tarantino, together with others, killed Dorval and disposed of his body in the Atlantic Ocean to prevent him from communicating to federal law enforcement officers information relating to, among other crimes, the Baumgardt murder, in violation of 18 U.S.C.

4

§ 1512(a). (DE 1, ¶¶ 6-9). Finally, Counts Three and Four charged Tarantino with conspiracy to obstruct justice as well as aiding and abetting in the obstruction murder of Vincent Gargiulo, in violation of 18 U.S.C. §§ 1512(a) and (k). As set forth in the indictment, Gargiulo recorded a conversation wherein Tarantino acknowledged involvement in the Baumgardt and Dorval murders and was in the process of providing that evidence to the government when he was killed. (DE 1, ¶¶ 12-16).

On May 23, 2011, a jury convicted Tarantino of the charges related to the Baumgardt and Dorval murders but failed to reach a verdict as to Counts Three and Four regarding the Gargiulo murder. (DE 259). Upon re-trial of those two counts, a second jury convicted Tarantino on May 14, 2012 of conspiracy to commit the obstruction of justice murder of Vincent Gargiulo but acquitted him of the substantive crime. (DE 381).

Prior to sentencing, Tarantino moved in the district court, by letter dated April 2, 2013, for, among other things, a dismissal of the indictment pursuant to Fed. R. Crim. P. 12(b)(3)(B). (Exh. A (appended hereto)). Tarantino noted that that grand jury transcripts disclosed prior to trial pursuant to 18 U.S.C. § 3500 revealed that the case agent had testified on certain dates in 2005 and 2006, and he observed that the grand jury voting the indictment was not a special grand jury that may

5

sit for as long as 36 months (see 18 U.S.C. § 3331(b)). Because the indictment was voted beyond the 18-month maximum term (absent an order permitting a six-month enlargement) for a grand jury sitting in 2005 and 2006, see Fed. R. Crim. P. 6(g), Tarantino, citing United States v. Macklin, 523 F.2d 1170 (2d Cir. 1975), and United States v. Fein, 504 F.2d 1170 (2d Cir. 1974), argued that the court was without jurisdiction to proceed with the case. (Exh. A at 4-5). He also sought disclosure of ministerial orders pertaining to the commencement and termination dates of the grand jury that returned the indictment. (Exh. A at 6-13). The government, in response, observed that investigations continuing beyond the expiration date of a particular grand jury often involve submission of grand jury matter (including testimony) to successor grand jury panels. (Exh. B at 3).

By memorandum and order dated April 19, 2013, the district court issued a memorandum and order denying the motion to dismiss. It observed, as had the government, that the fact that evidence was presented to a grand jury well before 18 months prior to the voting of the indictment did not mean that the grand jury had been impermissibly extended but simply that the early grand jury testimony had been presented to a later grand jury, which voted the indictment. Presumably because this

rendered moot Tarantino's request for discovery of records pertaining to the commencement and termination dates of the grand jury that voted the indictment, the district court did not address this request. (Exh. C).

On April 26, 2013, Tarantino was sentenced to three concurrent terms of life imprisonment. On May 7, 2014, the judgment was entered. On May 7, 2013, Tarantino filed a notice of appeal. On June 6, 2014, he brought the instant motion.

ARGUMENT

TARANTINO'S MOTION SHOULD BE DENIED AS ACADEMIC

As noted above, Tarantino seeks an order compelling the district court to disclose orders regarding the term of empanelment of the grand jury that returned the indictment against Tarantino. He further moves for an order disclosing orders allowing transfers of evidence between successive grand jury panels. However, we disclose the sole order pertaining to the empanelment of the grand jury that voted the indictment upon which Tarantino was tried (Exh. D), and we represent that, because no such order is needed, see, e.g., In re United States, 441 F.3d 44, 55 (1st Cir. 2006) ("[T]he government is free to transfer evidence from one grand jury to a later one."), there are no orders indicating that testimony before predecessor grand juries (such as that to which Tarantino refers) was presented to a successor grand jury, including that which voted the indictment. Tarantino's motion therefore should be denied as academic.

8

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Dated:     Brooklyn, New York
           June 19, 2014

                              Respectfully submitted,

                              LORETTA E. LYNCH,
                              United States Attorney,
                              Eastern District of New York.


                    By:    _____/s/_____
                              Peter A. Norling
                              Chief, Appeals Division


PETER A. NORLING,
JAMES MISKIEWICZ,
Assistant United States Attorneys,
     (Of Counsel).

EXHIBIT A

**Law Office of Todd G. Scher, P.L.**
**398 E. Dania Beach Boulevard #300**
**Dania Beach, FL 33004**
**Tel: 754-263-2349**
**Fax: 754-263-4147**
**Email: TScher@msn.com**

April 2, 2013

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
1034 Federal Plaza
Central Islip, New York 11722

Re:     *United States v. Christian Gerold Tarantino*,
          Case No. 08-CR-655 (JS)

Dear Judge Seybert:

The Defendant, Christian Tarantino, by and through undersigned counsel, hereby submits this letter in which he moves the Court to dismiss the indictment pursuant to Fed. R. Crim. P. 12 (b)(3)(B) ("***at any time while the case is pending***, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction…") (emphasis added).     In this case, the indictment failed to invoke the Court's jurisdiction.

The government in this case abused the grand jury process by obtaining the instant "indictment," Case No. 08-CR-655 (JS), filed on **September 23, 2008**, in direct violation of Fed. R. Crim. P. 6(g) ("A grand jury must serve until the court discharges it, but it may serve more than 18 months only if the court, having determined that an extension is in the public interest, extends the grand jury's service.  An extension may be granted for no more than 6 months").  The "indictment" in this case is null and void in this case and, accordingly, it must be

dismissed **with prejudice** because the Defendant was twice placed in jeopardy without a properly-filed indictment.

## THE INDICTMENT WAS NULL AND VOID *AB INITIO*

In this case, the grand jury indictment was formally filed against the Defendant on **September 23, 2008** (DE1). The Defendant was twice tried by anonymous jury panels, and he was ultimately convicted of three out of the four charges that were alleged in the indictment. The Defendant has always maintained his legal and factual innocence as to all the charges.

The FBI case agent, Robert Schelhorn, testified before the grand jury convened in the Eastern District of New York to consider filing charges in *United States v. Christian G. Tarantino* on July 15, 2008, *see* Exhibit A, among other grand jury dates held in this case. Agent Schelhorn revealed on that date that he had testified before the grand jury "***in this case***" on ***November 9, 2005***, *see* Exhibit A (grand jury testimony of agent) at p.25 ("Q. And that´s your testimony from back in 2005 ***in this case***... A. It is.")   (emphasis added), and during September 2006. *Id.* at p.37 (same).

The grand jury convened in this case was not a "*special*" grand jury, and the court record is devoid of any extension entered by a district judge "in the public interest" as Fed. R. Crim. P. 6(g) mandates. The agent's testimony before the ***regular*** grand jury in this case in November 2005 and September 2006 suggests that the grand jury served for nearly three years (November 9, 2005 through September 23, 2008). The government withheld the case agent´s testimony before the ***regular*** grand jury in 2005 and 2006 from the defense in violation of the *Jencks Act*, 18 U.S.C. § 3500, to conceal its malfeasance.

2

It has long been established that "[a] United States District Court is one of limited jurisdiction with only such powers as are expressly conferred by statute. The grand jury sitting in such a court is strictly a creature of statute. There is no such thing as a ***de facto*** grand jury in a Federal Court. Its original life and authority to act, and any continued existence which it may have after the expiration of the term for which it was impaneled, depends strictly upon statutory authority, and unless that authority is complied with there is no jurisdiction to return an indictment." *United States v. McKay*, 45 F.Supp. 1007, 1015 (D.C. Mich. 1942) (brackets added; citation omitted).

Second Circuit authority squarely addresses the jurisdictional issue raised in this dispositive motion to dismiss the indictment with prejudice. In *United States v. Macklin*, 523 F.2d 193 (2d Cir. 1975), defendant was indicted on twenty-five (25) separate counts of violating 18 U.S.C. § 1010 through the submission of false statements in applications for federally insured mortgages. Defendant entered a guilty plea to two counts in 1973. Thereafter, in *United States v. Fein*, 504 F.2d 1170 (2d Cir. 1974), the Second Circuit affirmed the dismissal of an indictment that was returned by a grand jury on the ground that its duration had been extended beyond the 18-month statutory term for regular grand juries. Appellee Macklin moved to withdraw his guilty plea and to dismiss the indictment based on *Fein*. The district court granted both motions.

The government conceded that if Macklin had made a timely motion, the indictment should have been dismissed based on the decision in *Fein*. Because the motion to dismiss was filed after the plea, the Second Circuit had to determine whether the overextension of the duration of the grand jury, found in

*Fein*, was a mere defect "in the institution of the prosecution" that may only be raised by a pretrial motion, or whether it deprived the court of jurisdiction, in which event it "shall be noticed by the court at any time during the pendency of the proceedings." *See* Fed. R. Crim. P. 12(b)(2) [the predecessor to current Rule 12(b)(3)(B)]. The Second Circuit agreed with Chief Judge Mishler that the defect left the court without jurisdiction. *United States v. Macklin*, 523 F. 2d 193 (2d Cir. 1975).

As in *Macklin* and *Fein*, it is "clear that the indictment handed down by the grand jury in the instant case is a nullity." *Macklin*, 523 F.2d at 195. This Court was without jurisdiction to hear the case. *Id.* at 196 ("absence of an indictment is a jurisdictional defect which deprives the court of its power to act. Such a jurisdictional defect cannot be waived by a defendant, even by a plea of guilty.") (citation omitted). "As Chief Judge Mishler stated, …the defect is one which renders the grand jury's actions void *ab initio*. There is no such body as a '*de facto*' grand jury. Since the so-called grand jury had no power to indict, the court had no jurisdiction over the defendant who, in the absence of knowing waiver, could be prosecuted only by indictment." *Id.* at 197 (*citing McKay*, *supra*, at 1015).

Therefore, dismissal of the indictment filed against Christian Tarantino is required under Fed. R. Crim. P. 6(g), as it "fail[ed] to invoke the court's jurisdiction." *See* Fed. R Crim. P. 12(b)(3)(B). Even accepting at face value the representation that the Government was unable to obtain an indictment with its **best evidence** before the grand jury only to reconvene successive jury panels, *see* DE166, such action is an abuse of the grand jury process and would

constitute impermissible forum shopping (or "grand jury shopping") effectively circumventing Fed. R. Crim. P. 6(g).[1]

## CONCLUSION

For all the foregoing reasons, the Court must dismiss the indictment without prejudice as it was void *ab initio* due to the extension of the grand jury without the judicial authorization "in the public interest" mandated under Fed. R. Crim. P. 6(g). The Court lacked jurisdiction to hear the case due to the Government's abuse of the grand jury process in this case by sidestepping the requirements of Rule 6(g), thus rendering the rule meaningless.

Respectfully submitted,

/s/ Todd G. Scher
Law Office of Todd G. Scher, P.L.
Fla. Bar No. 0899641
398 E. Dania Beach Blvd. #300
Dania Beach, FL 33004
(Tel) 754-263-2349
(Fax) 754-263-4147
TScher@msn.com
Counsel for Defendant (Admitted Pro Hac Vice)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2d day of April, 2013, I filed the above pleading with the Clerk via CM/ECF.

/s/ Todd G. Scher

---

[1] The grand jury testimony of the case agent from 2005 and 2006 that has been withheld by the Government should be produced for the Court and for the record in this case.

5

EXHIBIT B



**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NB:JMM

*United States Attorney's Office*

*610 Federal Plaza*
*Central Islip, New York 11722-4454*

April 5, 2013

The Honorable Joanna Seybert
United States District Court
Eastern District of New York
1034 Federal Plaza
Central Islip, New York

          Re:  United States v. Tarantino
               Criminal Docket No. 08-0655(JS)

Dear Judge Seybert:

          The government submits this letter brief in opposition
to the defendant's motion to dismiss the above-captioned
indictment for purportedly being returned in violation of
Fed.R.Cr.P. 6(g).  As established below, the motion for dismissal
is without merit and, in fact, contrary to established law, and
the claims regarding Jencks Act disclosure violations are,
bizarrely, undermined by the defendant's own citations to the
court file in this matter.

          The government also hereby requests that the Court
order the defendant to comply with this Court's previous order of
December 13, 2010, and immediately return all copies of Jencks
Act, or Section 3500 material to the government.

I.        The Government Did Not Violate Its
          Jencks Act Discovery Obligations

          The defendant's claim of government misconduct is
premised on an ancillary charge that the government "concealed"
the grand jury's expiration by failing to turn over 3500 material
consisting of FBI Special Agent Robert Schelhorn's grand jury
testimony of 2005 and 2006.  Defendant's Letter Brief at 1-2.
However, in the same motion cited to a letter in the court file,
Doc. No. 166, in which the Government memorialized that it was
turning over the same 3500 materials that the defendant now

2

claims had been concealed.  Defendant's Letter Brief at 4,
(citing "DE166").

        In other words, despite a court file record evidencing
that the defendant received the 3500 material in question, he now
claims it was somehow "concealed" by the government from the
defense.

        It is impossible to argue with the defendant's self-
contradicting logic, and the government will not try.  What
matters is that the letter cited by the defense in this latest
motion to delay sentencing, and which the government attaches
herein as Attachment A, memorialized that on January 12, 2011,
before the start of the <u>Mastrangelo</u> hearing, the government
provided the defendant with copies of Special Agent Schelhorn's
2005 and 2006 grand jury transcripts even though "in the
government's view they fall outside of the Court's order
regarding early 3500 production and certainly well outside of the
definition set forth in 18 U.S.C. §3500."  Attachment A at 2.
The cover pages of those 3500 exhibits are also attached.  <u>See</u>
Attachment B (GX 3500-RS-35, grand jury transcript of November 9,
2005, and GX 3500-RS-36, grand jury transcript of September 12,
2006).

        In preparing the response to this motion, the
government discovered that the 3500 exhibit numbers in question
(RS-35 and RS-36) were inadvertently re-used when additional 3500
material was provided to the defense prior to the first trial.[1]
However, there is no question that the 2005 and 2006 transcripts
were provided to the defense, as memorialized in the January 13,
2011 letter cited by the defendant, because the minutes of the
<u>Mastrangelo</u> hearing reveal that prior counsel, Mr. Michael Rosen,
Esq., used the 2005 grand jury transcript during his February 17,
2011 cross examination of Special Agent Schelhorn.  Attachment C
at 526, lines 12 through 20.

    BY MR. ROSEN:
    Q.    I just want to refer you, sir, to the year 2005.
          If you could go back in your memory.  And if you
          need your memory refreshed, I'd be happy to do
          that.
          Do you recall testifying, sir, about hair in the
          Grand Jury?

---

        [1] Those exhibit numbers were re-used and assigned to the
transcripts of Special Agent Schelhorn's <u>Mastrangelo</u> hearing
testimony.

3

MR. ROSEN: And Counsel, it's 3500 RS-35, page 32
to 33, your Honor. If you need a copy I have –

THE COURT: No. I have it.

Attachment C.

Accordingly, the government concealed nothing from the
defendant about Special Agent Schelhorn's grand jury appearances.
In fact, the defendant's claim of concealment is, oddly, un-done
by the very source document cited by counsel, and which counsel
should have read more thoroughly before slinging accusations
about government malfeasance. Defendant's Letter Brief at 2.
Finally, the government has always maintained that it disclosed
these materials to avoid delay, not because an agent's summary of
the anticipated testimony of others fell within the definition of
witness statements under Section 3500(e). The agent's summary to
the grand jury, his hearsay testimony, has been long held to be
proper in federal grand jury practice. Costello v. United
States, 350 U.S. 359, 363 (1956). Here, the original witness
statements that Special Agent Schelhorn summarized in his various
grand jury appearances were produced through extensive 3500
disclosure.

II.      The Indicting Grand Jury Did Not
         Lack Jurisdiction Under Fed.R.Cr.P. 6(g)

The defendant's core complaint is that Special Agent
Schelhorn's 2005 and 2006 grand jury appearances supposedly prove
that the grand jury that returned the indictment had expired by
the time the indictment was returned on September 28, 2008. As
with the defendant's claim about Jencks Act violations, this too
is made out of whole cloth.

To begin, the Supreme Court has adopted the view that
grand jury proceedings are cloaked in a presumption of
regularity. United States v. R Enterprises, Inc., 498 U.S. 292,
301 (1991). The defendant points to no evidence, other than a
recitation of dates, and certainly no particularized need for the
unsealing of court orders regarding the various grand jury
impanelment dates, to support the claim that the indicting grand
jury had expired. This was, and continues to be, a lengthy
investigation. Testimony at trial revealed, and the indictment
alleged, that the federal investigation, or official proceeding
which the defendant obstructed through the murder of Louis Dorval
and Vincent Gargiulo, began on or about August 18, 1994. See
Indictment at ¶ 10. Special Agent Schelhorn's first grand jury
appearance was actually on April 6, 2000. GX 3500-RS-1. And

4

cooperating defendant Gaetano Fatato had already previously testified in connection with the Dorval murder on April 27, 1995. 3500-GF-8. Interestingly, the defense makes no mention of those earlier testimonies in the motion.

That investigations may continue beyond the term of any one grand jury panel is neither unusual, nor supportive of the defendant's invented "grand jury shopping" claim of misconduct. Defendant's Letter Brief at 5. In fact, because the use of successive grand juries is common, the transfers of evidence and continuations of investigations from one panel to another are provided for by law. Federal Criminal Procedure Rule 6(e)(3)(C) permits the disclosure by a government attorney of "any grand jury matter to another federal grand jury." This exception to Rule 6(e) codified the existing case law that permitted the disclosure of grand jury material from one grand jury to another. United States v. Contenti, 735 F.2d 628, 630 (1st Cir. 1984); United States v. Penrod, 609 F.2d 1092, 1095-97 (4th Cir. 1979); United States v. Garcia, 420 F.2d 309, 311 (2d Cir. 1970).

No court order is required prior to disclosure, nor must the court be notified of the disclosure. United States v. Claiborne, 765 F.2d 784, 794 (9th Cir. 1985). See also In re United States, 441 F.3d 44, 55 (1st Cir. 2006)("[T]he government is free to transfer evidence from one grand jury to a later one."). The rule applies to transfers between federal grand juries in the same district and to transfers between federal grand juries in different districts. Impounded, 277 F.3d 407, 414 (3d Cir. 2002) (Rule 6(e)(3)(C)(iii), (now Rule 6(e)(3)(C)), "contains no geographic limitation").

A successor grand jury need not hear all of the direct testimony presented to the predecessor grand jury, but rather may choose to rely on transcripts or on accurate summaries. United States v. Flomenhoft, 714 F.2d 708, 711-12 (7th Cir. 1983) (reliance on transcripts permissible); United States v. Long, 706 F.2d 1044, 1050 (9th Cir. 1983) (summaries permissible); see also United States v. Fogg, 652 F.2d 551, 558 (5th Cir. 1981).

III.     The Defendant Is In Violation Of This Court's
         January 13, 2010 Protective Order

On December 13, 2010, this Court entered an order prohibiting the "defendant and defense counsel" from disclosing or disseminating any Jencks Act material to anyone other than members of the defense team. Doc. No. 112. The defendant was prohibited from bringing such materials into any jail facility, except as permitted by the Order. Id.

5

        To date, the defense has not returned any of the 3500
materials, and is clearly in violation of the Court's order which
directed return of this material at the close of trial.  Given
the nature of the violent crimes the defendant has been convicted
of, this protective order was sought and deemed appropriate by
the Court to insure the protection of many witnesses who
testified in this prosecution.  Accordingly, the Court should
order that the defendant comply with this Court's order
forthwith.

        Conclusion

        In sum, the defendant's claim that the indicting grand
jury had expired, or that the use of a successive panel
constitutes prosecutorial misconduct is wholly without merit.
Conversely, the defense is clearly in violation of this Court's
protective order.  Accordingly, the motion to dismiss should be
denied.  The government's motion for enforcement of the Court's
protective order regarding 3500 material should be granted.

                              Respectfully submitted,

                              LORETTA E. LYNCH
                              United States Attorney

                              /S/
                    By:       _____
                              James M. Miskiewicz
                              Carrie N. Capwell
                              Sean C. Flynn
                              Assistant U.S. Attorneys


cc:  Defense counsel of record (via ECF w/attachments)
     Clerk-of-the-Court (JS)

EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,

                                                    MEMORANDUM & ORDER
          -against-                                 08-CR-0655(JS)

CHRISTIAN GEROLD TARANTINO,

                    Defendant.
-----------------------------------X
APPEARANCES
For the Government:    Carrie N. Capwell, Esq.
                       Sean C. Flynn, Esq.
                       James M. Miskiewicz, Esq.
                       United States Attorney's Office
                       610 Federal Plaza
                       Central Islip, NY 11722

For Defendant:         Todd Scher, Esq.
                       Law Office of Todd G. Scher
                       398 E. Dania Beach Blvd. #300
                       Dania Beach, FL 33004

SEYBERT, District Judge:

          Currently pending before the Court is Defendant
Christian Gerold Tarantino's ("Defendant") motion to dismiss his
September 23, 2008 Indictment pursuant to Federal Rule of
Criminal Procedure 12(b)(3)(B). Also pending before the Court
is a request by the United States (the "Government") that the
Court order Defendant to comply with the previous Order dated
December 13, 2010 (the "December 2010 Order") requiring
Defendant to return all copies of Jencks Act or Section 3500
material to the Government, and Defendant's motion to amend the
December 2010 Order. For the following reasons, Defendant's
motion to dismiss the Indictment is DENIED, the Government's

motion regarding the December 2010 Order is DENIED, and
Defendant's motion to amend the December 2010 Order is GRANTED.

<u>BACKGROUND</u>

Defendant's current motion is the latest in a series
of motions challenging Defendant's ultimate convictions and
seeking dismissal in some form prior to Defendant's sentencing.
Accordingly, the Court has repeatedly outlined the facts of this
case in various Orders, with which the Court presumes
familiarity. (<u>See, e.g.</u>, Docket Entries 404, 420.)  Briefly, on
September 23, 2008, a four-count Indictment charged Defendant
with: (1) the 1994 murder of armored car guard Julius Baumgardt;
(2) the 1994 murder of Louis Dorval; (3) Conspiracy to Commit
the Obstruction-of-Justice Murder of Vincent Gargiulo; and (4)
the 2003 murder of Vincent Gargiulo.

A jury trial commenced before this Court on March 28,
2011.  On May 23, 2011, a jury convicted Defendant of the
Baumgardt and Dorval murders, but did not reach a verdict on
Counts Three and Four of the Indictment.  This Court held a re-
trial on the two remaining counts beginning on April 23, 2012.
A jury subsequently convicted Defendant of Conspiracy to Commit
the Obstruction of Justice Murder of Vincent Gargiulo and
acquitted Defendant on the Obstruction-of-Justice Murder of
Vincent Gargiulo.

For various reasons, this Court has postponed sentencing. Currently, Defendant is to be sentenced before this Court on April 24, 2013.

On April 2, 2013, Defendant filed the pending motion to dismiss the Indictment for lack of jurisdiction. According to Defendant, the Government withheld FBI case agent Robert Schelhorn's testimony before the regular grand jury in 2005 and 2006 from the defense in violation of the Jencks Act, 18 U.S.C. § 3500 ("Section 3500"). Moreover, Defendant asserts that Agent Schelhorn's testimony before the grand jury in 2005 suggests that the grand jury served for nearly three years and that the September 23, 2008 Indictment therefore failed to invoke the Court's jurisdiction. The Government disputes Defendant's claims and further requests that this Court order Defendant to comply with the December 2010 Order requiring Defendant to return all copies of Jencks Act or Section 3500 material to the Government.

<u>DISCUSSION</u>

The Court will first address Defendant's assertion that the Government violated the Jencks Act before turning to Defendant's argument that the Indictment be dismissed for lack of jurisdiction and the issues regarding the December 2010 Order.

I. The Jencks Act

  The Court can dispense of this argument quickly.  The
Jencks Act, 18 U.S.C. § 3500, provides that

> after a witness called by the United States
> has testified on direct examination, the
> court shall, on motion of the defendant,
> order the United States to produce any
> statement (as herein defined) of the witness
> in the possession of the United States which
> relates to the subject matter as to which
> the witness has testified.  If the entire
> contents of any such statement relate to the
> subject matter of the testimony of the
> witness, the court shall order it to be
> delivered directly to the defendant for his
> examination and use.

18 U.S.C. § 3500(b).  Defendant maintains that the grand jury
testimony of Agent Schelhorn in 2005 and 2006 is Section 3500
material, and that the Government withheld said testimony.

  Defendant, however, appears to make this argument from
whole cloth, and the Government has produced more than ample
proof that Defendant's assertion is completely without merit.
For example, Docket Entry 166 in this case is a letter to the
Court from the Government dated January 13, 2011.  In it, the
Government outlines efforts by former defense counsel, Mr.
Michael Rosen, Esq., to obtain the 2005 and 2006 grand jury
transcripts.  After repeatedly asserting that such materials
were not 3500 materials, the letter notes that the Government
disclosed the transcripts.  (Docket Entry 166 ("Again, the
government has, earlier today, marked and disclosed these

transcripts although again, in the government's view they fall
outside of the Court's order regarding early 3500 production and
certainly well outside of the definitions set forth in 18 U.S.C.
§ 3500.").)  Moreover, as the Government notes in its opposition
to Defendant's current motion, minutes from the Mastrangelo
hearing reveal that former defense counsel used the 2005 grand
jury transcript in his cross examination of Agent Schelorn.
(Gov't Opp., Docket Entry 422, Ex. C.)  Thus, Defendant's blind
assertion that the Government violated the Jencks Act is without
merit, and Defendant's motion in this respect is DENIED.

II.   The Indictment

Defendant also argues that the timeline of events
indicates that the grand jury served in excess of the time
restraints imposed by Federal Rule of Criminal Procedure 6, and
therefore the Indictment failed to invoke the Court's
jurisdiction.

Federal Rule of Criminal Procedure 6(g) provides that
"[a] grand jury must serve until the court discharges it, but it
may serve more than 18 months only if the court, having
determined that an extension is in the public interest, extends
the grand jury's service.  An extension may be granted for no
more than 6 months, except as otherwise provided by statute."
FED. R. CRIM. P. 6(g).  Here, however, that there was grand jury
testimony in 2005 does not necessarily imply that the 2008

Indictment was flawed. Rather, the federal rules and case law within this and other circuits contemplate continuing investigations and successive grand juries.

Federal Rule of Criminal Procedure 6(e)(C) allows for the disclosure of "any grand-jury matter to another federal grand jury." See also United States v. Halper, 470 F. Supp. 103, 105 (S.D.N.Y. 1979) (noting the ability of a successor grand jury to consider much the same evidence as its predecessor). Moreover, there is nothing particularly uncommon about a successor grand jury nor does it necessarily require dismissal of the Indictment. See United States v. Contenti, 735 F.2d 628, 630 (1st Cir. 1984) (district court did not erroneously deny motion to dismiss indictment where investigation was transferred to a second grand jury after the first grand jury expired); United States v. Leeper, No. 06-CR-0058, 2006 WL 1455485, at *5 n.7 (W.D.N.Y. May 22, 2006) ("[T]he law is clear that a prosecutor may seek indictment before different or successive grand juries."); United States v. Kenner, 36 F.R.D. 391, 393 (S.D.N.Y. 1965) (use of successive grand jury did not warrant dismissal of indictment).

Without more, therefore, Defendant's contention that the timeline suggests some impropriety is meritless, and the motion to dismiss the Indictment for lack of jurisdiction is DENIED.

III.  December 2010 Order

Finally, the Government points to the Court's December 2010 Order requiring Defendant to return Section 3500 material at the end of trial.  The December 2010 Order provides, in its entirety

> 1.  All 18 U.S.C. § 3500 material and copies thereof shall be returned to the Government at the close of the trial.
>
> 2.  The defendant and defense counsel are prohibited from disclosing or disseminating any Section 3500 material or copies thereof to anyone other than the defendant, his counsel, or investigators or staff assisting defendant counsel.  Any such staff shall be informed of, and shall be bound by, the entirety of this Order.
>
> 3.  The defendant is prohibited from taking Section 3500 material, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of his defense counsel or staff assisting defense counsel.

(Docket Entry 112.)  The re-trial in this case ended on May 14, 2012.  Thus, at the very least, all Section 3500 material should have been returned to the Government at that time.  However, Defendant has attached to his current motion a portion of the grand jury transcript from July 15, 2008.  (D's Mot. to Dismiss, Docket Entry 421, Ex. 1.)  Thus, it appears that Defendant is still in possession of at least some 3500 material.

Defendant moves to amend the December 2010 Order so that defense counsel may retain the Section 3500 material until the conclusion of the appellate process. (Docket Entry 424.) Although the December 2010 Order had been proposed, and agreed to, by both parties (see Docket Entry 109), the Court finds that "[i]t is not irregular for courts to provide access to sensitive discovery material through appeals." United States v. Basciano, No. 03-CR-0929, 2006 WL 2270432, at *4 (E.D.N.Y. June 30, 2006). Accordingly, the Court GRANTS Defendant's motion to amend the December 2010 Order to allow defense counsel, assuming he also continues to be appellate counsel, to retain Section 3500 through appeal. In making this determination, the Court notes the highly sensitive nature of the materials. To the extent that Defendant has any materials in his possession or retained at the MDC, the Court ORDERS that Defendant provide these materials to counsel, and that only defense counsel retain the Section 3500 material. The portion of the December 2010 Order which prohibits Defendant from disseminating these materials in any way or retaining them in any jail facility except specifically in the presence of defense counsel or defense counsel staff remains in effect.

## CONCLUSION

Defendant's motion to dismiss the Indictment is DENIED, the Government's request that Defendant be ordered to

immediately return Section 3500 materials is DENIED, and Defendant's motion to amend the December 2010 Order is GRANTED as specified above.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   April __19__, 2013
         Central Islip, New York

EXHIBIT D

RPD:LTG:aoa
MPANEL.ORD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

IN THE MATTER OF THE REGULAR                    O R D E R
TUESDAY GRAND JURY EMPANELED
ON OR ABOUT MARCH 6ᵗʰ, 2008

- - - - - - - - - - - - - - - X

        Upon the application of BENTON J. CAMPBELL, United

States Attorney for the Eastern District of New York, by Lara

Treinis Gatz, Assistant United States Attorney, it is:

        ORDERED that pursuant to Rules 6(a) and 6(g) of the

Federal Rules of Criminal Procedure, a Grand Jury be empaneled on

or about March 6ᵗʰ, 2008 to convene beginning on or about March

25, 2008 to serve for a period not to exceed 18 months from the

date it is empaneled or until such other time as the Court, upon

an appropriate request from the United States Attorney for the

Eastern District of New York, discharges the Grand Jury.

Date:    Central Islip, New York
        March 5, 2008

A TRUE COPY
ATTEST
DATE June 16 20 14
DOUGLAS C. PALMER
BY _____ CLERK
DEPUTY CLERK

SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

RPD:LTG:aoa
EMPANEL.APP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

IN THE MATTER OF THE REGULAR          A P P L I C A T I O N
TUESDAY GRAND JURY EMPANELED
ON OR ABOUT MARCH 6<u>th</u>, 2008

- - - - - - - - - - - - - - - X

      BENTON J. CAMPBELL, United States Attorney for the

Eastern District of New York, by Lara Treinis Gatz, Assistant

United States Attorney, hereby makes this application to the

Court for an order, pursuant to Rules 6(a) and 6(g) Federal Rules

of Criminal Procedure, directing that a grand jury be empaneled

on or about March 6<u>th</u>, 2008 to convene in the United States

Courthouse beginning on or about March 25, 2008, and thereafter

to serve for a period not to exceed eighteen months from the date

it is empaneled or until such other time as the Court, upon an

appropriate request from the United States Attorney for the

Eastern District of New York, deems appropriate.

Date:     Central Islip, New York
        March    , 2008

                    Respectfully submitted,

                    BENTON J. CAMPBELL
                    United States Attorney
                    Eastern District of New York

By:  _____
           Lara Treinis Gatz
           Assistant U.S. Attorney