**IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# CASE NO. 13-1799-CR

---

**CHRISTIAN GEROLD TARANTINO,**

**Defendant/Appellant,**

**vs.**

**UNITED STATES OF AMERICA**

**Plaintiff/ Appellee.**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK (CENTRAL ISLIP)**

---

**APPELLANT'S APPENDIX**

---

**TODD G. SCHER
FLORIDA BAR #0899641
LAW OFFICE OF TODD G. SCHER, P.L.
398 E. DANIA BEACH BL VD. #300
DANIA BEACH, FL 33004
TEL: 754-263-2349
FAX: 754-263-4147
COUNSEL FOR APPELLANT**

# TABLE OF CONTENTS TO APPENDIX

Docket Sheet *(United States v. Tarantino)*     Al

Judgment in a Criminal Case *(United States v. Tarantino)*     A48

Notice of Appeal     A53

Indictment *(United States v. Tarantino)*     A55

Docket Sheet *(United States v. Galasso et. al.)*     A66

Superseding Indictment Excerpt *(United States v. Galasso et. al)*     A85

Order on Motion to Dismiss (DE 116)     A96

Order on Renewed Motion to Dismiss (DE223)     A113

Order on Motion to Dismiss Count 1 (DE408)     A122

Excerpt of Jury Charge (First Trial)     A131

Excerpt of Jury Charge (Second Trial)     A140

APPEAL,MJSELECT-ARL,NISDP

## U.S. District Court
### Eastern District of New York (Central Islip)
### CRIMINAL DOCKET FOR CASE #: 2:08-cr-00655-JS-1

Case title: USA v. Tarantino

Date Filed: 09/23/2008
Date Terminated: 04/26/2013

Assigned to: Judge Joanna Seybert

### Defendant (1)

**Christian Gerold Tarantino**
*TERMINATED: 04/26/2013*

represented by **John S. Wallenstein**
John S. Wallenstein, Esq
1100 Franklin Avenue
Suite 100
Garden City, NY 11530
516-742-5600
Fax: 516-742-5040
Email: jswallensteinesq@aol.com
*TERMINATED: 07/30/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Todd Scher**
Law Office of Todd G. Scher
398 E Dania Beach Blvd #300
Dania Beach, FL 33004
754-263-2349
Fax: 754-263-4147
Email: tscher@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**David A. Ruhnke**
Ruhnke & Barrett, Attorney at Law
47 Park Street
Montclair, NJ 07042
973-744-1000
Fax: 973-746-1490
Email:
davidruhnke@ruhnkeandbarrett.com
*TERMINATED: 07/30/2010*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Diarmuid White**
White & White

148 East 78 Street
New York, NY 10021
(212) 861-9850
Fax: 212-861-9870
Email: diarmuid@whiwhi.com
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Edward P. Jenks**
332 Willis Avenue
Mineola, NY 11501
516-741-2920
Fax: 516-747-3136
Email: jenksesq@aol.com
*TERMINATED: 03/15/2011*
*ATTORNEY TO BE NOTICED*

**Frank Anthony Doddato**
Law Offices of Frank A. Doddato, PC
666 Old Country Road
Suite 501
Garden City, NY 11530
516-794-3737
Fax: 516-683-8410
Email: fadesq49@aol.com
*TERMINATED: 11/30/2012*

*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**James R. Froccaro**
20 Vanderventer Avenue
Suite 103W
Port Washington, NY 11050
(516) 944-5062
Fax: 516-944-5066
Email: jrfesq61@aol.com
*TERMINATED: 08/17/2011*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Michael Rosen**
Law Office of Michael Rosen
61 Broadway
Suite 1105
New York, NY 10006
212-742-1717
Fax: 212-248-4068
Email: mrosenlaw@aol.com
*TERMINATED: 08/17/2011*
*ATTORNEY TO BE NOTICED*

**Stephen Rosen**

Stephen H. Rosen, P.A.
100 Almeria Avenue
Suite 205
Coral Gables, FL 33134
305-448-9900
Fax: 305-448-9337
Email: attnyrosen@aol.com
*TERMINATED: 11/30/2012*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| **Pending Counts** | **Disposition** |
| --- | --- |
| 18:33, 34, 2, 3551, et seq. DESTROY MOTOR VEHICLE OR MOTOR VEHICLE FACILITY (1) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $50.00. |
| 18:1512 (k), 1512 (a)(3)(A), 1111, 2 and 3511 et seq. TAMPER W/WITNESS, VICTIM, INFORMANT (IF DEATH RESULTS) (1r) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $100.00. |
| 18:1512(a)(1)(C), 1512(a)(3) (A),18:1111, 2 and 3551 et seq. MURDER, FIRST DEGREE (2) | Imprisonment: LIFE; Supervised Release: NONE; Special Assessment: $50.00. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 18:1512(a)(1)(A),1512(a)(1)(B), 1512(a)(1)(C), 1512 (a)(3)(A), 1111, 2 and 3511 et seq. TAMPER W/WITNESS, VICTIM, INFORMANT (IF DEATH RESULTS) (2r) | Defendant found Not Guilty. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**USA**                                          represented by   **Carrie Nicole Capwell**
United States Attorneys Office
610 Federal Plaza
Central Islip, NY 11722
631-715-7836
Fax: (718) 254-6327
Email: carrie.capwell@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James M. Miskiewicz**
United States Attorneys Office
610 Federal Plaza
Central Islip, NY 11722
631-715-7841
Fax: 631-715-7920
Email: james.miskiewicz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sean C Flynn**
U.S. Attorney's Office
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
Fax: 718-254-6076
Email: sean.flynn@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2008 | 1 | SEALED INDICTMENT as to Christian Gerold Tarantino (1) count(s) 1, 2, 3, 4. (Attachments: # 1 Information Sheet, # 2 Calendar Minutes) (Romano, Daniel) Modified on 9/24/2008 (Romano, Daniel). (Additional attachment(s) added on 9/24/2008: # 1 Information Sheet, # 2 Calendar Minutes) (Romano, Daniel). (Entered: 09/23/2008) |
| 09/24/2008 | 2 | MOTION to Unseal Case by USA as to Christian Gerold Tarantino. (Mahon, Cinthia) (Entered: 09/24/2008) |
| 09/24/2008 | 3 | ORDER granting 2 Motion to Unseal Case as to Christian Gerold Tarantino (1). Ordered by Judge Joanna Seybert on 9/24/08. (Mahon, Cinthia) (Entered: 09/24/2008) |
| 09/24/2008 | 4 | Letter *requesting pre-trial detention* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 09/24/2008) |
| 09/24/2008 | 7 | NOTICE OF ATTORNEY APPEARANCE: Attorney James R. Froccaro appearing for Dft Christian Gerold Tarantino. (Valle, Christine) (Entered: 09/30/2008) |
| 09/24/2008 | 8 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Arraignment as to Christian Gerold Tarantino (1) held on 9/24/2008. Dft present in custody with retained counsel James Froccaro. Govt: James Miskiewicz. Case called. First Appearance as to Christian Gerold Tarantino |

|  |  | Miskiewicz. Case called. First Appearance as to Christian Gerold Tarantino held on 9/24/2008. Dft arraigned, waives reading of the Indictment, and enters a Not Guilty Plea to all Charges. Case adjourned for status conference on 11/21/2008 at 2:00PM before Judge Joanna Seybert. Dft continued in custody. Order of detention issued. Speedy trial time excluded through 11/21/08 due to complexity of case and death penalty procedures. Court Reporter: P. Lombardi. (Valle, Christine) (Entered: 09/30/2008) |
| --- | --- | --- |
| 09/24/2008 | 9 | ORDER OF DETENTION PENDING TRIAL as to Christian Gerold Tarantino. Signed by Judge Joanna Seybert on 9/24/08. (Valle, Christine) (Entered: 09/30/2008) |
| 09/29/2008 | 5 | NOTICE OF ATTORNEY APPEARANCE: James R. Froccaro appearing for Christian Gerold Tarantino (Froccaro, James) (Entered: 09/29/2008) |
| 09/29/2008 | 6 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 09/29/2008) |
| 09/29/2008 | 11 | CJA 30: Appointment of Attorney David A. Ruhnke for Dft Christian Gerold Tarantino in Death Penalty Proceedings as to Dft Christian Gerold Tarantino. Signed by Judge Joanna Seybert on 9/29/08. (Valle, Christine) (Entered: 10/08/2008) |
| 10/02/2008 | 10 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 10/02/2008) |
| 10/21/2008 | 12 | Mail receipt (Froccaro, James) (Entered: 10/21/2008) |
| 10/24/2008 | 13 | Letter *pursuant to Rule 16* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 10/24/2008) |
| 10/28/2008 |  | ORDER as to Christian Gerold Tarantino re: 12 (identified on the docket as "Mail receipt", but actually a Letter or Letter Motion). Defense motion is granted to the extent that the Government has complied with such request, as evidenced in its Rule 16 letter dated Octover 24, 2008 13 . If further discovery is sought, defense counsel is directed to notify the Court. Ordered by Judge Joanna Seybert on 10/27/2008. (Baran, Charles) (Entered: 10/28/2008) |
| 11/16/2008 | 14 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/16/2008) |
| 11/17/2008 | 15 | Letter *transmitting supplemental discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/17/2008) |
| 11/18/2008 | 16 | Letter *re date for submission of mitigation materials to the United States Attorney* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 11/18/2008) |
| 11/21/2008 | 17 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/21/2008. Status Conference set for 5/22/2009 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter M Steiger) (Baran, Charles) (Entered: 11/21/2008) |
| 12/10/2008 | 18 | Letter *regarding Rule 16 discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/10/2008) |
| 01/11/2009 | 20 | CJA 30: Appointment of Attorney John S. Wallenstein for Christian Gerold Tarantino in Death Penalty Proceedings as to Christian Gerold Tarantino. |

| | | Signed by Judge Joanna Seybert on 1/11/09. (Valle, Christine) (Entered: 01/21/2009) |
|---|---|---|
| 01/20/2009 | 19 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/20/2009) |
| 01/22/2009 | 24 | Letter *responding to 1/20/09 demand for Brady material* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 01/22/2009) |
| 01/26/2009 | 25 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/26/2009) |
| 03/24/2009 | 27 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino - Voucher # 090317000004. Ordered by Judge Joanna Seybert on 3/16/2009. (Rios, Laura) (Entered: 03/24/2009) |
| 04/04/2009 | 28 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 04/04/2009) |
| 04/14/2009 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 4/22/2009 at 2:30pm in Courtroom 1030 before Judge Joanna Seybert. Mr. Miskiewicz and Mr. Ruhnke have confirmed all counsel's availability by e-mail. (Baran, Charles) (Entered: 04/14/2009) |
| 04/21/2009 | 29 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 04/21/2009) |
| 04/21/2009 | 30 | Letter *responding to defense counsel's discovery demands* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/21/2009) |
| 04/22/2009 | 32 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 4/22/2009. Status Conference set for 6/5/2009 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 04/22/2009) |
| 04/22/2009 | | Pursuant to the 4/22/09 e-mail from AUSA Capwell: Attorney update in case as to Christian Gerold Tarantino. Attorney Carrie Nicole Capwell for USA added. (Vaughn, Terry) (Entered: 04/22/2009) |
| 04/23/2009 | 33 | Letter *regarding hair sample notice* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/23/2009) |
| 04/24/2009 | 34 | Letter *clarifying notice regarding forensic evidence* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/24/2009) |
| 04/27/2009 | 35 | Letter *re mtDNA testing* as to Christian Gerold Tarantino (Attachments: # 1 Atttachment-CV) (Ruhnke, David) (Entered: 04/27/2009) |
| 04/30/2009 | 36 | Letter as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/30/2009) |
| 05/04/2009 | | ORDER as to Christian Gerold Tarantino re: 36 Letter. Application GRANTED. Ordered by Judge Joanna Seybert on 5/1/2009. (Baran, Charles) (Entered: 05/04/2009) |
| 05/11/2009 | 37 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 05/11/2009) |
| 05/22/2009 | 39 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 05/22/2009) |

| 06/04/2009 | 40 | Letter *confirming adjournment of status conference* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 06/04/2009) |
|---|---|---|
| 06/04/2009 | | ORDER as to Christian Gerold Tarantino re: 40 Letter. Status Conference set for 9/10/2009 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Speedy trial time is excluded. Ordered by Judge Joanna Seybert on 6/4/2009. (Baran, Charles) (Entered: 06/04/2009) |
| 06/29/2009 | 42 | Letter *from the government to James Froccaro, Esq. providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/29/2009) |
| 08/05/2009 | 45 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 090728000001.. Ordered by Judge Joanna Seybert on 7/24/2009. (Rios, Laura) (Entered: 08/05/2009) |
| 09/02/2009 | 46 | Letter *requesting an adjournment of the September 10, 2009 status conference, on consent of the parties,* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 09/02/2009) |
| 09/06/2009 | 47 | Letter *jointly requesting adjournment of conference* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 09/06/2009) |
| 09/08/2009 | | ORDER as to Christian Gerold Tarantino re: 46 , 47 Letters: Status Conference adjourned to 11/13/2009 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Speedy trial time is excluded. Ordered by Judge Joanna Seybert on 9/8/2009. (Baran, Charles) (Entered: 09/08/2009) |
| 09/20/2009 | 48 | Letter *re status of capital review process* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 09/20/2009) |
| 11/09/2009 | 51 | Letter *requesting timetable for capital authorization process* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 11/09/2009) |
| 11/10/2009 | 52 | Letter as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/10/2009) |
| 11/12/2009 | | ORDER as to Christian Gerold Tarantino re: 52 Letter, GRANTING request for adjournment of appearance, with consent of defense. Mr. Ruhnke has further consented to delay the Court's review of a letter recently received from Mr. Tarantino. As the Court is not available on the date requested, COUNSEL SHALL CONFER AND CHOOSE FROM 12/7, 12/8, OR 12/9/2009 AT 2:00PM, and advise chambers. Ordered by Judge Joanna Seybert on 11/12/2009. (Baran, Charles) (Entered: 11/12/2009) |
| 11/25/2009 | 55 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 091103000007. Ordered by Judge Joanna Seybert on 10/30/2009. (Rios, Laura) (Entered: 11/25/2009) |
| 12/08/2009 | 57 | Letter *requesting schedule for capital review process and pre-trial motions* as to Christian Gerold Tarantino (Attachments: # 1 CJA Guideline) (Ruhnke, David) (Entered: 12/08/2009) |
| 12/08/2009 | 58 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/8/2009. Status Conference or Oral Argument set for 5/7/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. Motions to be made by 3/1/2010; Response by Government by 3/31/2010; Reply if any by 4/15/2010. The Court establishes a deadline of 3/31/2010 for a decision by the Justice Dept. re: capital |

| | | |
|---|---|---|
| | | prosecution. (Court Reporter O. Wicker) (Baran, Charles) (Entered: 12/08/2009) |
| 12/29/2009 | 60 | Letter from Carrie Capwell to Judge Seybert dated 12/29/09 Re: To request that the Court endorse the enclosed subpoenas pursuant to Rule 17 of the Federal Rules of Criminal Procedure as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 01/11/2010) |
| 02/13/2010 | 68 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/13/2010) |
| 02/18/2010 | 69 | Consent MOTION for Extension of Time to File *defendant's pre-trial motions and to extrend response times* by Christian Gerold Tarantino. (Ruhnke, David) (Entered: 02/18/2010) |
| 02/18/2010 | 70 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100126000003. Ordered by Judge Joanna Seybert on 1/26/2010. (Rios, Laura) (Entered: 02/18/2010) |
| 02/19/2010 | | ORDER granting 69 Motion for Extension of Time to File as to Christian Gerold Tarantino. Proposed briefing schedule is adopted. Oral Argument is adjourned from 5/7/2010 to 5/21/2010 at 2:00pm. Ordered by Judge Joanna Seybert on 2/19/2010. (Baran, Charles) (Entered: 02/19/2010) |
| 02/19/2010 | | Set/Reset Hearings as to Christian Gerold Tarantino: Oral Argument and Status Conference set for 5/21/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 02/19/2010) |
| 02/22/2010 | 71 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/22/2010) |
| 03/30/2010 | 74 | Letter *notice regarding decision not to seek capital punishment* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 03/30/2010) |
| 04/05/2010 | 75 | MOTION to Dismiss *and other pretrial motions* by Christian Gerold Tarantino. (Attachments: # 1 Affidavit in Support of Pretrial Motions, # 2 Memorandum in Support of Pretrial Motions) (Froccaro, James) (Entered: 04/05/2010) |
| 04/08/2010 | 76 | CJA 30: Authorization to Pay David Ruhnke in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100329000006. Ordered by Judge Joanna Seybert on 3/29/2010. (Rios, Laura) (Entered: 04/08/2010) |
| 04/27/2010 | 77 | Letter *from the government to the Honorable Joanna Seybert requesting an extension of time to respond to the defendant's pretrial motions* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/27/2010) |
| 04/28/2010 | | ORDER as to Christian Gerold Tarantino re: 77 Letter: Proposed briefing schedule is adopted. Oral Argument is adjourned from 5/21/2010 to 7/16/2010 at 2:00pm. Ordered by Judge Joanna Seybert on 4/28/2010. (Baran, Charles) (Entered: 04/28/2010) |
| 05/07/2010 | 78 | CJA 30: Authorization to Pay David Ruhnke, Esq. in Death Penalty Proceedings as to Christian Gerold Tarantino Voucher # 100420000004. Ordered by Judge Joanna Seybert on 4/16/2010. (Fernandez, Erica) (Entered: 05/07/2010) |
| 06/16/2010 | | NOTICE OF HEARING (DATE CHANGE) as to Christian Gerold Tarantino: Due to a conflict which has arisen in the Court's calendar, the Motion Hearing, previously set for 7/16/2010, is changed to 7/23/2010 at |

Eastern District of New York – LIVE Database V6.1

11/9/14, 10:18 AM

| | | |
|---|---|---|
| | | 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 06/16/2010) |
| 06/18/2010 | 81 | MEMORANDUM in Opposition re 75 MOTION to Dismiss *and other pretrial motions* (Miskiewicz, James) (Entered: 06/18/2010) |
| 06/22/2010 | 82 | Letter *responding to supplemental discovery request* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 06/22/2010) |
| 06/27/2010 | 83 | Letter *ADJOURNMENT REQUEST* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 06/27/2010) |
| 07/04/2010 | 84 | Letter *AS TO ADJOURNMENT REQUEST* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/04/2010) |
| 07/06/2010 | | ORDER as to Christian Gerold Tarantino re: 83 , 84 Letters. Motion Hearing set for 7/30/2010 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 7/6/2010. (Baran, Charles) (Entered: 07/06/2010) |
| 07/08/2010 | 85 | NOTICE OF ATTORNEY APPEARANCE: Diarmuid White appearing for Christian Gerold Tarantino (White, Diarmuid) (Entered: 07/08/2010) |
| 07/08/2010 | 86 | REPLY TO RESPONSE to Motion re 75 MOTION to Dismiss *and other pretrial motions* (Attachments: # 1 Exhibit Letter to FBI) (White, Diarmuid) (Entered: 07/08/2010) |
| 07/29/2010 | 87 | STATUS REPORT by Christian Gerold Tarantino, Letter *requesting determination re status of appointed counsel* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 07/29/2010) |
| 07/30/2010 | 88 | Letter *from the government providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 07/30/2010) |
| 07/30/2010 | 89 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 7/30/2010 re: 75 MOTION to Dismiss and other pretrial motions filed by Christian Gerold Tarantino. Argument heard. Decision reserved. Evidentiary Hearing set for 12/13/2010 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection set for 1/18/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Attorneys Ruhnke and Wallenstein, appointed under C.J.A. for the potential capital defense, are relieved. (Court Reporter S. Picozzi) (Baran, Charles) (Entered: 07/30/2010) |
| 07/30/2010 | | Attorney update in case as to Christian Gerold Tarantino. Attorneys David A. Ruhnke and John S. Wallenstein terminated. (Baran, Charles) (Entered: 07/30/2010) |
| 08/04/2010 | 90 | Letter *from the government to the Honorable Joanna Seybert providing materials requested by the Court at the July 30, 2010 court appearance* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/04/2010) |
| 08/06/2010 | 91 | Letter *responding to Government's letter of August 4, 2010 (Document # 90)* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 08/06/2010) |
| 10/05/2010 | 92 | NOTICE OF ATTORNEY APPEARANCE: Michael Rosen appearing for Christian Gerold Tarantino (Rosen, Michael) (Entered: 10/05/2010) |
| 10/06/2010 | 93 | Letter *from the government providing supplemental discovery* as to Christian |

| | | Gerold Tarantino (Capwell, Carrie) (Entered: 10/06/2010) |
|---|---|---|
| 10/26/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a change in the Court's availability, the Evidentiary Hearing is rescheduled to start 12/20/2010 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 10/26/2010) |
| 11/03/2010 | 94 | Letter *from the government, dated November 3, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/03/2010) |
| 11/08/2010 | 95 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/08/2010) |
| 11/08/2010 | | Pursuant to the 11/8/10 e-mail from AUSA Flynn: Attorney update in case as to Christian Gerold Tarantino. Attorney Sean C Flynn for USA added. (Vaughn, Terry) (Entered: 11/08/2010) |
| 11/09/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference re: Letter 95 set for 11/12/2010 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 11/09/2010) |
| 11/12/2010 | 96 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/12/2010. Evidentiary Hearing set for 12/20/2010 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection set for 1/25/2011 at 9:30am (questionnaires) and 2/1/2011 at 9:30am (voir dire) in Courtroom 1030 before Judge Joanna Seybert. All pretrial deadlines delayed two weeks. (Court Reporter E. Combs) (Baran, Charles) (Entered: 11/12/2010) |
| 11/29/2010 | 97 | Letter *REGARDING DEFENSE DISCOVERY ISSUES* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 11/29/2010) |
| 11/29/2010 | 98 | Letter *from the government to the Hon. Joanna Seybert, dated November 29, 2010, moving in limine for the introduction of evidence at trial, in the government's case-in-chief, of other crimes and bad acts committed by the defendant* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/29/2010) |
| 12/01/2010 | 99 | Letter *re: U.S. In Limine Motions and Suppression Issue* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/01/2010) |
| 12/02/2010 | 100 | Letter *(copy) correcting 2 typographical errors in Document # 99* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/02/2010) |
| 12/03/2010 | 101 | Letter *dated December 3, 2010 from the government to defense counsel providing name of individual who might have information helpful to the defense* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/03/2010) |
| 12/06/2010 | 102 | Letter *regarding 12/20/10 Mastrangelo hearing* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 12/06/2010) |
| 12/07/2010 | 103 | MOTION to Quash *Defense Subpoena Duces Tecum to Nassau County District Attorney's Office* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/07/2010) |
| 12/08/2010 | 104 | Second MOTION to Quash *Defense Subpoena Duces Tecum* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/08/2010) |

| 12/08/2010 | 105 | Letter *from the government, dated December 8, 2010, responding to the defendant's November 29, 2010 discovery demands* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/08/2010) |
| 12/09/2010 | 106 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/09/2010) |
| 12/09/2010 | 107 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/09/2010) |
| 12/10/2010 | 108 | Letter *from the government, dated December 10, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/10/2010) |
| 12/13/2010 | 109 | Letter *dated December 13, 2010, from the government, requesting, on consent of the parties, that the Court sign the attached proposed order pertaining to 3500 material* as to Christian Gerold Tarantino (Attachments: # 1 Proposed Order) (Capwell, Carrie) (Entered: 12/13/2010) |
| 12/13/2010 | 110 | Letter *responding to Government's In Limine submission* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit A Handwriting analysis report, # 2 Exhibit B Ballistics analysis report) (White, Diarmuid) (Entered: 12/13/2010) |
| 12/13/2010 | 111 | MOTION in Limine *and Memorandum of Law in Support of the Admission of Statements Pursuant to U.S. v. Mastrangelo and Fed.R.Evid. 804(b)(6)* by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 12/13/2010) |
| 12/13/2010 | 112 | ORDER as to CHRISTIAN GEROLD TARANTINO - 1. All 18 U.S.C. 3500 material and copies thereof shall be returned to the Government at the close of trial. 2. The defendant and defense counsel are prohibited from disclosing or disseminating any Section 3500 material or copies thereof to anyone other than the defendant, his counsel, or investigators or staff assisting defense counsel. Any such staff shall be informed of, and shall be bound by, the entirety of this Order. 3. The defendant is prohibited from taking Section 3500 material, or copies thereof, into any jail facility, or possessing such material or copies in any such facility, except when reviewing the material in the presence of his defense counsel or staff assisting defense counsel. Signed by Senior Judge Joanna Seybert on 12/13/2010. (Coleman, Laurie) Modified on 12/15/2010 to reflect that the Order herein was signed by Judge Seybert and not Judge Spatt as previously indicated. (Coleman, Laurie). (Entered: 12/14/2010) |
| 12/14/2010 | 113 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/14/2010) |
| 12/14/2010 | 114 | Letter *from the government, dated December 14, 2010, opposing defendant's request to be transferred to the Nassau County Jail* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/14/2010) |
| 12/14/2010 | 115 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 12/14/2010) |
| 12/15/2010 | 116 | MEMORANDUM AND ORDER denying in part 75 Motion to Dismiss as to Christian Gerold Tarantino. The Court will resolve all outstanding discovery requests and disputes separately. ( Ordered by Judge Joanna Seybert on 12/15/2010.) c/m c/ecf (Fagan, Linda) (Entered: 12/16/2010) |

| 12/16/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 12/17/2010 at 2:00pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/16/2010) |
|---|---|---|
| 12/17/2010 | 117 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/17/2010. Evidentiary Hearing set for 2/14/2011 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection (questionnaires completed) set for 3/14/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Jury Selection (start of voir dire) set for 3/21/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 12/20/2010) |
| 12/20/2010 | | NOTICE OF HEARING as to Christian Gerold Tarantino (DATE CHANGES): The Jury Selection schedule established at the 12/17/2010 conference is amended by one day as follows: Completion of questionnaires set for Tue. 3/15/2011 at 9:30am before Judge Joanna Seybert. Start of voir dire set for Tue. 3/22/2011 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/20/2010) |
| 12/22/2010 | 118 | Letter *from the government, dated December 22, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/22/2010) |
| 12/23/2010 | 119 | Letter *from the government, dated December 23, 2010, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/23/2010) |
| 12/23/2010 | 120 | Letter *from the government, dated December 23, 2010, providing the defendant with expert witness notice* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/23/2010) |
| 12/30/2010 | 126 | Letter *responding Daubert issues raised by letter of 12/13/10* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/30/2010) |
| 12/31/2010 | 127 | Letter *dated December 31, 2010 replying to defense letter dated December 13, 2010 regarding government's motion in limine to admit evidence of other crimes and acts* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/31/2010) |
| 01/05/2011 | 134 | Letter *regarding Memorandum and Order filed 12/15/10* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/05/2011) |
| 01/05/2011 | 135 | PRETRIAL MEMORANDUM *Government's Motion and Memorandum of Law in Support of its Motion for an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/05/2011) |
| 01/06/2011 | 136 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 01/06/2011) |
| 01/07/2011 | 137 | Letter *objecting to anonymous jury* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/07/2011) |
| 01/07/2011 | 138 | Letter *from the government to defense counsel, dated January 7, 2011, providing supplemental discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/07/2011) |
| 01/13/2011 | 139 | Letter *from the government, dated January 13, 2011, regarding sealed Court* |

| | | |
|---|---|---|
| | | *Order dated January 3, 2011* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/13/2011) |
| 01/13/2011 | 140 | AFFIDAVIT by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 01/18/2011) |
| 01/19/2011 | 141 | Letter *from the government, dated January 19, 2011, providing additional 3500 exhibits to defense counsel* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/19/2011) |
| 01/19/2011 | 142 | ORDER as to Christian Gerold Tarantino Re: 139 Letter - Application GRANTED. So Ordered by Judge Joanna Seybert on 1/19/2011. C/ECF (Valle, Christine) (Entered: 01/20/2011) |
| 01/20/2011 | 144 | Letter *from the United States concerning submission of proposed juror questionnaire* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/20/2011) |
| 01/21/2011 | 145 | MEMORANDUM & ORDER - Pending before the Court is the Governments January 5, 2011 motion for an anonymous jury. For substantially the same reasons set forth in its motion, the Governments request is GRANTED. The Government outlined strong reasons why extra precautions are warranted in this case, including that the Defendant is allegedly responsible for two obstruction of justice murders, one of which was allegedly committed by an associate acting on the Defendants behalf. The Defendant is facing a life sentence, and his present incarceration is no guarantee that he will not attempt to obstruct justice through contacts outside of jail. See, e.g., United States v. Gotti, 459 F.3d 296, 345-46 (2d Cir. 2006). The Court will empanel an anonymous jury, taking care to safeguard the Defendants constitutional right to a fair and impartial trial. See id. The names, addresses and places ofemployment of prospective jurors will not be revealed to either the parties or their attorneys. The Jury Questionnaire will advise prospective jurors of the anonymous nature of the jury, direct them not to discuss their potential jury service, and explain that these precautions are commonly taken to shield prospective jurors from unwanted attention that sometimes accompanies high-profile prosecutions. See United States v. Thai, 29 F.3d 785, 801 (2d Cir.1994). The jury will also park and enter the courthouse apart from the general public. From the time each juror survives any challenges for cause and peremptory challenges, the jurors will be directed to park their vehicles in the federal employee parking lot and to enter and exit the courthouse using the employee entrance. The Court understands that the United States Marshals Service can accommodate these special procedures; the Government is directed to alert the Marshals Service to this Order. Also, inasmuch as they will share a parking lot during the trial, the prosecutors and case agents assigned to this matter are advised to take special care toavoid contact with the jurors. Signed by Judge Joanna Seybert on 1/21/2011. (Coleman, Laurie) (Coleman, Laurie) (Entered: 01/21/2011) |
| 01/27/2011 | 146 | Letter *requesting closing Mastrangelo hearing to press and public* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/27/2011) |
| 01/27/2011 | 147 | Letter *(corrected) requesting closing Mastrangelo hearing to press and public* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 01/27/2011) |

| Date | # | Description |
|---|---|---|
| 01/31/2011 | 148 | Letter *from the government, dated January 31, 2011, providing summaries of expert witness testimony* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 01/31/2011 | 149 | Letter *from the government, dated January 31, 2011, providing supplemental 3500 material for the February 14, 2011 Mastrangelo hearing, as well as supplemental Rule 16 discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 01/31/2011 | 150 | Letter *from the government, dated January 31, 2011, providing supplemental 3500 as to witness G.F.* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/31/2011) |
| 02/03/2011 | 151 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/03/2011) |
| 02/03/2011 | 152 | Letter *from the government, dated February 3, 2011, opposing the defendant's request for an adjournment of the Mastrangelo hearing and trial* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit) (Capwell, Carrie) (Entered: 02/03/2011) |
| 02/03/2011 | 153 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/03/2011) |
| 02/04/2011 | 154 | MEMORANDUM & ORDER - Pending before the Court is the Defendant's request for a three-week adjournment to review consensual body recordings made by a cooperating witness under the FBI's supervision (Docket Entry 151). For the reasons set forth herein, the Defendant's request for an adjournment is DENIED as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 2/4/2011. C/ECF (Valle, Christine) (Entered: 02/04/2011) |
| 02/07/2011 | 155 | Letter *from the government, dated February 7, 2011, providing supplemental 3500 and Rule 16 materials* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/07/2011) |
| 02/07/2011 | 156 | Letter *in opposition to defendant's motion to close the Mastrangelo hearing* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/07/2011) |
| 02/08/2011 | 157 | Letter *replying to Government's opposition to closure* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 02/08/2011) |
| 02/08/2011 | 158 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - For the reasons set forth herein, the Defendant's request to bar the press and public from the upcoming Mastrangelo hearing is DENIED. So Ordered by Judge Joanna Seybert on 2/8/11. C/ECF (Valle, Christine) (Entered: 02/09/2011) |
| 02/10/2011 | 159 | Letter *re: sealing Mastrangelo decision* as to Christian Gerold Tarantino (White, Diarmuid) (Entered: 02/10/2011) |
| 02/11/2011 | 164 | MEMORANDUM & ORDER - In accordance with the discussion herein, the Court will produce the Gargiulo psychiatric records to both parties at Monday's hearing. Also at Monday's hearing, the Government shall produce (1) paragraphs 5, 6, and 7 on page four of Peter Pistone's pre-sentence report; (2) the names of individuals who supplied information for Peter Pistone's pre-sentence report; and (3) the Information to which Peter Pistone pled guilty. The Fatato family court records will not be disclosed. So Ordered by Judge Joanna Seybert on 2/11/2011. C/ECF (Valle, Christine) |

| | | (Entered: 02/11/2011) |
|---|---|---|
| 02/12/2011 | 165 | Letter *from the government, dated February 12, 2011, providing Brady material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/12/2011) |
| 02/13/2011 | 166 | Letter *motion opposing defendant's anticipated request to delay cross examination of government witness Robert Schelhorn, FBI* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/13/2011) |
| 02/13/2011 | 167 | Letter *RESPONSE* as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 02/13/2011) |
| 02/14/2011 | 168 | Letter *from the government, dated February 14, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/14/2011) |
| 02/14/2011 | 169 | Letter *AMENDED, from the government, dated February 14, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/14/2011) |
| 02/14/2011 | 170 | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary (Mastrangelo) Hearing as to Christian Gerold Tarantino held on 2/14/2011. (Court Reporters E. Combs; H. Rapaport) (Baran, Charles) (Entered: 02/14/2011) |
| 02/15/2011 | 171 | Letter *from the government, dated February 15, 2011, providing Giglio material* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/15/2011) |
| 02/15/2011 | 172 | Letter *from the government, dated February 15, 2011, providing plea agreement of Joseph Pistone* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 02/15/2011) |
| 02/15/2011 | 173 | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/15/2011. (Court Reporters E. Combs, H. Rapaport) (Baran, Charles) (Entered: 02/15/2011) |
| 02/16/2011 | 174 | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/16/2011. (Court Reporters E. Combs, H. Rapaport) (Baran, Charles) (Entered: 02/16/2011) |
| 02/17/2011 | 175 | Minute Entry for proceedings held before Judge Joanna Seybert:Evidentiary Hearing as to Christian Gerold Tarantino held on 2/17/2011. Hearing to resume 2/22/2011 at 10:00am. (Court Reporters E. Combs, P. Auerbach) (Baran, Charles) (Entered: 02/17/2011) |
| 02/22/2011 | 176 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/22/2011. (Court Reporters E. Combs; P. Auerbach) (Baran, Charles) (Entered: 02/22/2011) |
| 02/23/2011 | 177 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/23/2011. Hearing concludes. Decision reserved. (Court Reporter E. Combs) (Baran, Charles) (Entered: 02/23/2011) |
| 02/23/2011 | 178 | Letter *regarding Government Exhibit KM1* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/23/2011) |
| 02/27/2011 | 179 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: |

| | | |
|---|---|---|
| 02/27/2011 | 179 | Letter as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/27/2011) |
| 03/01/2011 | 180 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/01/2011 | 181 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/01/2011 | 182 | Letter *opposing request for trial delay* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 03/01/2011) |
| 03/01/2011 | 183 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/01/2011) |
| 03/02/2011 | 184 | Minute Entry for proceedings held before Judge Joanna Seybert:Telephone Conference as to Christian Gerold Tarantino held on 3/2/2011. Adjournment request (docket entry 180 ) denied. (Court Reporters P. Lombardi, P. Auerbach) (Baran, Charles) (Entered: 03/02/2011) |
| 03/08/2011 | 186 | Letter *from the government, dated March 7, 2011, providing additional 3500 material and a list of 3500 exhibits* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/08/2011) |
| 03/10/2011 | 187 | Letter as to Christian Gerold Tarantino (Rosen, Michael) (Entered: 03/10/2011) |
| 03/11/2011 | 188 | Minute Entry for proceedings held before Judge Joanna Seybert:Status Conference as to Christian Gerold Tarantino held on 3/11/2011. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 03/11/2011) |
| 03/11/2011 | 190 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Pending before the Court are the Defendant's February 27, 2011 objections to the Government's proposed jury questionnaire. The proposed questionnaire has been modified to strike "related" in the first paragraph of the "Summary of the Charges," and the Court has added a question asking whether testimony that the Defendant's previous incarceration would cause potential jurors to be biased. (Question 47) The Defendant also asks the Court to add "or lack thereof" after "evidence" in Questions 48 and 58 (in the Government's original proposed questionnaire). Question 48 (now 49) recites the jury oath and will not be modified. Question 58 (now 59) did not contain the word evidence. The Court has inserted "or lack thereof" after "evidence" in the newly-numbered Questions 48, 50 and 60.So Ordered by Judge Joanna Seybert on 3/11/11. C/ECF (Valle, Christine) (Entered: 03/15/2011) |
| 03/13/2011 | 189 | Letter *from the government, dated March 13, 2011, requesting a Curcio hearing* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/13/2011) |
| 03/14/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference/Curcio inquiry re: Letter 189 set for 3/16/2011 at 1:45pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/14/2011) |
| 03/14/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference/Curcio inquiry is changed to 3/15/2011 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/14/2011) |

| 03/15/2011 | 191 | CJA 20 as to Christian Gerold Tarantino: Appointment of Attorney Edward P. Jenks for Christian Gerold Tarantino for the limited purpose of Curcio inquiry. Ordered by Judge Joanna Seybert on 3/15/2011. (Baran, Charles) (Entered: 03/15/2011) |
| --- | --- | --- |
| 03/15/2011 | 192 | Minute Entry for proceedings held before Judge Joanna Seybert: Curcio hearing held. After consultation with Mr. Jenks, the defendant, under oath, waives any conflict under Curcio. The Court accepts the waiver. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 03/15/2011) |
| 03/15/2011 | | Attorney update in case as to Christian Gerold Tarantino. Attorney Edward P. Jenks terminated. (Baran, Charles) (Entered: 03/15/2011) |
| 03/15/2011 | 193 | Letter *from the government, dated March 15, 2011, providing supplemental 3500 materials and Rule 16 discovery* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/15/2011) |
| 03/17/2011 | 194 | Minute Entry for proceedings held before Judge Joanna Seybert:Telephone Conference as to Christian Gerold Tarantino held on 3/17/2011. (Court Reporters P. Auerbach, H. Rapaport) (Baran, Charles) (Entered: 03/17/2011) |
| 03/22/2011 | 195 | Minute Entry for proceedings held before Judge Joanna Seybert:Voir Dire held on 3/22/2011 as to Christian Gerold Tarantino, to resume 3/23/2011 at 10:00am. (Court Reporters H. Rapaport; S. Picozzi) (Baran, Charles) (Entered: 03/22/2011) |
| 03/23/2011 | 196 | Minute Entry for proceedings held before Judge Joanna Seybert: Voir Dire and Jury Selection as to Christian Gerold Tarantino held on 3/23/2011. Jury Trial set for 3/28/2011 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/23/2011) |
| 03/23/2011 | 197 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Based on the foregoing, the Government's motion in limine to admit evidence of uncharged crimes and prior bad acts is GRANTED IN PART AND DENIED IN PART. The Defendant's motion to preclude the Government's ballistics and handwriting expert testimony is DENIED. So Ordered by Judge Joanna Seybert on 3/23/11. C/ECF (Valle, Christine) (Entered: 03/24/2011) |
| 03/24/2011 | 198 | Letter *from the government, dated March 23, 2011, providing supplemental discovery and Section 3500 materials* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/24/2011) |
| 03/24/2011 | 199 | MOTION in Limine by USA as to Christian Gerold Tarantino. (Miskiewicz, James) (Entered: 03/24/2011) |
| 03/24/2011 | | ORDER. Upon the Government's representation that its email system is not functioning, the Court provided AUSA Capwell a copy by hand of the decision 197 on the Government's Rule 404(b) motion. At that time, the Government requested until Saturday, March 26, 2011 to respond to the Defendant's letter dated February 7, 2011 (the "McKeon motion"). The Government shall respond, if at all, to the McKeon motion by noon on Friday, March 25, 2011. The Defendant shall reply, if at all, by noon on Saturday, March 26, 2011. Ordered by Judge Joanna Seybert on 3/24/2011. (Curley, John) (Entered: 03/24/2011) |
| 03/24/2011 | 201 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - Pending before the Court is the Government's March 22, 2011 on-the-record request |

| | | |
|---|---|---|
| | | that the Court issue a preliminary ruling on the authenticity of a tape recording (the "Gargiulo Tape") that the Government contends is a secretly-recorded conversation between the Defendant Christian Tarantino and Vincent Gargiulo, one of Tarantino's alleged victims. Subject to its introduction of evidence during trial concerning the integrity of the micro-cassette and the identity of the speakers, the Government may reference the Gargiulo Tape in its opening statement. So Ordered by Judge Joanna Seybert on 3/24/2011. (Valle, Christine) (Entered: 03/24/2011) |
| 03/24/2011 | 202 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 3/24/2011 settling 199 Motion in Limine.(Court Reporter O. Wicker) (Baran, Charles) (Entered: 03/24/2011) |
| 03/27/2011 | 205 | MEMORANDUM & ORDER as to Christian Gerold Tarantino - For the reasons set forth herein, the Defendant's motion to admit Mr. Conway's and Pistone's statements during Pistone's plea proceeding is GRANTED to the extent that he may introduce those statements to show that the Government once believed Pistone's information about the Dorval murder was truthful and that the Government's evidence supported Pistone's version of the killing. So Ordered by Judge Joanna Seybert on 3/27/11. C/ECF (Valle, Christine) (Entered: 03/28/2011) |
| 03/28/2011 | 206 | Minute Entry for proceedings held before Judge Joanna Seybert: Additional Voir Dire and Jury Selection as to Christian Gerold Tarantino held on 3/28/2011. Jury Trial as to Christian Gerold Tarantino commenced on 3/28/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/28/2011) |
| 03/29/2011 | 207 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 3/29/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/29/2011) |
| 03/30/2011 | 209 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 3/30/2011. Trial to resume 4/4/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 03/30/2011) |
| 04/04/2011 | 210 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/4/2011. (Court Reporters O. Wicker, S. Picozzi, M. Steiger) (Baran, Charles) (Entered: 04/04/2011) |
| 04/05/2011 | 212 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/5/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/05/2011) |
| 04/05/2011 | 213 | Letter *regarding subpoena to Melvyn K. Roth Esq.* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit Subpoena) (Miskiewicz, James) (Entered: 04/05/2011) |
| 04/06/2011 | 218 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/6/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/07/2011) |
| 04/07/2011 | 217 | ORDER OF TRANSPORTATION of jurors as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 4/7/2011. (Baran, Charles) (Entered: 04/07/2011) |

| 04/07/2011 | 219 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/7/2011. Defendant out sick; trial to resume 4/11/2011 at 9:30am. (Court Reporter H. Rapaport.) (Baran, Charles) (Entered: 04/07/2011) |
|---|---|---|
| 04/08/2011 | | ORDER. The Defendant's renewed motion to suppress the Gargiulo Tape on Title III grounds is DENIED. A written decision will follow. The Defendant's request for an evidentiary hearing is also DENIED. The Defendant has not indicated, using 3500 material, witness affidavits, or otherwise, that a hearing on this issue is warranted. Trial shall resume on Monday morning as scheduled. Ordered by Judge Joanna Seybert on 4/8/2011. (Curley, John) (Entered: 04/08/2011) |
| 04/10/2011 | 220 | Letter *motion seeking to admit certain statements during testimony of witness James Contacessa* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/10/2011) |
| 04/11/2011 | 221 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/11/2011. Trial to resume 4/20/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Main Document 221 replaced on 4/11/2011) (Baran, Charles). (Entered: 04/11/2011) |
| 04/19/2011 | 223 | MEMORANDUM AND ORDER. The Defendant's renewed motion to suppress the Gargiulo Tape on Title III grounds is DENIED. Ordered by Judge Joanna Seybert on 4/19/2011. (c/ECF) (Nohs, Bonnie) (Entered: 04/19/2011) |
| 04/20/2011 | 224 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/20/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/20/2011) |
| 04/21/2011 | 225 | CJA 20 as to Christian Gerold Tarantino: Authorization to Pay Edward Jenks. Voucher # 110406000213.. Ordered by Judge Joanna Seybert on 4/5/2011. (Rios, Laura) (Entered: 04/21/2011) |
| 04/21/2011 | 226 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/21/2011. Trial to resume 4/25/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/21/2011) |
| 04/25/2011 | 227 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/25/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/25/2011) |
| 04/25/2011 | 229 | ORDER - Subpoena to Testify issued to Andrew Carino as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) (Entered: 04/27/2011) |
| 04/25/2011 | 230 | ORDER - Subpoena issued to ATT Corp as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) (Entered: 04/27/2011) |
| 04/25/2011 | 237 | ORDER - Subpoena to Testify issued to Oliver Storch, Esq. as to Defendant Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 4/25/11. (Valle, Christine) (Entered: 05/05/2011) |
| 04/26/2011 | 228 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/26/2011. (Court Reporter H. |

| | | Rapaport) (Baran, Charles) (Entered: 04/26/2011) |
|---|---|---|
| 04/27/2011 | 231 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 4/27/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 04/27/2011) |
| 04/29/2011 | 232 | Letter *from the government to the Hon. Joanna Seybert, requesting that the proposed jury charge be amended* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/29/2011) |
| 04/29/2011 | 233 | Letter *Goverment's REQUESTS TO CHARGE, dated and originally submitted on April 22, 2011* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 04/29/2011) |
| 05/02/2011 | 234 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/2/2011. Defense counsel Mr. Froccaro out sick; trial adjourned. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/02/2011) |
| 05/02/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to counsel's health condition, the trial will not meet Tuesday 5/3/2011. (Baran, Charles) (Entered: 05/02/2011) |
| 05/04/2011 | 235 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/4/2011. (Baran, Charles) (Entered: 05/04/2011) |
| 05/04/2011 | 236 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/4/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/04/2011) |
| 05/05/2011 | 238 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/5/2011. (Baran, Charles) (Entered: 05/05/2011) |
| 05/05/2011 | 239 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/5/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/05/2011) |
| 05/06/2011 | 240 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/6/2011. (Baran, Charles) (Entered: 05/06/2011) |
| 05/06/2011 | 241 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/6/2011. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/06/2011) |
| 05/09/2011 | 242 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/9/2011. (Baran, Charles) (Entered: 05/09/2011) |
| 05/09/2011 | 243 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/9/2011. (Court Reporters H. Rapaport, D. Tursi) (Baran, Charles) (Entered: 05/09/2011) |
| 05/10/2011 | 244 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/10/2011. (Baran, Charles) (Entered: 05/10/2011) |
| 05/10/2011 | 245 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as |

| | | |
|---|---|---|
| | | to Christian Gerold Tarantino held on 5/10/2011. (Court Reporters D. Tursi, H. Rapaport) (Baran, Charles) (Entered: 05/10/2011) |
| 05/11/2011 | 246 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/11/2011. (Baran, Charles) (Entered: 05/11/2011) |
| 05/11/2011 | 247 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/11/2011. (Court Reporter D. Tursi) (Baran, Charles) (Entered: 05/11/2011) |
| 05/12/2011 | 248 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/12/2011. (Baran, Charles) (Entered: 05/12/2011) |
| 05/12/2011 | 249 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/12/2011. Trial to resume 5/16/2011 at 9:30am. (Court Reporters H. Rapaport, O. Wicker) (Baran, Charles) (Entered: 05/12/2011) |
| 05/16/2011 | 250 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/16/2011. (Baran, Charles) (Entered: 05/16/2011) |
| 05/16/2011 | 251 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/16/2011. (Court Reporters S. Picozzi, O. Wicker) (Baran, Charles) (Entered: 05/16/2011) |
| 05/17/2011 | 252 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/17/2011. (Baran, Charles) (Entered: 05/17/2011) |
| 05/17/2011 | 253 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/17/2011. (Court Reporters S. Picozzi, O. Wicker) (Baran, Charles) (Entered: 05/17/2011) |
| 05/18/2011 | 254 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/18/2011. (Baran, Charles) (Entered: 05/18/2011) |
| 05/18/2011 | 255 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/18/2011 (Court Reporter S. Picozzi) (Baran, Charles) (Entered: 05/18/2011) |
| 05/19/2011 | 256 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/19/2011. (Baran, Charles) (Entered: 05/19/2011) |
| 05/19/2011 | 257 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/19/2011. Trial to resume 5/23/2011 at 9:30am. (Court Reporter H. Rapaport) (Baran, Charles) (Entered: 05/19/2011) |
| 05/23/2011 | 258 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/23/2011. (Baran, Charles) (Entered: 05/23/2011) |
| 05/23/2011 | 259 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 5/23/2011 at 9:30AM. |

| | | |
|---|---|---|
| | | Defendant Tarantino present in custody with retained counsel James Froccaro; Michael Rosen. Govt: Carrie Capwell; James Miskiewicz; Sean Flynn. Case called. Jury deliberates. Jury renders verdict of Guilty on Counts 1 and 2. Jury cannot render a verdict on Counts 3 and 4. Jury Selection and Trial set for 8/1/2011 at 9:30AM before Judge Joanna Seybert. Defendant continued in custody. Defense motions due within 30 days. Govt response due within 2 weeks thereafter. Court Reporter E. Combs. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 260 | WITNESS and EXHIBIT LIST by USA, Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 261 | COURT EXHIBITS 1-21 as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/26/2011) |
| 05/23/2011 | 262 | JURY VERDICT as to Christian Gerold Tarantino (1) Guilty on Count 1, 2. (Valle, Christine) (Entered: 05/26/2011) |
| 06/10/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 6/16/2011 at 11:00am in Courtroom 1030 before Judge Joanna Seybert, for the Court to consider counsel's request for alternate trial dates. (Baran, Charles) (Entered: 06/10/2011) |
| 06/16/2011 | 263 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 6/16/2011. Jury Selection set for 9/12/2011 or 11/28/2011 at 9:30am (depending on Judge Johnson's trial) in Courtroom 1030 before Judge Joanna Seybert. Defendants post-trial motion now due 6/29/2011. Government response due 7/13/2011. (Court Reporter P. Auerbach) (Baran, Charles) (Entered: 06/16/2011) |
| 06/22/2011 | 264 | PRETRIAL MEMORANDUM *Government's Motion for an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 06/22/2011) |
| 06/29/2011 | 265 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 06/29/2011) |
| 06/30/2011 | | ORDER GRANTING 265 . The Defendant's time to file Rule 33 motions, if any, is extended through July 8, 2011. The Government's time to oppose is extended through July 22, 2011. Ordered by Judge Joanna Seybert on 6/30/2011. (Curley, John) (Entered: 06/30/2011) |
| 07/30/2011 | 266 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/30/2011) |
| 07/31/2011 | 267 | Letter *CORRECTED RULE 33* as to Christian Gerold Tarantino (Froccaro, James) (Entered: 07/31/2011) |
| 08/08/2011 | 268 | Letter as to Christian Gerold Tarantino (Froccaro, James) (Entered: 08/08/2011) |
| 08/09/2011 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference re: Letter 268 set for 8/17/2011 at 1:30pm in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 08/09/2011) |
| 08/10/2011 | 269 | Letter *dated August 10, 2011 from the government to the Honorable Joanna Seybert requesting an extension of time to respond to defendant's Rule 33 motion* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/10/2011) |

| 08/11/2011 | | ORDER GRANTING 269 Request for Additional Time. The Government's time to respond to the Defendant's Rule 33 motion is extended at least through Wednesday, August 17. The Court will consider whether a further extension is warranted at Wednesday's conference, but the Government shall be prepared to file its response on that date. Ordered by Judge Joanna Seybert on 8/11/2011. (Curley, John) (Entered: 08/11/2011) |
|---|---|---|
| 08/15/2011 | 275 | NOTICE OF ATTORNEY APPEARANCE: Attorney Stephen Rosen appearing for Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/15/2011 | 276 | NOTICE OF ATTORNEY APPEARANCE: Attorney Frank Anthony Doddato appearing for Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/15/2011 | 277 | Letter from Stephen H. Rosen to Judge Seybert dated 8/15/11 Re: To advise the Court that attorney Frank Doddato and Stephen H. Rosen have been retained to represent Christian G. Tarantino in the upcoming trial resulting from the mistrial upon Counts 3 and 4 of the Indictment and replace present counsel who have moved to withdraw; to advise that counsel seeks to enter an appearance for the trial only, and not for any possible appeal as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/24/2011) |
| 08/17/2011 | 270 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 8/17/2011. Jury Selection set for 1/3/2012 at 9:30am in Courtroom 1030 before Judge Joanna Seybert. Government response to defendant's post-trial motion to be filed today. Defense reply due 8/29/2011. Application by prior defense counsel Froccaro and Michael Rosen (docket entry 268 ) to be relieved is granted. (Court Reporter D. Tursi) (Baran, Charles) (Entered: 08/17/2011) |
| 08/17/2011 | | Attorney update in case as to Christian Gerold Tarantino. Attorneys James R. Froccaro and Michael Rosen terminated. (Baran, Charles) (Entered: 08/17/2011) |
| 08/17/2011 | 271 | Letter *dated August 17, 2011, from the government to the Honorable Joanna Seybert in opposition to the defendant's motion to vacate his conviction on Count 2, pursuant to Rule 33* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 08/17/2011) |
| 08/24/2011 | 272 | Letter as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/24/2011 | 273 | NOTICE OF ATTORNEY APPEARANCE: Stephen Rosen appearing for Christian Gerold Tarantino (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/24/2011 | 274 | Letter MOTION for Extension of Time to File Response/Reply as to 271 Letter by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 08/24/2011) |
| 08/25/2011 | | ORDER GRANTING 274 Motion for Extension of Time to File Response/Reply as to Christian Gerold Tarantino. Defendant's reply is due on or before September 12, 2011. Ordered by Judge Joanna Seybert on 8/25/2011. (Curley, John) (Entered: 08/25/2011) |
| 09/12/2011 | 278 | REPLY TO RESPONSE to Motion re 274 Letter MOTION for Extension of Time to File Response/Reply as to 271 Letter (Rosen, Stephen) (Entered: |

| | | 09/12/2011) |
|---|---|---|
| 10/06/2011 | 280 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 10/6/2011. Status Conference set for 11/10/2011 at 11:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter HR) (Baran, Charles) (Entered: 10/06/2011) |
| 10/17/2011 | 281 | Letter *Anonymous Jury* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 10/17/2011) |
| 10/21/2011 | 282 | Letter *Government's Reply to the Defendant's Opposition to the Empanelment of an Anonymous Jury* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 10/21/2011) |
| 11/07/2011 | 284 | Letter MOTION to Disqualify Counsel *Miskiewicz* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/07/2011) |
| 11/07/2011 | 285 | Amended MOTION to Disqualify Counsel *Miskiewicz* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/07/2011) |
| 11/10/2011 | 287 | Letter *motion from the United States seeking order from the Court: scheduling Rule 32 proceedings; and permitting the admission of judgment and commitment order concerning counts one and two* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 11/10/2011) |
| 11/10/2011 | 288 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 11/10/2011. Government response to defense motion [284/285] is due 11/15/2011. Defense reply is due 11/21/2011. Defense opposition to Government letter/motion 287 is due 12/1/2011. (Court Reporter MS) (Baran, Charles) (Entered: 11/10/2011) |
| 11/15/2011 | 289 | MEMORANDUM in Opposition re 284 Letter MOTION to Disqualify Counsel *Miskiewicz*, 285 Amended MOTION to Disqualify Counsel *Miskiewicz* (Miskiewicz, James) (Entered: 11/15/2011) |
| 11/20/2011 | 290 | REPLY TO RESPONSE to Motion re 285 Amended MOTION to Disqualify Counsel *Miskiewicz* (Rosen, Stephen) (Entered: 11/20/2011) |
| 11/22/2011 | 291 | MEMORANDUM & ORDER denying 284 Motion to Disqualify Counsel as to Christian Gerold Tarantino (1); denying 285 Motion to Disqualify Counsel as to Christian Gerold Tarantino (1). The Court Orders the following: Defendant's motions to disqualify AUSA Miskiewicz (Docket Entries 284 & 285) are DENIED; the Government's request to preclude Defendant from offering the minutes from Joseph Pistone's plea proceeding (Docket Entry 289) is DENIED WITHOUT PREJUDICE; and if either party intends to move in limine concerning Defendant's ability to re-litigate the Baumgardt or Dorval murders, it shall do so by December 1, 2011. So Ordered by Judge Joanna Seybert on 11/22/2011. C/ECF (Valle, Christine) (Entered: 11/22/2011) |
| 11/23/2011 | 292 | EXHIBIT Re: 289 Memorandum, by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 11/30/2011) |
| 12/01/2011 | 293 | Letter MOTION in Limine by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 12/01/2011) |

| 12/02/2011 | 294 | Letter *to memorialize discovery issues* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/02/2011) |
|---|---|---|
| 12/05/2011 | 295 | Letter *Reply Concerning United States' Motion Seeking Order from the Court: Scheduling Rule 32 Proceedings; and Permitting the Admission of Judgment and Commitment Order Concerning Counts One and Two* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 12/05/2011) |
| 12/08/2011 | 296 | MEMORANDUM AND ORDER granting 293 Motion in Limine. For the foregoing reasons, the Government's motion (Docket Entry 287) is DENIED. The Defendant's motion (Docket Entry 293) is GRANTED to the extent that collateral estoppel does not prevent him from contesting his role in the Baumgardt and Dorval murders at the retrial. So Ordered by Judge Joanna Seybert on 12/8/2011. C/ECF (Valle, Christine) (Entered: 12/08/2011) |
| 12/09/2011 | 297 | Letter *dated December 9, 2011 from the government to the Hon. Joanna Seybert regarrding the Juror Questionnaire* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 12/09/2011) |
| 12/13/2011 | 298 | First MOTION to Compel *Production of Original Tape* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Rosen, Stephen) (Entered: 12/13/2011) |
| 12/15/2011 | 299 | RESPONSE in Opposition re 298 First MOTION to Compel *Production of Original Tape and Renewed 404(b) notice* (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 12/15/2011) |
| 12/15/2011 | 300 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 12/15/2011, granting 298 Motion to Compel as to Christian Gerold Tarantino. (Court Reporter PL) (Baran, Charles) (Entered: 12/15/2011) |
| 12/16/2011 | 301 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 12/16/2011. (Court Reporter HR) (Baran, Charles) (Entered: 12/16/2011) |
| 12/21/2011 | 303 | Letter *preliminary findings experts* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 12/21/2011) |
| 12/23/2011 | 304 | Letter *regarding trial scheduling* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/23/2011) |
| 12/27/2011 | | ORDER DENYING the Government's application 304 to set January 17, 2012 as the date for opening statements. Opening statements and the Government's case-in-chief shall begin immediately following jury selection. Ordered by Judge Joanna Seybert on 12/27/2011. (Curley, John) (Entered: 12/27/2011) |
| 12/28/2011 | 305 | Letter *Providing Supplemental Rule 16 discovery* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 12/28/2011) |
| 12/30/2011 | 306 | Letter MOTION to Exclude *Audio Tape* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Rosen, Stephen) (Entered: 12/30/2011) |
| 01/04/2012 | 307 | Minute Entry for proceedings held before Judge Joanna Seybert: Status |

| | | |
|---|---|---|
| | | Conference as to Christian Gerold Tarantino held on 1/4/2012. Status Conference set for 1/6/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter PA) (Baran, Charles) (Entered: 01/04/2012) |
| 01/05/2012 | 308 | Letter *filing government chronology referenced at status conference* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit Government's Chronology) (Miskiewicz, James) (Entered: 01/05/2012) |
| 01/05/2012 | 309 | Minute Entry for proceedings held before Judge Joanna Seybert:Status Conference as to Christian Gerold Tarantino held on 1/5/2012. (Court Reporter PA) (Baran, Charles) (Entered: 01/05/2012) |
| 01/06/2012 | 310 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 1/6/2012. Discovery deadlines placed on the record. Evidentiary Hearing set for 2/27/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Jury selection & trial rescheduled to 4/3/2012 (Questionnaires completed); 4/10/2012 at 10:00am (voir dire). Prospective jurors who completed questionnaires on 1/3/2012 are excused. (Court Reporter PA) (Baran, Charles) (Entered: 01/06/2012) |
| 01/06/2012 | 311 | Letter *scheduling retrival of reciprocal discovery per the Court's Order from Paul Ginsberg, Tom Owen and Norman Dotti* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 01/06/2012) |
| 01/11/2012 | 312 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 1/11/2012. Discovery rulings issued. (Court Reporter HR) (Baran, Charles) (Entered: 01/11/2012) |
| 01/12/2012 | 313 | Letter *from the United States requesting the issuance of a Subpoena* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 01/12/2012) |
| 01/12/2012 | 314 | Letter *requesting that the Court Order prior counsel to produce copies of the Gargiulo tape in their possession, custody or control* as to Christian Gerold Tarantino (Attachments: # 1 Proposed order) (Miskiewicz, James) (Entered: 01/12/2012) |
| 01/18/2012 | 315 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 1/18/2012. Discovery rulings placed on the record. Order to be issued. (Court Reporter HR) (Baran, Charles) (Entered: 01/18/2012) |
| 01/19/2012 | 316 | ORDER as to 314 Letter. Prior Counsel David Ruhnke and John Wallenstein are to produce to Chambers no later than 5 p.m., Jan. 30th, any and all copies in their custody, possession and control of the audio recording known as the Gargiulo micro-cassette audio tape, as made from the original by audio consultant, Paul Ginsberg of Professional Audio Labs, on or about July 7, 2009. Ordered by Judge Joanna Seybert on 1/19/2012. (c/ECF) (Nohs, Bonnie) (Entered: 01/19/2012) |
| 01/19/2012 | 317 | ORDER - SUBPOENA TO TESTIFY issued to Custodian of Records, Nassau County University Medical Center as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 1/19/12. (Valle, Christine) (Entered: 01/20/2012) |
| 01/20/2012 | | ORDER. The Court is in receipt of a DVD from defense counsel that contains audio and document files and a letter indicating that defense counsel believes some of these files are privileged. Defense counsel is |

|  |  | directed to submit, by 5:00 p.m. on Monday, January 23, 2012, a privilege log indicating which files he believes are privileged and the basis for asserting the privilege. Defense counsel may submit the log by email to the undersigned's law clerk for the Court's in camera review. Ordered by Judge Joanna Seybert on 1/20/2012. (Curley, John) (Entered: 01/20/2012) |
|---|---|---|
| 01/24/2012 | 318 | ORDER. A district court employee will copy the five files at 11:00 a.m. on Friday, January 27, 2012. Representatives from the Government and/or the Defendant may be present at the copying and should contact chambers on Friday morning to be escorted to the correct office. Because of an apparent technical glitch, the Court is unable to copy the sixth audio file, labeled "Transcribe version." Defense counsel is directed to copy this file onto a disc and produce it to the Government by Friday morning. Ordered by Judge Joanna Seybert on 1/24/2012. (c/ECF) (Nohs, Bonnie) (Entered: 01/24/2012) |
| 01/25/2012 | 319 | Letter *transdmitting materials in compliance with order of 1/19/2012* as to Christian Gerold Tarantino (Ruhnke, David) (Entered: 01/25/2012) |
| 02/01/2012 | 320 | Letter *Reconsideration of Disqualification of Prosecutor* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/01/2012) |
| 02/01/2012 | 321 | Letter *Demand for Reciprocal Discovery* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/01/2012) |
| 02/01/2012 |  | ORDER. The Court is in receipt of nine discs that were produced by Defendant's former counsel pursuant to the Court's January 19, 2012 Order. The Court has reviewed the pertinent sections and directs the following: The Government shall pick up the discs from Chambers and make two sets of copies--one for current Defense counsel and one for itself--and return the discs to Chambers. Ordered by Judge Joanna Seybert on 2/1/2012. (Curley, John) (Entered: 02/01/2012) |
| 02/14/2012 | 324 | Letter *in opposition to defendant's motion to reconsider denial of disqualification of government counsel, and in opposition for discovery* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 02/14/2012) |
| 02/15/2012 | 325 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 2/15/2012. Evidentiary Hearing set for 2/27/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Court denies defense motions (filed as letters 320 and 321 ) on the record. Defendant's pre-hearing brief, as described on the record, due 2/22/2012. (Court Reporter HR) (Baran, Charles) (Entered: 02/15/2012) |
| 02/22/2012 | 326 | ORDER. In anticipation of the upcoming evidentiary hearing, the Court directs that counsel for both parties shall stop copying the undersigned's staff on emails to each other and the Government shall make its expert, Kenneth Marr, available to testify beginning on Monday, February 27, 2012. Ordered by Judge Joanna Seybert on 2/22/2012. (c/ECF) (Nohs, Bonnie) (Entered: 02/22/2012) |
| 02/22/2012 | 327 | Letter *Brief Audio Tape* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 02/22/2012) |
| 02/22/2012 | 328 | MOTION to Quash *Ginsberg Subpoena* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 02/22/2012) |
| 02/24/2012 |  | ORDER DENYING WITHOUT PREJUDICE 328 Motion to Quash. The |

| | | |
|---|---|---|
| | | Defendant's motion to quash is denied without prejudice to renew. The Court will hear both parties' positions on Monday morning, including whether there is a substantial need for Ginsberg's testimony. Defense counsel is advised that Mr. Ginsberg is required to appear on Monday. Ordered by Judge Joanna Seybert on 2/24/2012. (Curley, John) (Entered: 02/24/2012) |
| 02/24/2012 | 329 | MEMORANDUM in Opposition re 328 MOTION to Quash *Ginsberg Subpoena*, 306 Letter MOTION to Exclude *Audio Tape* (Attachments: # 1 Exhibit Partial annotated transcript) (Miskiewicz, James) (Entered: 02/24/2012) |
| 02/27/2012 | 330 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/27/2012. Court reaffirms denial of Motion 328 .(Court Reporter HR) (Baran, Charles) (Entered: 02/27/2012) |
| 02/28/2012 | 332 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held on 2/28/2012. (Court Reporter HR) (Baran, Charles) (Entered: 02/28/2012) |
| 02/29/2012 | 333 | Minute Entry for proceedings held before Judge Joanna Seybert: Evidentiary Hearing as to Christian Gerold Tarantino held and completed on 2/29/2012. Post-hearing briefs to be filed by 3/7/2012 (defense) and 3/14/2012 (Government). Jury selection scheduled for 4/3/2012 (questionnaires completed). Defense consents to jury selection by Mag. Judge Lindsay: 4/6/2012 for Judge Lindsay to resolve any issues over juror questionnaires and 4/10/2012 at 10:00am for start of voir dire. Trial rescheduled to 4/23/2012 at 10:00am. (Court Reporter HR) (Baran, Charles) (Entered: 02/29/2012) |
| 03/07/2012 | 337 | PRETRIAL MEMORANDUM *IN SUPPORT OF MOTION TO EXCLUDE* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 03/07/2012) |
| 03/14/2012 | 338 | Letter *from the United States in Opposition to the Defendant's Motion to Exclude* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 03/14/2012) |
| 03/19/2012 | 339 | NOTICE of Subpoena to Testify to Metropolitan Detention Center; Attn: Walter Obando on 3/19/12 as to Defendant Christian Gerold Tarantino. (Valle, Christine) (Entered: 03/23/2012) |
| 03/26/2012 | 341 | ORDER denying 306 Motion to Exclude as to Christian Gerold Tarantino (1). Having considered the parties' briefs and the evidence adduced at the recent evidentiary hearing, the Court DENIES the Defendant's motion to exclude the Gargiulo Tape (Docket Entry 306). A written opinion will follow. Additionally, the Court received the two flash drives that Tom Owen, one of the Defendant's audio experts, referenced in his hearing testimony. The Government may pick the drives up from Chambers. So Ordered by Judge Joanna Seybert on 3/26/12. C/ECF (Valle, Christine) (Entered: 03/27/2012) |
| 03/27/2012 | 342 | Letter *motion of the United States seeking a pretrial order from the Court declaring certain business records to be self-authenticating and admissible at trial* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 03/27/2012) |
| 03/29/2012 | 344 | Letter *regarding juror questionnaires* as to Christian Gerold Tarantino |

| | | (Miskiewicz, James) (Entered: 03/29/2012) |
|---|---|---|
| 04/04/2012 | 345 | Letter *Defendant's Objection In Part To DE # 342* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 04/04/2012) |
| 04/09/2012 | 346 | Letter *regarding early disclosure of additional 3500 material and additional government exhibits* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 04/09/2012) |
| 04/09/2012 | 347 | Letter *from the Government to the Hon. Joanna Seybert, dated April 9, 2012, moving in limine for the introduction of evidence at trial, in the Government's case-in-chief, of other crimes and bad acts committed by the defendant* as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/09/2012) |
| 04/10/2012 | 361 | Minute Entry for proceedings held before Magistrate Judge Arlene R. Lindsay: Cr Cause for Voir Dire held on 4/10/2012 as to Christian Gerold Tarantino; Jury Selection as to Christian Gerold Tarantino held on 4/10/2012. Case called. Counsel for all sides present. Jury selection held. Jury Selection to continue on 4/11/2012 at 10:00AM before Magistrate Judge Arlene R. Lindsay. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/11/2012 | 362 | Minute Entry for proceedings held before Magistrate Judge Arlene R. Lindsay: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/11/2012. Case called. Counsel for all sides present. Jury selection held. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/18/2012 | 350 | Letter *Response 404B* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 04/18/2012) |
| 04/19/2012 | 356 | MOTION in Limine *to Suppress Illegal Interception* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit) (Rosen, Stephen) (Entered: 04/19/2012) |
| 04/19/2012 | 378 | Writ of Habeas Corpus ad Testificandum Issued as to Leshan Campbell for 5/7/12 in case as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/11/2012) |
| 04/20/2012 | 357 | MEMORANDUM in Opposition re 356 MOTION in Limine *to Suppress Illegal Interception and Government's Motions In Limine for Admission of Evidence and Exclusion of Evidence* (Miskiewicz, James) (Entered: 04/20/2012) |
| 04/23/2012 | 358 | ORDER OF TRANSPORTATION for jurors as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 4/23/2012. (Baran, Charles) (Entered: 04/23/2012) |
| 04/23/2012 | 359 | CJA 23 Financial Affidavit by Christian Gerold Tarantino. (Valle, Christine) (Entered: 04/26/2012) |
| 04/23/2012 | 363 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/23/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Jury sworn. Opening statements. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/24/2012 at 9:30AM before Judge Joanna Seybert. Court |

| | | Reporter: H. Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
|---|---|---|
| 04/24/2012 | 364 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/24/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/25/2012 at 9:30 AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/25/2012 | 365 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/25/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial set for 4/26/2012 at 9:30AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/26/2012 | 366 | Minute Entry for proceedings held before Judge Joanna Seybert:Cr Cause for Jury Trial as to Christian Gerold Tarantino held on 4/26/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Witness(es) called. Defendant continued in custody. Jury Trial to resume 4/30/2012 at 9:30AM before Judge Joanna Seybert. Court Reporter: Harry Rapaport. (Valle, Christine) (Entered: 04/30/2012) |
| 04/27/2012 | 360 | MEMORANDUM & ORDER - This Memorandum & Order memorializes the Court's on-the- record rulings on the Government's motion to admit evidence of Defendant Christian Tarantino's uncharged criminal activity and bad acts. (Docket Entry 347.) The foregoing are the rulings of the Court. They are without prejudice to the Defendant's ability to renew a cumulativeness objection. The Court invites the Defendant to request limiting instructions where appropriate. So Ordered by Judge Joanna Seybert on 4/27/2012. C/ECF (Valle, Christine) (Entered: 04/27/2012) |
| 04/30/2012 | 367 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 4/30/2012. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 04/30/2012) |
| 05/01/2012 | 368 | Minute Entry for proceedings held before Judge Joanna Seybert:Jury Trial as to Christian Gerold Tarantino held on 5/1/2012. (Court Reporters OW, HR) (Baran, Charles) (Entered: 05/01/2012) |
| 05/02/2012 | 369 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/2/2012. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 05/02/2012) |
| 05/03/2012 | 370 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/3/2012. Trial to resume 5/7/2012 at 9:15am. (Court Reporters OW, SP, HR) (Baran, Charles) (Entered: 05/03/2012) |
| 05/07/2012 | 371 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/7/2012. (Court Reporters OW, HR) (Baran, Charles) (Entered: 05/07/2012) |
| 05/07/2012 | 373 | Redacted Indictment as to Christian Gerold Tarantino (1): Former count 3 is |

| | | |
|---|---|---|
| | | now count 1r. Former count 4 is now count 2r. (Mahon, Cinthia) (Entered: 05/09/2012) |
| 05/08/2012 | 372 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/8/2012. (Court Reporter OW) (Baran, Charles) (Entered: 05/08/2012) |
| 05/09/2012 | 374 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/9/2012. (Baran, Charles) (Entered: 05/09/2012) |
| 05/09/2012 | 375 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/9/2012. Presentation of evidence concludes. (Court Reporter HR) (Baran, Charles) (Entered: 05/09/2012) |
| 05/10/2012 | 376 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/10/2012. (Baran, Charles) (Entered: 05/10/2012) |
| 05/10/2012 | 377 | Minute Entry for proceedings held before Judge Joanna Seybert: Jury Trial as to Christian Gerold Tarantino held on 5/10/2012. Trial to resume 5/14/2012 at 9:30am. (Court Reporter HR) (Baran, Charles) (Entered: 05/10/2012) |
| 05/11/2012 | 380 | Supplemental Request to Charge Jury Instructions by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 379 | ORDER OF SUSTENANCE for jury as to Christian Gerold Tarantino. Ordered by Judge Joanna Seybert on 5/14/2012. (Baran, Charles) (Entered: 05/14/2012) |
| 05/14/2012 | 381 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause on Jury Trial as to Christian Gerold Tarantino held on 5/14/2012 at 9:30AM. Defendant present in custody with retained counsel Frank Doddato; Stephen Rosen. Govt: Sean Flynn; James Miskiewicz. Case called. Jury deliberates. JURY RENDERS VERDICT OF GUILTY ON COUNT 1r AND NOT GUILTY ON COUNT 2r. Sentence date set for 8/17/2012 at 10:00AM before Judge Joanna Seybert. Probation notified. Defendant continued in custody. Other: Defense post-trial motion due 5/29/12. Government response due 6/12/12. Court Reporter: H. Rapaport. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | | JURY VERDICT as to Christian Gerold Tarantino (1) Guilty on Count 1r; Not Guilty on Count 2r. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 382 | COURT EXHIBITS 1-11 by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/14/2012 | 383 | WITNESS & EXHIBIT LIST by USA, Christian Gerold Tarantino as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 05/18/2012) |
| 05/24/2012 | 385 | Letter MOTION for Extension of Time to File *Post Trial Motions* by Christian Gerold Tarantino. (Rosen, Stephen) (Entered: 05/24/2012) |
| 05/25/2012 | | ORDER GRANTING 385 Motion for Extension of Time to File as to Christian Gerold Tarantino. Defendant's post-trial motion is due on or before June 8, 2012. The Government's opposition is due on or before June 22, 2012. Ordered by Judge Joanna Seybert on 5/25/2012. (Curley, John) (Entered: 05/25/2012) |

| | | |
|---|---|---|
| 06/06/2012 | 386 | Letter *request for written Order* as to Christian Gerold Tarantino (Rosen, Stephen) (Entered: 06/06/2012) |
| 06/08/2012 | 388 | MOTION for New Trial by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Appendix) (Rosen, Stephen) (Entered: 06/08/2012) |
| 06/08/2012 | 390 | ORDER - On December 30, 2012, the Defendant moved to exclude the Gargiulo Tape on the ground that an over-recording in the so-called "designated area" renders the Tape inauthentic and inadmissible. (Docket Entry 306.) Following February's evidentiary hearing on this issue, the Court denied the Defendant's motion and indicated that a written opinion would follow. (Docket Entry 341.) The following discussion briefly sets forth the Court's basis for denying the Defendant's motion as to Christian Gerold Tarantino. So Ordered by Judge Joanna Seybert on 6/8/12. C/ECF (Valle, Christine) (Entered: 06/12/2012) |
| 06/12/2012 | 389 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Perry Auerbach. Ordered by Judge Joanna Seybert on 4/2/2012. (Gillespie, Saudia) (Entered: 06/12/2012) |
| 06/21/2012 | 391 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120510000001.. Ordered by Judge Joanna Seybert on 05/09/2012. (Rios, Laura) (Entered: 06/21/2012) |
| 06/21/2012 | 392 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120514000037.. Ordered by Judge Joanna Seybert on 05/14/2012. (Rios, Laura) (Entered: 06/21/2012) |
| 06/22/2012 | 393 | RESPONSE in Opposition re 388 MOTION for New Trial (Attachments: # 1 Exhibit Exhibits 1 and 2) (Miskiewicz, James) (Entered: 06/22/2012) |
| 06/29/2012 | 394 | REPLY TO RESPONSE to Motion re 388 MOTION for New Trial (Attachments: # 1 Exhibit Exhibit C (Tarantino medical records)) (Rosen, Stephen) (Entered: 06/29/2012) |
| 07/25/2012 | 395 | Letter MOTION to Continue Sentencing by USA as to Christian Gerold Tarantino. (Valle, Christine) (Entered: 08/02/2012) |
| 07/25/2012 | | ORDER granting 395 Motion to Continue Sentencing as to Christian Gerold Tarantino (1); An adjournment of sentence is acceptable. The new date will be 10/19/2012 at 1:30PM before Judge Joanna Seybert. So Ordered by Judge Joanna Seybert on 7/25/12. C/ECF; C/M to Probation. (Valle, Christine) (Entered: 08/02/2012) |
| 08/29/2012 | 396 | CJA 24 as to Christian Gerold Tarantino: Authorization to Pay Harry Rapaport Voucher # 120604000021.. Ordered by Judge Joanna Seybert on 04/26/2012. (Rios, Laura) (Entered: 08/29/2012) |
| 09/05/2012 | 397 | First MOTION to Continue Sentencing by Christian Gerold Tarantino. (Doddato, Frank) (Entered: 09/05/2012) |
| 09/07/2012 | | ORDER granting 397 Motion to Continue Sentencing as to Christian Gerold Tarantino. Sentencing set for 10/26/2012 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 9/7/2012. (Baran, Charles) (Entered: 09/07/2012) |
| 10/12/2012 | 398 | Letter *regarding sentencing postponement* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 10/12/2012) |

| 10/15/2012 | 399 | RESPONSE in Opposition re 397 First MOTION to Continue Sentencing (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 10/15/2012) |
|---|---|---|
| 10/16/2012 | | ORDER as to Christian Gerold Tarantino re: 399 Response in Opposition, 398 Letter. Sentencing set for 11/30/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. Ordered by Judge Joanna Seybert on 10/16/2012. (Baran, Charles) (Entered: 10/16/2012) |
| 10/20/2012 | 400 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Christian Gerold Tarantino *DEFENSE OBJECTIONS TO PRESENTENCE REPORT* (Rosen, Stephen) (Entered: 10/20/2012) |
| 11/03/2012 | 401 | OBJECTION TO PRESENTENCE INVESTIGATION REPORT by Christian Gerold Tarantino (Rosen, Stephen) (Entered: 11/03/2012) |
| 11/03/2012 | 402 | MOTION to Dismiss *Count I* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (Rosen, Stephen) (Entered: 11/03/2012) |
| 11/05/2012 | 403 | Letter *dated November 5, 2012 from the government to the Honorable Joanna Seybert requesting that the Court preclude the defendant from filing additional post-trial motions unless he can establish excusable neglect and moving to quash the defense subpoena to the Queens Private Detention Facility* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1) (Capwell, Carrie) (Entered: 11/05/2012) |
| 11/07/2012 | 404 | MEMORANDUM & ORDER denying 388 Motion for New Trial as to Christian Gerold Tarantino. Presently pending before the Court is Defendant Christian Gerold Tarantino's motion for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. For the foregoing reasons, Defendant's motion is DENIED. So Ordered by Judge Joanna Seybert on 11/7/2012. C/ECF (Valle, Christine) (Entered: 11/07/2012) |
| 11/13/2012 | 405 | Letter *from the government, dated November 13, 2012, to the Honorable Joanna Seybert opposing the defendant's Motion to Dismiss Count One, filed on November 3, 2012* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 11/13/2012) |
| 11/14/2012 | 406 | MOTION to Withdraw as Attorney by Stephen H. Rosen and Frank A. Doddato. by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Rosen, Stephen) (Entered: 11/14/2012) |
| 11/15/2012 | 407 | RESPONSE in Opposition re 406 MOTION to Withdraw as Attorney by Stephen H. Rosen and Frank A. Doddato. (Miskiewicz, James) (Entered: 11/15/2012) |
| 11/19/2012 | | NOTICE OF HEARING ON MOTION in case as to Christian Gerold Tarantino re: Motion 406 . Telephone conference set for Tue. 11/20 at 4:30pm. Defense counsel shall coordinate a conference call to chambers at (631) 712-5610. (Baran, Charles) (Entered: 11/19/2012) |
| 11/19/2012 | 410 | MOTION for Recusal *of Judge Joanna Seybert pursuant to provisions of 28:144,* by Christian Gerold Tarantino. (Valle, Christine) (Entered: 12/05/2012) |
| 11/19/2012 | 411 | Supplemental MOTION to Dismiss *Count Three pursuant to Court's Inherent Supervisory Powers,* by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Valle, Christine) (Entered: 12/05/2012) |

Eastern District of New York – LIVE Database V6.1                                         11/9/14, 10:18 AM

| | | |
|---|---|---|
| | | ...Elmont, # 2 Elmont) (Valle, Christine) (Entered: ~~~~~) |
| 11/20/2012 | | NOTICE OF HEARING as to Christian Gerold Tarantino: The telephone conference on 11/20/2012 will not go forward. The motion to be relieved will be addressed at a Status Conference set for 11/30/2012 at 10:30am in Courtroom 1030 before Judge Joanna Seybert. A new sentencing date will be set at that time. (Baran, Charles) (Entered: 11/20/2012) |
| 11/21/2012 | 408 | ORDER re: 402 Motion to Dismiss Count One is DENIED. Any additional Rule 33 or port-trial motions in contravention of Court-imposed or statutory deadlines must establish "excusable neglect" or will not be considered by the Court. Ordered by Judge Joanna Seybert on 11/21/2012. (c/ECF) (Nohs, Bonnie) (Entered: 11/21/2012) |
| 11/30/2012 | 409 | Letter *regarding motion for recusal* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 11/30/2012) |
| 11/30/2012 | 412 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Status Conference as to Christian Gerold Tarantino held on 11/30/2012 at 10:30AM. Defendant present in custody with retained counsel Frank Doddato, Stephen Rosen, Eliza Stahl. Govt: Sean Flynn, Carrie Capwell, James Miskiewicz. Case called. Conference held. Sentence date set for 2/22/2013 at 10:30AM. Probation notified. Defendant continued in custody. Motion to Withdraw as Attorney 406 for defense counsel to withdraw is GRANTED. Frank Anthony Doddato and Stephen Rosen withdrawn from case as to Christian Gerold Tarantino. Pro Se Motion 410 Motion for Recusal is accepted for filing, argued, and DENIED for the reasons stated on the record. Pro Se Motion 411 Motion to Dismiss Count 3 is accepted for filing, argued, and DENIED for the same reasons articulated in the Court's Order 408 , which DENIED the Motion to Dismiss Count 1, as stated on the record. Defendant to complete a financial affidavit in order to apply for C.J.A. standby counsel. Court Reporter: M. Steiger. (Valle, Christine) (Entered: 12/06/2012) |
| 12/06/2012 | 413 | MEMORANDUM AND ORDER. At the Nov. 30th conference the Court DENIED Christian Gerold Tarantino's Motion for Recusal. This Order explains the reasons for such denial. Ordered by Judge Joanna Seybert on 12/6/2012. (c/ECF) (Nohs, Bonnie) (Entered: 12/06/2012) |
| 12/11/2012 | 414 | Letter *requesting status conference* as to Christian Gerold Tarantino (Miskiewicz, James) (Entered: 12/11/2012) |
| 12/11/2012 | 418 | Letter from Christian Gerold Tarantino to Judge Seybert dated 12/5/12 Re: To request that the Court order the MDC to allow Defendant a period of time alone to review discovery/3500 material shipped to MDC. (Valle, Christine) (Entered: 12/21/2012) |
| 12/14/2012 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Status Conference set for 12/19/2012 at 11:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 12/14/2012) |
| 12/18/2012 | 415 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 25, receipt number 0207-5903763. by Christian Gerold Tarantino. (Attachments: # 1 Attachment A (Affidavit in Support of Pro Hac Vice Motion, # 2 Attachment B (Good Standing from Florida Bar), # 3 Attachment C (Letter from Defendant), # 4 Proposed Order) (Scher, Todd) (Entered: 12/18/2012) |
| 12/19/2012 | 416 | Minute Entry for proceedings held before Judge Joanna Seybert: Status |

Eastern District of New York - LIVE Database V6.1

11/9/14, 10:18 AM

| | | |
|---|---|---|
| 12/19/2012 | 416 | Minute Entry for proceedings held before Judge Joanna Seybert: Status Conference as to Christian Gerold Tarantino held on 12/19/2012, granting 415 Motion for Leave to Appear as to Christian Gerold Tarantino. Mr. Scher will obtain all files from prior counsel, Mr. Stephen Rosen. The Court approves C.J.A. funding for transcripts of post-trial conferences. (Court Reporter DT) (Baran, Charles) (Entered: 12/19/2012) |
| 12/19/2012 | 417 | ORDER as to Christian Gerold Tarantino granting 415 MOTION for Leave to Appear Pro Hac Vice as to attorney, Todd G. Scher. So Ordered by Judge Joanna Seybert on 12/19/2012. (Valle, Christine) (Entered: 12/19/2012) |
| 01/30/2013 | 419 | Letter *Regarding Government's Request to Quash Subpoena (DE403)* as to Christian Gerold Tarantino (Scher, Todd) (Entered: 01/30/2013) |
| 02/11/2013 | 420 | MEMORANDUM AND ORDER re: 403 Letter/Motion to Quash subpoena is GRANTED. However, the Queens Private Detention Facility is ORDERED to produce the Mulligan phone records from April 1, 2012 to April 30, 2012. Ordered by Judge Joanna Seybert on 2/11/2013. (Nohs, Bonnie) (Entered: 02/11/2013) |
| 02/21/2013 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a change in the Court's availability, the Sentencing currently set for 2/22/2013 is adjourned to 4/10/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 02/21/2013) |
| 03/27/2013 | | NOTICE OF HEARING as to Christian Gerold Tarantino: Due to a medical quarantine imposed at the defendant's place of incarceration, Sentencing is adjourned to 4/24/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Baran, Charles) (Entered: 03/27/2013) |
| 04/02/2013 | 421 | MOTION to Dismiss for Lack of Jurisdiction by Christian Gerold Tarantino. (Attachments: # 1 Exhibit) (Scher, Todd) (Entered: 04/02/2013) |
| 04/05/2013 | 422 | MEMORANDUM in Opposition re 421 MOTION to Dismiss for Lack of Jurisdiction *and Government's Motion Re: Defendant's Violation of this Court's Protective Order of December 13, 2010* (Attachments: # 1 Exhibit) (Miskiewicz, James) (Entered: 04/05/2013) |
| 04/12/2013 | 423 | REPLY TO RESPONSE to Motion re 421 MOTION to Dismiss for Lack of Jurisdiction (Scher, Todd) (Entered: 04/12/2013) |
| 04/12/2013 | 424 | MOTION to Amend/Correct *to Modify Prior Order on 3500 Material* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 04/12/2013) |
| 04/19/2013 | 425 | MEMORANDUM & ORDER: DENYING Defendant's 421 Motion to Dismiss for Lack of Jurisdiction as to Christian Gerold Tarantino (1). DENYING the Government's request that Defendant be ordered to immediately return Section 3500 materials and GRANTING Defendant's 424 Motion to Amend/Correct as to Christian Gerold Tarantino (1). Ordered by Judge Joanna Seybert on 4/19/2013. c/m by ecf. (Mahon, Cinthia) (Entered: 04/19/2013) |
| 04/22/2013 | 426 | SENTENCING MEMORANDUM by USA as to Christian Gerold Tarantino (Flynn, Sean) (Entered: 04/22/2013) |
| 04/24/2013 | 427 | Minute Entry for proceedings held before Judge Joanna Seybert: Cr Cause for Sentencing held on 4/24/2013 for Christian Gerold Tarantino (1). Defendant present in custody with retained counsel Todd Scher. Govt: Sean Flynn, Gavin Connell, James Miskiewicz. USPO: S. Heaney et. Case called... |

Flynn; Carrie Capwell; James Miskiewicz. USPO: S. Haashoot. Case called for sentence. Counsel for all sides present. Statements of defendant and counsel heard. Defendant objections to the PSR are noted. Rulings Re: Guidelines are entered on the record. PSR and addendum adopted. Guidelines are adopted. The defendant is sentenced as follows: The defendant is sentenced to a period of imprisonment of LIFE on Count 1; LIFE on Count 2; and LIFE on Count 1r (originally Count 3) of the Indictment (CONCURRENT), NOT to be followed by a period of supervised release. The fine shall be waived due to the defendant's inability to pay such a fine. Special assessment of $50 each is imposed on Counts 1, 2 and $100 on Count 1r, for a total assessment of $200.00. The defendant is advised of his right to appeal or the lack thereof. Other: Motion 356 in limine is denied as moot. The defendant remains in custody. Court Reporter: P. Lombardi. (Valle, Christine) (Entered: 05/06/2013)

| | | |
|---|---|---|
| 04/26/2013 | 428 | JUDGMENT - The defendant Christian Gerold Tarantino (1) was found guilty on Count(s) 1, 2, & 1r after a plea of not guilty. The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of LIFE on all Counts, Concurrent. The court makes the following recommendations to the Bureau of Prisons: THAT THE DEFENDANT BE DESIGNATED TO FMC DEVENS, MASS. Upon release from imprisonment, the defendant shall be on supervised release for a term of NONE. Special Assessment: $200.00. Defendant has been found not guilty on Count(s) 2r. Signed by Judge Joanna Seybert on 4/26/2013. C/ECF (Valle, Christine) (Entered: 05/07/2013) |
| 05/08/2013 | 430 | NOTICE OF APPEAL as to 428 JUDGMENT by Christian Gerold Tarantino (Scher, Todd) Modified on 5/8/2013 to link the appeal with the judgment (Russo, Eric). (Entered: 05/08/2013) |
| 05/08/2013 | | APPEAL FILING FEE DUE re 430 Notice of Appeal - Final Judgment Please either come to the clerks office or mail the filing fee in the amount of $455.00. (Russo, Eric) (Entered: 05/08/2013) |
| 05/08/2013 | | Electronic Index to Record on Appeal as to Christian Gerold Tarantino sent to US Court of Appeals 430 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Russo, Eric) (Entered: 05/08/2013) |
| 05/21/2013 | 431 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/15/12, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Tape Number: 1. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 432 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/27/12, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email |

Eastern District of New York – LIVE Database V6.1                                                                                     11/9/14, 10:18 AM

| | | |
|---|---|---|
| | | address: hershrap@aol.com. Tape Number: 2. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 433 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 2/28/12 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 Criminal Appeal Transcript Information - Form B transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 434 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/24/13 - 5/14/13, before Judge Seybert. Court Reporter/Transcriber Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 435 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/30/12 - 5/14/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 4/25/12 transcript, # 2 4/26/13 transcript) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/21/2013 | 436 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 2/14/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/11/2013. Redacted Transcript Deadline set for 6/21/2013. Release of Transcript Restriction set for 8/19/2013. (Attachments: # 1 5/1/12 transcript, # 2 5/2/12, # 3 5/3/12, # 4 5/7/12, # 5 5/9/12, # 6 5/10/12, # 7 5/14/12) (Rapaport, Harry) (Entered: 05/21/2013) |
| 05/22/2013 | 437 | TRANSCRIPT REQUEST by Christian Gerold Tarantino (Scher, Todd) (Entered: 05/22/2013) |

| | | (Entered: 05/22/2013) |
|---|---|---|
| 05/23/2013 | 438 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: Transcript. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 439 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/14/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 440 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/15/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: 02/15/11. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 441 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/16/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Tape Number: 02/16/11. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 442 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/17/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 443 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/22/11, before Judge Joanna Seybert. |

| | | |
|---|---|---|
| | | Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 444 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 02/23/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 05/23/2013 | 445 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 05/23/11, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/13/2013. Redacted Transcript Deadline set for 6/24/2013. Release of Transcript Restriction set for 8/21/2013. (Combs, Ellen) (Entered: 05/23/2013) |
| 06/03/2013 | 446 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 11/30/12, before Judge Seybert. Court Reporter/Transcriber Mary Ann Steiger, Telephone number 631-712-6101. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/24/2013. Redacted Transcript Deadline set for 7/4/2013. Release of Transcript Restriction set for 9/2/2013. (Steiger, Mary Ann) (Entered: 06/03/2013) |
| 06/05/2013 | 447 | USCA Appeal Fees Received $455.00; Receipt Number: 12596 as to Christian Gerold Tarantino Re: 430 Notice of Appeal - Final Judgment. (Valle, Christine) (Entered: 06/05/2013) |
| 06/10/2013 | 448 | Emergency MOTION for Writ *Pursuant to 28 USC 2241* by Christian Gerold Tarantino. (Attachments: # 1 Exhibits to Petition) (Scher, Todd) (Entered: 06/10/2013) |
| 06/10/2013 | 449 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 6/10/2013 re: 448 Emergency MOTION for Writ Pursuant to 28 USC 2241. Government to respond by 6/19/2013. Motion/Status Conference set for 6/20/2013 at 10:00am in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter MS) (Baran, Charles) (Entered: 06/10/2013) |
| 06/10/2013 | 450 | Letter *dated June 10, 2013 from the government to the Honorable Joanna Seybert in response to the defendant's Emergency Petition Pursuant to Section 2241 as to Christian Gerold Tarantino* (Conwell, Carrie) (Entered: |

Eastern District of New York – LIVE Database V6.1                                    11/9/14, 10:18 AM

| | | |
|---|---|---|
| | | *Section 2241* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/10/2013) |
| 06/10/2013 | 451 | Minute Entry for proceedings held before Judge Joanna Seybert: Motion Hearing as to Christian Gerold Tarantino held on 6/10/2013 re: 448 Emergency MOTION for Writ Pursuant to 28 USC 2241. Defense reply to be filed 6/11/2013 by 12:00 noon. Decision to be issued soon thereafter. (Court Reporter PA) (Baran, Charles) (Entered: 06/10/2013) |
| 06/11/2013 | 452 | REPLY TO RESPONSE to Motion re 448 Emergency MOTION for Writ *Pursuant to 28 USC 2241* (Scher, Todd) (Entered: 06/11/2013) |
| 06/11/2013 | | Electronic ORDER denying 448 Motion for Writ as to Christian Gerold Tarantino. Tarantino's motion is DENIED. The Bureau of Prisons ("BOP") has sole discretion over where an inmate is incarcerated; the BOP is familiar with Tarantino's medical condition, which is not imminently life-threatening; and the Government has represented that BOP took Tarantino's medical condition into consideration when determining his designation and found that Tarantino could be properly cared for at USP Terre Haute. Ordered by Judge Joanna Seybert on 6/11/2013. (Amandola, Rose) (Entered: 06/11/2013) |
| 07/22/2013 | 453 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/4/11, 11/10/11, before Judge Seybert. Court Reporter/Transcriber Mary Ann Steiger, Telephone number 631-712-6101. Email address: maryann.steiger@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/12/2013. Redacted Transcript Deadline set for 8/22/2013. Release of Transcript Restriction set for 10/21/2013. (Attachments: # 1 Transcript) (Steiger, Mary Ann) (Entered: 07/22/2013) |
| 07/26/2013 | 454 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 08/17/2011, before Judge Seybert. Court Reporter/Transcriber Dom Tursi - 631/712-6108 - DomTursi@email.com, Telephone number Dom Tursi - 631/712-6108 - DomTursi@email.com. Email address: Dom Tursi - 631/712-6108 - DomTursi@email.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/16/2013. Redacted Transcript Deadline set for 8/26/2013. Release of Transcript Restriction set for 10/24/2013. (Tursi, Dom) (Entered: 07/26/2013) |
| 07/29/2013 | 455 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631 712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/19/2013. Redacted Transcript Deadline set for 8/29/2013. Release of Transcript Restriction set for 10/28/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript) (Rapaport, Harry) (Entered: 07/29/2013) |

| 07/30/2013 | 456 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 12/17/2010, before Judge Seybert. Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Email address: hershrap@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/20/2013. Redacted Transcript Deadline set for 8/30/2013. Release of Transcript Restriction set for 10/28/2013. (Rapaport, Harry) (Entered: 07/30/2013) |
|---|---|---|
| 08/14/2013 | 457 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 12/8/09 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber O. Wicker, Telephone number 631 712-6102. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/4/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/12/2013. (Wicker, Owen) (Entered: 08/14/2013) |
| 08/15/2013 | 458 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 5/2/11, 5/4/11, 5/5/11, 5/6/11, 5/9/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013.<br><br>Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 08/15/2013 | 459 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 5/12/11, 5/16/11, 5/17/11, 5/18/11, 5/19/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 08/15/2013 | 460 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 1/18/12, 2/29/12, 4/23/12, 4/24/12, 4/30/12 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript) (Rapaport, Harry) |

Eastern District of New York – LIVE Database V6.1                                                11/9/14, 10:18 AM

| | | (Entered: 08/15/2013) |
|---|---|---|
| 08/15/2013 | 461 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 10/6/11, 12/16/11, 1/11/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/5/2013. Redacted Transcript Deadline set for 9/16/2013. Release of Transcript Restriction set for 11/13/2013. (Attachments: # 1 transcript, # 2 transcript) (Rapaport, Harry) (Entered: 08/15/2013) |
| 09/10/2013 | 462 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on November 12, 2010, before Judge Joanna Seybert. Court Reporter/Transcriber E Combs. Email address: ellencombs@hotmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/1/2013. Redacted Transcript Deadline set for 10/11/2013. Release of Transcript Restriction set for 12/9/2013. (Combs, Ellen) (Entered: 09/10/2013) |
| 09/18/2013 | 463 | DESIGNATION OF RECORD ON APPEAL by Christian Gerold Tarantino re 430 Notice of Appeal - Final Judgment (Attachments: # 1 Attachment A, # 2 Attachment B) (Scher, Todd) (Entered: 09/18/2013) |
| 09/26/2013 | 464 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/2/11,3/11/11,3/15/11,3/16/11,6/17/11,1/4/12,1/5/12,1/6/12,4/10/12,4/11/12, before Judge Joanna Seybert. Court Reporter/Transcriber P Auerbach, Telephone number 631-712-6103. Email address: PAuerb1531@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 Transcript, # 2 Transcript, # 3 Transcript, # 4 Transcript, # 5 Transcript, # 6 Transcript, # 7 Transcript, # 8 Transcript, # 9 Transcript) (Combs, Ellen) (Entered: 09/26/2013) |
| 09/26/2013 | 465 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on December 19, 2012, before Judge Joanna Seybert. Court Reporter/Transcriber Dom Tursi - 631-712-6108 - domtursi@email.com, Telephone number Dom Tursi - 631-712-6108 - domtursi@email.com. Email address: Dom Tursi - 631-712-6108 - domtursi@email.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Tursi, Dom) (Entered: 09/26/2013) |
| 09/26/2013 | 466 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Owen Wicker, Telephone number 631-712-6102. |

| | | Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/17/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Wicker, Owen) (Entered: 09/26/2013) |
|---|---|---|
| 09/27/2013 | 467 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/22/11 3/23/11 3/28/11 3/29/11 3/30/11 4/5/11 4/6/11 4/7/11 4/11/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript, # 7 transcript, # 8 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 468 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/17/11 4/20 11 4/21/11 4/25/11 4/27/11 5/10/11 5/11/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 469 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 5/2/11 5/4/11 5/6/11 5/9/11 5/12/11 5/16/11 5/17/11, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 ttranscript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 09/27/2013 | 470 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 5/17/11 5/18/11 5/19/11 12/16/11 1/18/12 2/29/12 4/23/12 4/20/12 5/9/12, before Judge Seybert. Court Reporter/Transcriber H Rapaport. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/18/2013. Redacted Transcript Deadline set for 10/28/2013. Release of Transcript Restriction set for 12/26/2013. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript, # 4 transcript, # 5 transcript, # 6 transcript, # 7 transcript, # 8 transcript, # 9 transcript) (Rapaport, Harry) (Entered: 09/27/2013) |
| 10/16/2013 | | Second Electronic Index to Record on Appeal as to Christian Gerold |

| 10/16/2013 | | Second Electronic Index to Record on Appeal as to Christian Gerold Tarantino sent to US Court of Appeals 430 Notice of Appeal - Final Judgment Documents are available via Pacer. 431 transcript, 432 transcript, 433 transcript, 434 transcript, 435 transcript, 436 transcript, 437 transcript request, 438 transcript, 439 transcript, 440 transcript, 441 transcript, 442 transcript, 443 transcript, 444 transcript, 445 transcript, 446 transcript, 447 USCA fee paid, 448 motion, 449 minute entry, 450 letter, 451 minute entry, 452 reply, 453 transcript, 454 transcript, 455 transcript, 456 transcript, 457 transcript, 458 transcript, 459 transcript, 460 transcript, 461 transcript, 462 transcript, 463 transcript, 464 transcript, 465 transcript, 466 transcript, 467 transcript, 468 transcript, 469 transcript, 470 transcript. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (Talbott, Thomas) (Entered: 10/16/2013) |
|---|---|---|
| 11/15/2013 | 471 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/26/2013, Court Reporter/Transcriber Paul Lombardi, Telephone number 712-6106. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2013. Redacted Transcript Deadline set for 12/16/2013. Release of Transcript Restriction set for 2/13/2014. (Lombardi, Paul) (Entered: 11/15/2013) |
| 11/15/2013 | 472 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino Court Reporter/Transcriber Perry Auerbach. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/6/2013. Redacted Transcript Deadline set for 12/16/2013. Release of Transcript Restriction set for 2/13/2014. (Attachments: # 1 PDF transcript, # 2 PDF transcript, # 3 PDF transcript) (Auerbach, Perry) (Entered: 11/15/2013) |
| 11/15/2013 | 473 | Redaction re 472 Transcript,, in case as to Christian Gerold Tarantino (Attachments: # 1 PDF TRANSCRIPT, # 2 PDR TRANSCRIPT, # 3 PDF TRANSCRIPT) (Auerbach, Perry) (Entered: 11/15/2013) |
| 11/18/2013 | 474 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 6/16/11, 4/10/12, 4/11/12, 4/22/12, before Judge Seybert. Court Reporter/Transcriber Perry Auerbach. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Attachments: # 1 transcript, # 2 transcript, # 3 transcript) (Auerbach, Perry) (Entered: 11/18/2013) |
| 11/18/2013 | 475 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 4/22/09, before Judge SEYBERT. Court Reporter/Transcriber PERRY AUERBACH. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it |

Eastern District of New York - LIVE Database V6.1

11/9/14, 10:18 AM

| | | |
|---|---|---|
| | | may be obtained through PACER. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Auerbach, Perry) (Entered: 11/18/2013) |
| 11/18/2013 | 476 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 4/26/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber H Rapaport, Telephone number 631.712-6105. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/9/2013. Redacted Transcript Deadline set for 12/19/2013. Release of Transcript Restriction set for 2/17/2014. (Rapaport, Harry) (Entered: 11/18/2013) |
| 12/02/2013 | 477 | Letter *to Judge Seybert Regarding Approval of Statements of Evidence* as to Christian Gerold Tarantino (Scher, Todd) (Entered: 12/02/2013) |
| 12/05/2013 | 478 | Letter *in response/opposition to defendant's September 19, 2013 and December 2, 2013 submissions seeking settlement and approval of statements of evidence* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5) (Capwell, Carrie) (Entered: 12/05/2013) |
| 12/10/2013 | 479 | Letter *in Reply to Government's Response to Motion for Settlement and Approval of Statements and Evidence* as to Christian Gerold Tarantino (Attachments: # 1 Exhibit 1) (Scher, Todd) (Entered: 12/10/2013) |
| 01/02/2014 | 480 | Letter *from the government to Judge Seybert, dated January 2, 2014, providing March 21, 2011 transcript* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 01/02/2014) |
| 01/13/2014 | 481 | MEMORANDUM & ORDER - Currently pending before the Court is Defendant Christian Gerold Tarantino's September 18, 2013 request, filed as a "Designation of Record on Appeal." (Docket Entry 463.) That document seeks a mandatory settlement and approval of attached statements regarding jury selection in Defendant's two trials before this Court pursuant to Federal Rule of Appellate Procedure 10(c). For the following reasons, Defendant's request is DENIED. So Ordered by Judge Joanna Seybert on 1/13/2014. C/ECF (Attachments: # 1 Exhibit A Pages 1-22; # 2 Exhibit A Pages 23-44; # 3 Exhibit B Pages 1-25; # 4 Exhibit B Pages 26-50.) (Valle, Christine) (Entered: 01/14/2014) |
| 01/23/2014 | 482 | MOTION for Reconsideration re 481 Memorandum Opinion,, by Christian Gerold Tarantino. (Attachments: # 1 Exhibit, # 2 Exhibit) (Scher, Todd) (Entered: 01/23/2014) |
| 02/12/2014 | 483 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3-21-2011, before Judge Katheen Tomlinson. Court Reporter/Transcriber Lisa Schmid, Telephone number (718)613-2644. Email address: LisaSchmidCCR.RMR@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/5/2014. Redacted Transcript Deadline set for 3/17/2014. Release of Transcript Restriction set for 5/13/2014. (Schmid, Lisa) (Entered: 02/12/2014) |

| 03/03/2014 | 484 | MOTION to Unseal Document *Docket Entries* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 03/03/2014) |
|---|---|---|
| 03/14/2014 | 485 | RESPONSE in Opposition re 484 MOTION to Unseal Document *Docket Entries* (Capwell, Carrie) (Entered: 03/14/2014) |
| 03/21/2014 | 486 | Minute Entry for proceedings held before Judge Joanna Seybert: Telephone Conference as to Christian Gerold Tarantino held on 3/21/2014. Telephone Conference set for 3/24/2014 at 12:15pm in Courtroom 1030 before Judge Joanna Seybert. (Court Reporter OW) (Baran, Charles) (Entered: 03/21/2014) |
| 03/25/2014 | 487 | Letter *from the government to Todd Scher, Esq. providing certain materials previously filed under seal and/or provided to prior defense counsel* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 03/25/2014) |
| 04/02/2014 | 488 | Supplemental MOTION to Unseal Document *For Order to Clerk to Permit Counsel to View Sealed Docket Entries* by Christian Gerold Tarantino. (Scher, Todd) (Entered: 04/02/2014) |
| 04/11/2014 | 489 | RESPONSE to Motion re 488 Supplemental MOTION to Unseal Document *For Order to Clerk to Permit Counsel to View Sealed Docket Entries by the government* (Attachments: # 1 Exhibit Email) (Capwell, Carrie) (Entered: 04/11/2014) |
| 04/23/2014 | 490 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 7-30-2010, before Judge Seybert. Court Reporter/Transcriber S Picozzi. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/14/2014. Redacted Transcript Deadline set for 5/27/2014. Release of Transcript Restriction set for 7/22/2014. (Rapaport, Harry) (Entered: 04/23/2014) |
| 04/24/2014 | 491 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/24/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 5/15/2014. Redacted Transcript Deadline set for 5/27/2014. Release of Transcript Restriction set for 7/23/2014. (Wicker, Owen) (Entered: 04/24/2014) |
| 05/14/2014 | 492 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of 3/24/11 before Judge Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber O.Wicker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/4/2014. Redacted Transcript Deadline set for 6/16/2014. Release of Transcript Restriction set for 8/12/2014. (Wicker, Owen) (Entered: 05/14/2014) |
| 05/19/2014 | 493 | MEMORANDUM & ORDER granting 484 Motion to Unseal Document; granting 488 Motion to Unseal Document as to Christian Gerold Tarantino (1). Defendant's motions (Docket Entries 484, as modified by 488) for |

| | | |
|---|---|---|
| | | access to certain sealed docket entries are GRANTED as to Docket Entries: 31, 38, 41, 43-44, 49-50, 53-54, 56, 59, 61-67, 72-73, 79-80, 121-125, 128-133, 143, 161, 163, 185, 200, 204, 208, 211, 214-216, 279, 283, 286, 302, 322-323, 331, 334, 336, 340, 343, 352-355, 384, 387, 429, 472-473 and 483. Upon review by the Court, Defendant is DENIED access to Docket Entries 203, 222, 335, 348, 349 and 351. In addition, upon review by the Court, the Government is directed to advise the Court in an ex parte submission by May 27, 2014, as to the reasons for the Government's objections as to Docket Entries 160 and 162. So Ordered by Judge Joanna Seybert on 5/19/2014. C/ECF (Valle, Christine) (Entered: 05/19/2014) |
| 06/03/2014 | 495 | Letter *from the government to the Honorable Joanna Seybert supplementing the government's May 27, 2014 letter, which was filed ex parte and under seal* as to Christian Gerold Tarantino (Capwell, Carrie) (Entered: 06/03/2014) |
| 06/05/2014 | | Electronic ORDER as to Christian Gerold Tarantino Supplementing 493 Memorandum & Order dated 5/19/2014. The Court has reviewed the Government's follow-up submissions (Docket Entries 494 , ex parte, and 495 ). The defendant has failed to establish a compelling need for the disclosure of the balance of another defendant's Presentence Investigation Report (Attachment 1 to Docket Entry 160 ), and his application to unseal it is DENIED. Ordered by Judge Joanna Seybert on 6/5/2014. (Baran, Charles) (Entered: 06/05/2014) |
| 10/10/2014 | 496 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3-11-11, 6-16-11, before Judge Seybert. Court Reporter/Transcriber Perry Auerbach, Telephone number 631-712-6103. Email address: pauerb1531@aol.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (Attachments: # 1 transcript) (Auerbach, Perry) (Entered: 10/10/2014) |
| 10/10/2014 | 497 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Christian Gerold Tarantino held on 3/21/14, before Judge Seybert. Court Reporter/Transcriber O.Wicker. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/31/2014. Redacted Transcript Deadline set for 11/10/2014. Release of Transcript Restriction set for 1/8/2015. (Wicker, Owen) (Entered: 10/10/2014) |
| 10/15/2014 | 498 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT as to Christian Gerold Tarantino for dates of May 11, 2011 before Judge Joanna Seybert, re 430 Notice of Appeal - Final Judgment Court Reporter/Transcriber DTursi - 631/712-6108 - DomTursi@email.com, Telephone number Dom Tursi - 631/712-6108. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/5/2014. Redacted Transcript Deadline set for 11/17/2014. Release of Transcript Restriction set for 1/13/2015. (Tursi, Dom) (Entered: 10/15/2014) |

A48

Case 2:08-cr-00655-JS   Document 428   Filed 04/26/13   Page 1 of 5 PageID #: 2815

AO 245B    (Rev. 10/2011 EDNY) Judgment in a Criminal Case
Sheet 1

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

# UNITED STATES DISTRICT COURT ★

★ APR 26 2013 ★

EASTERN District of NEW YORK

LONG ISLAND OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| v. | ) | |
| | ) | |
| CHRISTIAN TARANTINO | ) | Case Number:    CR 08-655 (JS) |
| | ) | |
| | ) | USM Number:    14684-050 |
| | ) | |
| (AUSA James Miskiewicz) | ) | Todd Scher, Esq. |
| | ) | Defendant's Attorney |

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
    which was accepted by the court.

X was found guilty on count(s)    1 & 2 of the Indictment on 5/23/1011 and 1r of the Indictment (originally count 3) on 5/14/2012
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 33, 34 | Willfully endangering the safety of a commercial motor vehicle operator resulting in the death of Julius Baumgardt | 6/23/1994 | 1 |
| 18 USC 1512(a)(1)(C), (a)(3)(A) | Obstruction of justice murder of Louis Dorval | 8/12/1994 | 2 |
| 18 USC 1512 (k), (a)(3)(A) | Conspiracy to commit obstruction of justice murder of Vincent Gargiulo | 8/18/2003 | 1r (originally 3) |

    The defendant is sentenced as provided in pages 2 through    5    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)    2r (originally count 4)

☐ Count(s) _____ ☐ is ☐ are   dismissed on the motion of the United States.

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Apr. 24, 2013
Date of Imposition of Judgment

Signature of Judge

_JOANNA SEYBERT, U.S.D.J._
Name and Title of Judge

Apr. 26, 2013
Date

A TRUE COPY, ATTEST

DOUGLAS C. PALMER, CLERK

By: _____    Deputy Clerk    Dated: Apr. _____ , 2013

AO 245B   (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

| | | Judgment — Page | 2 | of | 5 |
|---|---|---|---|---|---|

DEFENDANT:          CHRISTIAN TARANTINO
CASE NUMBER:        CR 08-655 (JS)

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

**LIFE on all counts, concurrent**

X   The court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFENDANT BE DESIGNATED TO FMC DEVENS, MASS.

☐   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____   ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

A50

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 — Supervised Release

| | | Judgment—Page | 3 | of | 5 |

DEFENDANT:   **CHRISTIAN TARANTINO**
CASE NUMBER:   CR 08-655 (JS)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

**NONE**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☐  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
    or if such prior notification is not possible, then within forty eight hours after such change;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 9/08) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties

Judgment — Page    4    of    5

DEFENDANT:      CHRISTIAN TARANTINO
CASE NUMBER:    CR 08-655 (JS)

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 200. | $ | $ |

☐   The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐   the interest requirement is waived for the    ☐  fine   ☐  restitution.

☐   the interest requirement for the    ☐  fine   ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case    Document 428    Filed 04/26/13    Page 5 of 5 PageID #: 2819
Sheet 6 — Schedule of Payments

| | | Judgment — Page ___5___ of ___5___ |

DEFENDANT:      CHRISTIAN TARANTINO
CASE NUMBER:    CR 08-655 (JS)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   **X**   Lump sum payment of $ ___200.___    due immediately, balance due

     ☐   not later than _____ , or
     ☐   in accordance    ☐   C,    ☐   D,    ☐   E, or    ☐   F below; or

**B**   ☐   Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

     Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**UNITED STATES OF AMERICA,**

v.                                                              NO. CR 08-655 (JS)

**CHRISTIAN TARANTINO**

_____/

## <u>NOTICE OF APPEAL</u>

**NOTICE IS HEREBY GIVEN** that the Defendant, **CHRISTIAN**

**TARANTINO,** hereby appeals to the United States Court of Appeals for the

Second Circuit the judgment of convictions and sentences in the above-captioned

case as set forth at sentencing on April 24, 2013, and as reflected in the final

judgment filed on April 26, 2013.

Respectfully submitted,

s/Todd G. Scher

TODD G. SCHER
Florida Bar No. 0899641
Law Office of Todd G. Scher, P.L.
398 E. Dania Beach Blvd. #300
Dania Beach, FL 33004
(754) 263-2349 (tel)
(754) 263-4141 (fax)
Counsel for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of May, 2013, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all interested parties.

s/Todd G. Scher

_____
TODD G. SCHER
Florida Bar No. 0899641
Law Office of Todd G. Scher, P.L.
398 E. Dania Beach Blvd. #300
Dania Beach, FL 33004
(754) 263-2349 (tel)
(754) 263-4141 (fax)
Counsel for Defendant

RPD:JMM/CC
F.#2003R02020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

CHRISTIAN GEROLD TARANTINO,

         Defendant.

- - - - - - - - - - - - - X

THE GRAND JURY CHARGES:

**I N D I C T M E N T**

**CR 08 655**

Cr. No. _____
(T. 18, U.S.C., §§ 33, 34, 1111,
1512(a)(1)(A), 1512(a)(1)(B),
1512(a)(1)(C), 1512(a)(3)(A),
1512(k), 2 and 3551 et seq.)

SEYBERT, J.

LINDSAY, M.

*FILED*
*IN CLERK'S OFFICE*
*U.S. DISTRICT COURT E.D.N.Y*
*★ SEP 23 2008 ★*
*LONG ISLAND OFFICE*

### INTRODUCTION

    At all times relevant to this Indictment, unless otherwise indicated:

The Murder of Julius Baumgardt

    1.   Mid-Island Check-Cashing Corporation ("Mid-Island") was a check-cashing business located in Massapequa, New York. Mid-Island owned and operated armored vans that served as mobile check-cashing outlets for the employees of Mid-Island's customers, which included businesses located on Long Island, New York and in New Jersey. Mid-Island's armored vans were "motor vehicles" as defined in Title 18, United States Code, Section 31(a)(6).

    2.   Volt Information Sciences, Inc. ("Volt") was a customer of Mid-Island located in Syosset, New York.

**2**

3. Julius Baumgardt ("Baumgardt") and John Doe 1, an individual whose identity is known to the Grand Jury, were persons employed by Mid-Island who jointly operated a Mid-Island armored van.

4. On or about June 23, 1994, Baumgardt and John Doe 1 were assigned to deliver United States currency to Volt. As Baumgardt and John Doe 1 approached the Volt premises, the defendant CHRISTIAN GEROLD TARANTINO ("TARANTINO"), Louis Dorval and John Doe 2, an individual whose identity is known to the Grand Jury, approached Baumgardt and John Doe 1. Baumgardt and John Doe 1 were ordered to lay on the ground and, while John Doe 1 was being handcuffed, Dorval shot and killed Baumgardt. At that time, TARANTINO, Dorval and John Doe 2 seized two briefcases carried by Baumgardt containing the United States currency.

The Murder of Louis Dorval

5. On or about December 3, 1993, TARANTINO, Dorval and others committed a burglary at a Filene's Basement store located in Manhasset, New York, and stole approximately 264 fur and leather coats. Subsequently, Dorval and others conspired to transport and sell, in interstate commerce, the fur and leather coats stolen from the Filene's Basement store (the "Filene's Basement scheme").

6. On or about and between June 23, 1994 and August 9, 1994, TARANTINO learned that Dorval had implicated TARANTINO in the Baumgardt murder in a discussion with John Doe 3, an individual whose identity is known to the Grand Jury.

7. On or about August 10, 1994, a federal Grand Jury sitting in the District of New Jersey returned an indictment entitled <u>United States v. Joseph Giampa, et al.</u>, 94-CR-403(AJL), (the "<u>Giampa</u> indictment") charging Dorval and others with federal crimes relating to the Filene's Basement scheme, among other offenses. On or about August 12, 1994, Dorval advised others that he intended to flee and remain a fugitive rather than face incarceration as a result of the <u>Giampa</u> indictment.

8. On or about August 12, 1994, within the Eastern District of New York, TARANTINO, together with others, killed Dorval, placed Dorval's body into a trunk and discarded the trunk in the Atlantic Ocean off the coast of Long Island, New York.

9. On or about August 16, 1994, United States Coast Guard officers found the trunk containing Dorval's body floating in the Atlantic Ocean off the coast of Long Island, New York.

<u>The Government Investigations</u>

10. On or about August 18, 1994, the Federal Bureau of Investigation, Long Island Resident Agency ("FBI-LIRA"), began an investigation into the murders of Baumgardt and Dorval.

4

In addition, beginning in approximately 1996, successive Grand
Jury panels sitting in the Eastern District of New York and in
the District of New Jersey investigated the murders of Baumgardt
and Dorval and other related crimes. Those investigations are
referred to herein collectively as the "Government
Investigations."

11. As part of the Government Investigations, in or
about July 2000, pursuant to an Eastern District of New York
Grand Jury subpoena, TARANTINO provided a DNA sample on a buccal
swab for the purpose of DNA analysis.

The Murder of Vincent Gargiulo

12. In or about and between January 2000 and February
2002, Vincent Gargiulo ("Gargiulo"), TARANTINO and others were
partners in a fitness club located in New York, New York.
Gargiulo suffered financial losses when the business failed.

13. In or about September 2000, Gargiulo
surreptitiously recorded a conversation with TARANTINO (the
"Gargiulo tape"). During the recorded conversation, TARANTINO
acknowledged involvement in the Baumgardt and Dorval murders and
stated, in sum and substance, that he was concerned that the DNA
sample he provided to the FBI would link him to the Baumgardt
murder. TARANTINO explained, in sum and substance, that law
enforcement authorities had seized a vehicle used in the Mid-
Island robbery and Baumgardt murder. TARANTINO further

5

commented, in sum and substance, that he had cut his finger
during the disposal of Dorval's body in the Atlantic Ocean.

14.  In or about and between December 2002 and August
2003, Gargiulo informed TARANTINO that he possessed the Gargiulo
tape and threatened to provide it to law enforcement officers
unless TARANTINO compensated him for the business losses he
sustained because of the failure of the fitness club.

15.  On or about and between May 21, 2003 and August
15, 2003, Gargiulo provided information to FBI-LIRA agents about
the Baumgardt and Dorval murders and offered to provide them
with additional information and the Gargiulo tape.

16.  Prior to August 18, 2003, TARANTINO hired John
Doe 4, an individual whose identity is known to the Grand Jury,
to kill Gargiulo.  On or about August 18, 2003, John Doe 4
killed Gargiulo in New York, New York.

COUNT ONE
(Willfully Endangering the Safety of
A Commercial Motor Vehicle
Operator Resulting in Death)

17.  The allegations contained in paragraphs 1 through
16 are realleged and incorporated as if fully set forth in this
paragraph.

18.  On or about June 23, 1994, within the Eastern
District of New York, the defendant CHRISTIAN GEROLD TARANTINO,
together with others, willfully and with a reckless disregard
for the safety of human life, disabled and incapacitated Julius

6

Baumgardt and John Doe 1, who were drivers and persons employed in connection with the operation of a motor vehicle used, operated and employed in interstate commerce, to wit: a Mid-Island armored van, and lessened the ability of such persons to perform their duties, which offense resulted in the death of Julius Baumgardt.

(Title 18, United States Code, Sections 33, 34, 2 and 3551 et seq.)

<u>COUNT TWO</u>
(Obstruction of Justice Murder of Louis Dorval)

19. The allegations contained in paragraphs 1 through 16 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about August 12, 1994, within the Eastern District of New York, the defendant CHRISTIAN GEROLD TARANTINO, together with others, did knowingly, unlawfully and with malice aforethought kill another person, to wit: Louis Dorval, with intent to prevent the communication by such person to a law enforcement officer of the United States of information relating to the commission and possible commission of federal offenses, including, but not limited to, the Baumgardt murder, the Filene's Basement scheme and other crimes charged in the <u>Giampa</u> indictment, which killing was a murder as defined in Title 18, United States Code, Section 1111(a), in that the defendant,

together with others, knowingly, willfully, deliberately,
maliciously and with premeditation killed Louis Dorval.

(Title 18, United States Code, Sections 1512(a)(1)(C),
1512(a)(3)(A), 1111, 2 and 3551 et seq.)

### COUNT THREE
(Conspiracy to Commit the Obstruction of Justice
Murder of Vincent Gargiulo)

21.  The allegations contained in paragraphs 1 through
16 are realleged and incorporated as if fully set forth in this
paragraph.

22.  In or about and between December 2002 and August
18, 2003, both dates being approximate and inclusive, within the
Eastern District of New York and elsewhere, the defendant
CHRISTIAN GEROLD TARANTINO, together with others, did knowingly,
unlawfully and with malice aforethought conspire to kill another
person, to wit: Vincent Gargiulo, with intent to: (a) prevent
the attendance and testimony of such person in an official
proceeding, including, but not limited to, the Government
Investigations; (b) prevent the production of a record, document
or other object in an official proceeding, including, but not
limited to, the Government Investigations; and (c) prevent the
communication by such person to a law enforcement officer of the
United States of information relating to the commission or
possible commission of federal offenses, including, but not
limited to, the Baumgardt murder and the Dorval murder, in

8

violation of Title 18, United States Code, Sections
1512(a)(1)(A), 1512(a)(1)(B) and 1512(a)(1)(C), which killing
was a murder as defined in Title 18, United States Code, Section
1111(a), in that the defendant, together with others, knowingly,
willfully, deliberately, maliciously and with premeditation
commanded, induced and procured another to kill Vincent
Gargiulo.

(Title 18, United States Code, Sections 1512(k),
1512(a)(3)(A), 1111, and 3551 et seq.)

## COUNT FOUR
(Obstruction of Justice Murder of Vincent Gargiulo)

23.  The allegations contained in paragraphs 1 through
16 are realleged and incorporated as if fully set forth in this
paragraph.

24.  On or about August 18, 2003, within the Southern
District of New York, the defendant CHRISTIAN GEROLD TARANTINO,
together with others, did knowingly, unlawfully and with malice
aforethought kill another person, to wit: Vincent Gargiulo, with
intent to: (a) prevent the attendance and testimony of such
person in an official proceeding, including, but not limited to,
the Government Investigations; (b) prevent the production of a
record, document or other object in an official proceeding,
including, but not limited to, the Government Investigations;
and (c) prevent the communication by such person to a law

9

enforcement officer of the United States of information relating
to the commission or possible commission of federal offenses,
including, but not limited to, the Baumgardt murder and the
Dorval murder, which killing was a murder as defined in Title
18, United States Code, Section 1111(a), in that the defendant,
together with others, knowingly, willfully, deliberately,
maliciously and with premeditation commanded, induced and
procured another to kill Vincent Gargiulo.

(Title 18, United States Code, Sections 1512(a)(1)(A),
1512(a)(1)(B), 1512(a)(1)(C), 1512(a)(3)(A), 1111, 2 and 3551 et
seq.)

## NOTICE OF SPECIAL FINDINGS

25. The allegations contained in Counts Three and
Four are realleged and incorporated as if fully set forth in
this paragraph.

26. As to Counts Three and Four, the defendant
CHRISTIAN GEROLD TARANTINO:

a. was 18 years of age or older at the time of
the offense (18 U.S.C. § 3591(a));

b. intentionally participated in one or more
acts, contemplating that the life of a person would be taken or
intending that lethal force would be used in connection with a
person, other than a participant in the offense, and Vincent

10

Gargiulo died as a direct result of the act or acts (18 U.S.C. § 3591(a)(2)(C));

      c.    intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

      d.    procured the commission of the offense by payment, or promise of payment, of anything of pecuniary value (18 U.S.C. § 3592(c)(7)); and

      e.    committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

SIR:

'PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 610 Federal Plaza, Central Islip, New York, on the ___ day of _____, 20__, at 10:30 o'clock in the forenoon.

Dated: Central Islip, New York
_____, 20____

_____
United States Attorney,
Attorney for _____

To:
_____

_____

Attorney for _____

---

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the ___ day of _____, in the office of the Clerk of the Eastern District of New York.

Dated: Central Islip, New York
_____, 20____

United States Attorney,
Attorney for _____

To:
_____

_____

Attorney for _____

---

Criminal Action No. _____

**UNITED STATES DISTRICT COURT**
**Eastern District of New York**

UNITED STATES OF AMERICA

- against -

CHRISTIAN GEROLD TARANTINO,

Defendant.

## INDICTMENT

(T. 18, U. S. C., §§ 33. 34, 1111, 1512(a)(1)(A), 1512(a)(1)(B), 1512(a)(1)(C), 1512(a)(3)(A), 1512(k), 2 and 3551 et seq.)

a true bill.

_____
Foreman

Filed in open court this _____ day of
_____ A.D. _____

_____
Clerk

Bail, $_____

_____

James M. Miskiewicz
Assistant U.S. Attorney 631-715-7841

APPEAL,MJSELECT

### U.S. District Court
### Eastern District of New York (Uniondale)
### CRIMINAL DOCKET FOR CASE #: 9:00-cr-00122-ADS-5

Case title: USA v. Galasso III et al

Date Filed: 02/10/2000
Date Terminated: 09/06/2002

Assigned to: Judge Arthur D. Spatt

#### Defendant (5)

**Joseph Pistone**
*TERMINATED: 12/07/2001*
*also known as*
Joe Baldy

represented by **Gary Schoer**
Gary Schoer, Esq.
6800 Jericho Turnpike
Syosset, NY 11791
(516) 496-3500
Fax: 516-496-3530
Email: gschoer@aol.com
*TERMINATED: 12/07/2001*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
Designation: CJA Appointment

#### Pending Counts

18:1962-7480.F(c), 1963 and 3551 et
seq. RACKETEERING
(1ss)

#### Disposition

Imprisonement: 240 Months.
Supervised Release: 3 Years.
Restitution: $2,000.00. Special
Assessment: $100.00.; Amended: 225
months; Supervised Release: 3 Years;
Restitution: $2,000.00.

#### Highest Offense Level (Opening)

Felony

#### Terminated Counts

18:1962-7480.F(c), 1963 and 3551 et
seq. RACKETEERING
(1)

18:1962-7480.F (c), 1963 and 3551 et
seq. RACKETEERING
(1s)

18:1962-7480.F(d), 1963 and 3551 et
seq. RACKETEERING
(2)

18:1962-7480.F i(d), 1963 and 3551
et seq. RACKETEERING
(2s)

18:1962-7480.F(d), 1963 and 3551 et
seq. RACKETEERING
(2ss)

18:844I.F, 2 and 3551 et seq.
PENALTIES - IF DEATH RESULTS
(3)

18:844I.F (i), 2 and 3551 et seq.
PENALTIES - IF DEATH RESULTS

#### Disposition

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on
the motion of the U.S.

Remaining Counts are dismissed on

| | |
|---|---|
| PENALTIES - IF DEATH RESULTS (3s) | the motion of the U.S. |
| 18:844I.F(i), 2 and 3551 et seq. PENALTIES - IF DEATH RESULTS (3ss) | Remaining Counts are dismissed on the motion of the U.S. |
| 18:1959-7482.F (a)(4) and 3551 et seq. RACKETEERING - THREATS (21s) | Remaining Counts are dismissed on the motion of the U.S. |
| 18:1959-7400.F(a)(4) and 3551 et seq. THREATENING TO COMMIT CRIME OF VIOLENCE (21ss) | Remaining Counts are dismissed on the motion of the U.S. |
| 18:844H.F, 2 and 3551 et seq. EXPLOSIVES USED IN COMMISSION OF FELONY (25ss) | Remaining Counts are dismissed on the motion of the U.S. |

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

---

**Garnishee**

**Discovery Communications, LLC.**

---

**Plaintiff**

USA                           represented by   **James M. Miskiewicz**
                                                United States Attorney's Office
                                                Eastern District of New York
                                                610 Federal Plaza
                                                Central Islip, NY 11722
                                                631-715-7841
                                                Fax: 631-715-7920
                                                Email: james.miskiewicz@usdoj.gov
                                                *LEAD ATTORNEY*
                                                *ATTORNEY TO BE NOTICED*

                                                **Beth Patricia Schwartz**
                                                United States Attorneys Office
                                                Eastern District of New York
                                                271 Cadman Plaza East
                                                Brooklyn, NY 11201-1820
                                                (718)254-6017
                                                Fax: (718)254-6081
                                                Email: Beth.Schwartz@usdoj.gov
                                                *ATTORNEY TO BE NOTICED*

                                                **Karen R. Hennigan**
                                                United States Attorneys Office
                                                Eastern District of New York
                                                271 Cadman Plaza East

                                                Brooklyn, NY 11201
                                                718-254-7000
                                                Fax: 718-254-7483

Email: karen.hennigan@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/10/2000 | | Magistrate Pohorelsky has been selected by random selection to handle any matters that may be referred in this case. (Harper, Karene) (Entered: 03/02/2000) |
| 04/10/2000 | 26 | SUPERSEDING INDICTMENT as to Saverio Galasso III (1) count(s) 1s, 2s, 3s, 4s, 5s-9s, 10s, Michael DeLucia (2) count(s) 1s, 2s, 4s, 5s-9s, 10s, Robert Misseri (3) count(s) 1s, 2s, 4s, 5s-9s, 10s, Gary Hendrickson (4) count(s) 1s, 2s, 3s, 4s, 5s-9s, 10s , Joseph Pistone (5) count(s) 1, 2, 3 Forfeiture Allegation applies to Count Ten (Mahon, Cinthia) (Entered: 04/19/2000) |
| 04/10/2000 | | ARREST WARRANT issued as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone (warrants were issued on 4/7/00 when the case was under seal) (Mahon, Cinthia) Modified on 04/19/2000 (Entered: 04/19/2000) |
| 04/10/2000 | 30 | LETTER dated 4/7/00 from James M. Miskiewicz to Judge Seybert re: the govt intends to make application before the Court for the detention of these defendants. (Mahon, Cinthia) (Entered: 04/19/2000) |
| 04/13/2000 | 56 | LETTER dated 4/13/00 from James Miskiewicz and Gary R. Brown to Judge Seybert re: Enclosing goct's proffer in suoport of application for a permanent order of detention. (Jafer, Halide) (Entered: 05/17/2000) |
| 04/17/2000 | | WRIT of Habeas Corpus ad Prosequendum issued as to Joseph Pistone for 4/20/00 at 11:30 A.M. (Jafer, Halide) (Entered: 05/15/2000) |
| 04/20/2000 | | District Court Arraignment as to Joseph Pistone held (Jafer, Halide) (Entered: 05/02/2000) |
| 04/20/2000 | 46 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Joanna Seybert on date of 4/20/00 at 11:30 A.M. for Criminal Cause for Arraignment. Dft present in custody w/ CJA counsel A. Kathleen Tomlinson (Available) and Richard Barbuto. Govt: James Miskiewicz. Court Reporter/ESR H. Rapaport. Dft. arraigned, waives reading of the indictment and enters a not guilty plea to the charges. Set status conference for 9:30 5/12/00 for Joseph Pistone before Judge Joanna Seybert Dft con. in custody. O.E.D. Executed through 5/12/00. Mr. Barbuto, who represents dft in state cases, is appointed pursuant to C.J.A. w/ consent of dft. (Jafer, Halide) (Entered: 05/02/2000) |
| 04/20/2000 | 47 | WAIVER of Speedy Trial and/or ORDER of Excludable Delay by Joseph Pistone (Dated 4/20/00) (Jafer, Halide) (Entered: 05/02/2000) |
| 05/12/2000 | 53 | LETTER dated 5/12/00 from James Miskiewicz to Judge Seybert re: Submitting memorandum to bring ct's attention to info on John Jacobs, Esq. (Jafer, Halide) (Entered: 05/15/2000) |
| 05/16/2000 | | CASE reassigned to Judge Arthur D. Spatt from Judge Joanna Seybert. (Chow, Alice) (Entered: 05/18/2000) |
| 05/17/2000 | 57 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Joanna Seybert on date of 5/17/00 at 1:30 P.M. for Criminal Cause for Status Conf Court Reporter/ESR Dorothy London. Dft Pistone present in custody w/ C.J.A. Richard Barbuto. Govt: James Miskiewicz. Conference held. Reset status conference for 9:30 5/19/00 for Joseph Pistone before Judge Joanna Seybert Dft. Pistone remains in custody. (Jafer, Halide) (Entered: 05/18/2000) |
| 05/19/2000 | | Status conference as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone held (Jafer, Halide) (Entered: 05/19/2000) |

| | | |
|---|---|---|
| 05/19/2000 | 59 | CALENDAR ENTRY as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone; Case called before Judge Joanna Seybert on date of 5/19/00 at 9:30 A.M. for Criminal Cause for Status Conf. Dft Galasso present on bail w/ retained counsel Valerie Amsterdan. Dft DeLucia present on bail w/ retained counsel William Keahon. Dft Misseri present in custody w/ retained counsel Elizabeth Macedonio. Dft Pistone present in custody w/ C.J.A. Richard Barbuto. Govt: Gary Brown and James Miskiewicz. Court Reporter/ESR Owen Wicker. Conference held. Dfts 1,2 continued on bond. Dfts 3,4,5 continued in custody. Due to the Ct's recusal, case has been reassigned. Parties are directed to appear b/f Judge Spatt, who has been selected at random. (Jafer, Halide) (Entered: 05/19/2000) |
| 05/19/2000 | 72 | CALENDAR ENTRY before Judge Spatt on 5/19/00 as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone for Criminal Cause for Status Conference. Conference held. Court Reporter: Dominick Tursi. Defendant Galasso present with retained counsel Valerie Amsterdan. Defendant DeLucia present with retained counsel William Keahon. Defendant Misseri present in custody with retained counsel Alan Futerfas. Defendant Hendrickson present in custody with retained counsel Elizabeth Macedonio. Defendant Pistone present in custody with retained counsel Richard Barbuto. Defendants waive speedy trial from 5/19/00 to 9/1/00. set jury selection for 9:00 9/5/00 for Saverio Galasso III, for Michael DeLucia, for Robert Misseri, for Gary Hendrickson, for Joseph before Judge Arthur D. Spatt Case reassigned from Judge Seybert to Judge Spatt. Curcio hearing as to deft. Hendrickson 6/2/00 at 2:30. Motions: deft's 7/13/00; Govt's 7/27/00; Deft's reply 8/3/00; oral argument 9/1/00 at 9:00. Govt's to provide all discovery. (Coleman, Laurie) (Entered: 07/11/2000) |
| 05/19/2000 | 77 | WAIVER of Speedy Trial and/or ORDER of Excludable Delay by Joseph Pistone. Start Date: 5/19/00. Stop Date: 9/1/00. ( Signed by Judge Arthur D. Spatt , Dated 5/19/00) (Coleman, Laurie) (Entered: 07/11/2000) |
| 06/15/2000 | 69 | LETTER dated 6/10/00 from Richard J. Barbuto to Mr. Brown and Mr. Miskiewicz re: This letter requests a bill of particulars (see letter for further details). (Coleman, Laurie) (Entered: 07/06/2000) |
| 07/14/2000 | 90 | MOTION by Joseph Pistone severance of defendants , disclosure of rule 404(b), 608 and 609(a) evidence and a Luck Hearing; disclosure of Brady Material and impeachment evidence concerning Rule 801, 803 and 804 declarants; Pretrial disclosure of Jencks Act materials; preservation and disclosure of handwritten notes of law enforcement officials; disclosure of witness list (Coleman, Laurie) (Entered: 07/17/2000) |
| 07/14/2000 | 91 | AFFIRMATION of Richard Barbuto on behalf of by Joseph Pistone in support of pretrial motions; [90-1] motion severance of defendants, [90-2] motion disclosure of rule 404(b), 608 and 609(a) evidence and a Luck Hearing; disclosure of Brady Material and impeachment evidence concerning Rule 801, 803 and 804 declarants; Pretrial disclosure of Jencks Act materials; preservation and disclosure of handwritten notes of law enforcement officials; disclosure of witness list. (Coleman, Laurie) (Entered: 07/17/2000) |
| 07/25/2000 | 110 | Sheriff's Dept report of physical examination as to Gary Hendrickson was performed on 7/11/00 and 7/21/00. (Jafer, Halide) (Entered: 09/14/2000) |
| 07/27/2000 | 102 | MEMORANDUM by USA as to Saverio Galasso III, Robert Misseri, Gary Hendrickson, Joseph Pistone in opposition to [98-1] motion to sever Mr. Galasso's trial from his co-defendants pursuant to F.R. Cr. P. 14 and U.S. Const. Amend. 5, [96-1] motion to sever Hendrickson's trial from that of co-defendants Misseri and Pistone, [90-1] motion severance of defendants, [88-1] motion to suppress certain physical evidence seized by law enforcement. (Coleman, Laurie) (Entered: 08/10/2000) |

| 08/31/2000 | 114 | SUPERSEDING INDICTMENT as to Saverio Galasso III (1) count(s) 1ss, 2ss, 3ss, 4ss, 5ss-10ss, 11ss-16ss, 17ss-20ss, 21ss, 22ss, Michael DeLucia (2) count(s) 1ss, 2ss, 4ss, 5ss-10ss, 21ss, 22ss, Robert Misseri (3) count(s) 1ss, 2ss, 3ss, 4ss, 5ss-10ss, 11ss-16ss, 21ss, 22ss, Gary Hendrickson (4) count(s) 1ss, 2ss, 3ss, 4ss, 5ss-10ss, 22ss, Joseph Pistone (5) count(s) 1s, 2s, 3s, 21s, David Hutter (6) count(s) 1, 2, 4, 5-10, 11-16, 17-20, 21, 22, James Dolce (7) count(s) 1, 2, 11-16, 17-20, 21, William Mooney (8) count(s) 11-16, 17-20, Joseph Franzese (9) count(s) 1, 2, 11-16, Joseph Cernera (10) count(s) 1, 2, 11-16, 17-20, 22, Saverio Galasso (11) count(s) 1, 2, 4, 5-10, 17-20, 21, 22 (Jafer, Halide) (Entered: 09/28/2000) |
|---|---|---|
| 08/31/2000 | | Arrest WARRANT issued as to Joseph Pistone (Jafer, Halide) (Entered: 09/28/2000) |
| 09/01/2000 | 109 | ORDER as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, that the indictment filed in the case be unsealed for all purposes ( Signed by Magistrate William D. Wall, on 9/1/00) c/m (Talbott, Thomas) (Entered: 09/05/2000) |
| 09/01/2000 | 112 | CJA 20 : Appointment of Attorney John Wallenstein for Joseph Cernera ( Signed by Magistrate William D. Wall , Dated 9/8/00) (Talbott, Thomas) (Entered: 09/21/2000) |
| 09/01/2000 | 115 | CALENDAR ENTRY as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II; Case called before Mag. Judge Wall on date of 9/1/00, for Criminal Cause for Pleading. Defendant Galasso III present on bail with retained counsel Valerie Amsterdam. Defendant Pistone present in custody with retained counsel Richard Barbuto. Defendant DeLucia present on bail with retained counsel William Keahon. Defendant Misseri present in custody with retained counsel Alan Futerfas. Defedant Hendrickson present in custody with retained counsel Elizabeth Macedonio. Defendant Hutter present in custody with retained counsel Ronald Rubenstein. Defendant Dolce in custody with retained counsel John Carmen. Defendant Mooney present in custody with retained counsel Michael Barrone. Defendant Franzese present in custody with retained counsel Lawrence Carra. Defendant Cernera present in custody with CJA John Wallenstein. Defendant Galasso II present in custody with retained counsel John Jacobs. Govt: James Miskiewicz. Not Guilty: Saverio Galasso III (1) count(s) 2ss, 3ss, 4ss, 5ss-10ss, 11ss-16ss, 17ss-20ss, 21ss, 22ss, Michael DeLucia (2) count(s) 1ss, 2ss, 4ss, 5ss-10ss, 21ss, 22ss, Robert Misseri (3) count(s) 1ss, 2ss, 3ss, 4ss, 5ss-10ss, 11ss-16ss, 21ss, 22ss, Gary Hendrickson (4) count(s) 1ss, 2ss, 3ss, 4ss, 5ss-10ss, 22ss, Joseph Pistone (5) count(s) 1s, 2s, 3s, 21s, David Hutter (6) count(s) 1, 2, 4, 5-10, 11-16, 17-20, 21, 22, James Dolce (7) count(s) 1, 2, 11-16, 17-20, 21, William Mooney (8) count(s) 11-16, 17-20, Joseph Franzese (9) count(s) 1, 2, 11-16, Joseph Cernera (10) count(s) 1, 2, 11-16, 17-20, 22, Saverio Galasso (11) count(s) 1, 2, 4, 5-10, 17-20, 21, 22 Set status conference for 1:30 p.m. on 9/8/00 for all defendants before Judge Arthur D. Spatt. Defendant Galasso III remains on bond. Defendant Pistone remains in custody and relieves counsel. Defendant DeLucia remains on bond. Defendant Misseri remains in custody. Defendant Hendrickson remains in custody. Defendant Hutter released on bond. Defendant Dolce released on bond. Defendant Mooney released on bond. Defendant Franzese released on bond. Defendant Cernera released on bond and appointed CJA counsel. Defendant Galasso II released on bond. All defendants waive speedy trial on the record except defendant Galasso III. (Coleman, Laurie) (Entered: 04/18/2001) |
| 09/21/2000 | 147 | LETTER dated 9/20/00 from Alan Futerfas to USDJ Spatt RE: Requesting the court sign the enclosed order compelling the USMS to return Mr. Misseri to the MDC. (Branciforte, Ralph) (Entered: 10/11/2000) |
| 10/05/2000 | 148 | LETTER dated 10/2/00 from Gary Schoen to USDJ Spatt RE: Defendant |

| 10/05/2000 | 148 | LETTER dated 10/2/00 from Gary Schoer to USDJ Spatt RE. Defendant Joseph Pistone joins in the motion to dismiss the superseding indictment filed by Valerie Amsterdam. (Branciforte, Ralph) (Entered: 10/11/2000) |
|---|---|---|
| 10/05/2000 | 149 | LETTER dated 10/3/00 from Alan Futerfas to USDJ Spatt RE: Supplementing the motion severance. Specifically, we seek a severance from the trial of co-defendant Joseph Pistone on the grounds that Joseph Pistone's anticipated behavior at trial will irreparably prejudice Mr. Misseri. (Branciforte, Ralph) (Entered: 10/11/2000) |
| 10/05/2000 | 150 | LETTER dated 10/4/00 from Alan Futerfas to USDJ Spatt RE: In advance of Friday's appearance, this letter respectfully advises the court of the difficulties we are encountering in obtaining the discovery needed for the

preparation of our case. (Branciforte, Ralph) (Entered: 10/11/2000) |
| 10/06/2000 | 151 | LETTER dated 10/5/00 from Alan Futerfas to USDJ Spatt RE: Requesting a motion schedule be set to quash the subpoena served upon our private investigator to testify before the grand jury. (Branciforte, Ralph) (Entered: 10/11/2000) |
| 10/06/2000 | 228 | CALENDAR ENTRY as to Saverio Galasso III, Robert Misseri, Gary Hendrickson, Joseph Pistone, William Mooney, Joseph Franzese, Saverio Galasso II. Case called before Judge Arthur D. Spatt on date of 10/6/00 @ 2:00 p.m. Criminal Cause for Motion. Court Reporter: Perry Auerbach. AUSA: James Miskiewicz/Gary Brown. Defendant Saverio Galasso III present on bail with retained counsel Valerie Amsterdam. Defendant Joseph Pistone present in custody with CJA attorney Gary Schoer. Defendant Robert Misseri present in custody with retained counsel Ellen Resnick. Defendant Gary Hendrickson present in custody with retained counsel Elizabeth Macedonio. Defendant William Mooney present in custody with retained counsel Steven Brounstein. Defendant Joseph Franzese present in custody with retained counsel Randy. Defendant Saverio Galasso II present on bail with retained attorney John Jacobs. Rulings on the record: 11/3/00 for Motions by Galasso, III and Pistone re: speedy trial at 1:30 p.m. Next status conference and motions for all defendants 2/9/01 @ 1:30. (Coleman, Laurie) (Entered: 01/18/2001) |
| 10/06/2000 | | Next status conference and motions as to Saverio Galasso III, Robert Misseri, Gary Hendrickson, Joseph Pistone, William Mooney, Joseph Franzese, Saverio Galasso II set for 2/9/01 @ 1:30 before Judge Arthur D. Spatt (see [228-1] calendar). (Coleman, Laurie) (Entered: 01/18/2001) |
| 10/07/2000 | 152 | MEMORANDUM ORDER The motions by defendant Galasso III to sever his trial from his co-defendants and for a bill of particulars are denied. Galasso's motion to strike portions of the complaint is denied without prejudice to renewal at the close of the government's case. The motions by defendant Pistone to sever his trial from his co-defendants and for certain pre-trial discovery are denied. Pistone's motion for suppression of statements and other evidence is denied without prejudice. The motion by defendant Misseri for certain pre-trial discovery; for a bill of particulars; for severance of his trial from his co-defendants; for dismissal of Count Ten of the Indictment; and for dismissal of the arson conspiracy overt act alleged as Subpart B of Racketeering Act two are denied. The court directs that a suppression hearing on Misseri's motion to suppress evidence relating to the

searches of his wallet and briefcase be held by USMJ Wall. The motions by defendant Hendrickson for severance of his trial from his co-defendants; for certain pre-trial discovery; and for a bill of particulars are denied. (Signed by Judge Arthur D. Spatt, dtd. 10/7/00) (Branciforte, Ralph) (Entered: 10/11/2000) |
| 10/11/2000 | 159 | LETTER dated 10/10/00 from Gary Schoer to Mr. Miskiewicz re: Requesting that the name of the "reliable source" be provided. (Jafer, Halide) (Entered: 10/20/2000) |

| 10/20/2000 | 153 | CALENDAR ENTRY as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II; Case called before Judge Arthur D. Spatt on date of 9/8/00 for status conf. Court Reporter/ESR Harry Rapaport; case called; defts 1-7 present with counsel; defts 3-7 waive speedy trial fron 9/8/00; Gary Schoer Esq is replacing Richard Barberto Esq as granted by the court; R. Misseri to stay in Nassau County Jail; all material by monday; P Stone and Galasso II refuse to waive speedy trail; defts 8-=11 present with counsel; defts 8-11 waive speedy trial fron 9/8/00; court directs govt to give all discovery to defts. motions: defts to serve 10/24/00 govt opposition by 11/7/00; defts reply by 11/14/00; former defts motions to sever and new defts motion 10/6 at 1:30 for oral argument; jury selection 4/23/00 at 9:00; questionairs by 12/1/00 to the court; discovery motions heard on 11/3 at 1:30; Galaro I \$100,00 secured bond; Monroe E Lewis sworn. (Bollbach, Jean) (Entered: 10/20/2000) |
| --- | --- | --- |
| 10/20/2000 | 157 | LETTER dated 10/5/00 from AUSA James Miskiewicz to All Counsel RE: discovery submitted. (Bollbach, Jean) (Entered: 10/20/2000) |
| 10/20/2000 | 158 | LETTER dated 9/19/00 from Mr. Schoer to Judge Spatt RE: appointment of investigator (Bollbach, Jean) (Entered: 10/20/2000) |
| 10/20/2000 | 158 | ORDER as to Joseph Pistone -application is granted - not to exceed \$750.00 without further order of this court ( Signed by Judge Arthur D. Spatt , on 9/27/00) (Bollbach, Jean) (Entered: 10/20/2000) |
| 10/20/2000 | 160 | LETTER dated 10/10/00 from James Miskiewicz to Counsel re: One of your private investigators received copies of tangible and documentary evidence. (Jafer, Halide) (Entered: 10/20/2000) |
| 10/23/2000 | 162 | LETTER dated 9/18/00 from Gary Schoer, Esq. to AUSA Gary Brown cc/Spatt requesting documentation not contained in that provided to him and as a supplemental demand for discovery. (Barhome, Sydelle) (Entered: 10/31/2000) |
| 11/01/2000 | 163 | LETTER dated 10/3/00 from AUSA Gary Brown to Mr. Futerfas re: we are in receipt of your subpoena issued to the Nassau County Police Department, returnable 10/1/00. Please be advised that materials generated by the police department are not subject to discovery via subpoena under the FRCP. To the extent that such materials are discoverable they will be provided. (Coleman, Laurie) (Entered: 11/02/2000) |
| 11/01/2000 | 164 | LETTER dated 10/5/00 from AUSA James Miskiewicz to Counsel re: Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the government furnishes the following discovery with respect to this case (See letter). (Coleman, Laurie) (Entered: 11/02/2000) |
| 11/06/2000 | 180 | LETTER dated 10/6/00 from Gary Schoer to Counsel re: I have attempted to contact Mr. Miskiewicz concerning my prior letters and the copies of materials which were agreed to be provided to me pursuant to the list attached to his letter to Mr. Futerfas of 10/10/00, but I have received no response to my calls. (Coleman, Laurie) (Entered: 11/07/2000) |
| 11/17/2000 | | Status conference as to Joseph Pistone held (Coleman, Laurie) (Entered: 11/21/2000) |
| 11/17/2000 | 182 | CALENDAR ENTRY before Judge Spatt on 11/17/00 as to Joseph Pistone. Criminal Cause for Status Conference. Conference held. AUSA: Gary Brown/James Miskiewicz. Defendant Joseph Pistone present with CJA counsel Gary Schoer. Medical treatment requests by Mr. Schoer dated 11/16/00. Counsel advises the Court that the defendant will receive medical treatment. Mr. Schoer to submit order to the court to allow the defendant to use the law library more than one time a week at the Nassau Correctional facility. NCC is no longer to seperate this defendant from co-defendants as requested by this defendant. Granted by the Court. before Judge Arthur D. |

| | | |
|---|---|---|
| | | Spatt on date of 11/17/00 for (Coleman, Laurie) (Entered: 11/21/2000) |
| 11/17/2000 | 189 | LETTER dated 11/16/00 from Gary Schoer to Hon. J. Spatt requesting to put this matter on the Judge's calender on 11/17/00, for the dft to appear immediately before the Judge to request medical treatment for a broken finger suffered when an inmate attaacked him. (Barhome, Sydelle) (Entered: 12/05/2000) |
| 11/22/2000 | 183 | LETTER dated 11/17/00 from Brian Bergevin, Law Clerk to Judge Spatt to Counsel re: The Court has reviewed the Louis Dorval homicide file

provided for in camera review by the U.S. Attorney on 10/26/00. The Court has concluded that some of the materials in it should be disclosed as Brady material. Specifically, the Court finds that the following documents should be produced: FBI Memorandum's dated 9/14/94 and 9/23/94; Handwritten statement dated 10/9/96; FBI Memorandum dated 11/28/94; 3 Page Document, undated; and Handwritten notes dated 12/3/99. Copies of documents are enclosed herein. (Coleman, Laurie) (Entered: 11/22/2000) |
| 11/22/2000 | 184 | LETTER dated 11/6/00 from Brian Bergevin to Mr. Brown re: The Court acknowledges receipt of your 10/26/00 letter filed under seal in this case and the exhibit binder containing the homicide file regarding Louis Dorval. The Court reviewed the contents of the binder in camera, and has concluded that some of the materials should be disclosed as Brady material. Specifically, the Court finds that the following documents should be produced: FBI Memorandum's dated 9/14/94 and 9/23/94; Handwritten statement dated 10/9/96; FBI Memorandum dated 11/28/94; 3 Page Document undated; Handwritten notes dated 12/3/99. Unless the Government raises a valid objection in writing on or before Wednesday 11/8/00, the Court will distribute copies of these documents to counsel for the defendants. (Coleman, Laurie) (Entered: 11/22/2000) |
| 11/27/2000 | 190 | ORDER as to Joseph Pistone; Ordered that the Nassau County Correctional Facility shall immediately remove from its computers and otherwise any an all separation orders/directives between the defendant, Joseph Pistone and his co-defendants, Robert Misseri, Michael DiLucia and Gary Hendrickson. (Signed by Judge Arthur D. Spatt, on 11/27/00). c/m (Coleman, Laurie) (Entered: 12/06/2000) |
| 11/27/2000 | 191 | ORDER as to Joseph Pistone; Ordered that the Nassau County Correctional Center shall permit defendant Joseph Pistone, access to the facility Law Library daily, should he choose to exercise his use of the Law Library in order to assist in his trial defense. (Signed by Judge Arthur D. Spatt, on 11/27/00). c/m (Coleman, Laurie) (Entered: 12/06/2000) |
| 11/29/2000 | | Status conference as to Joseph Pistone held (Coleman, Laurie) (Entered: 12/08/2000) |
| 11/29/2000 | 192 | CALENDAR ENTRY before Judge Spatt on 11/29/00 at 10:00 a.m. Criminal Cause for Status Confernce as to Joseph Pistone. Court Reporter: Harry Rapaport. AUSA: James Miskiewicz. Defendant Joseph Pistone present with CJA counsel Gary Schoer. Dr. Martin Roginsky present. He is the Medical Director of the Nassau County Jail. Defendant agrees to have

surgery on his hand. Dr. Roginsky is to make the arrangements. Case called before Judge Arthur D. Spatt for (Coleman, Laurie) (Entered: 12/08/2000) |
| 12/12/2000 | 195 | LETTER dated 12/5/00 from Gary Schoer to Your Honor re: I am in receipt of the enclosed letter of 11/28/00 from Alan S. Futerfas. My client, too, has in the past requested of the government all of the documents concerning Peter Pistone's cooperation with law enforcement and has sought the name of the reliable sources referred to in the Nassau County Dorval Investigative File, we respectfully join in the application for this Court to instruct the government to forthwith provide the information and documentation requested. (Coleman, Laurie) (Entered: 12/12/2000) |
| 12/12/2000 | 200 | LETTER dated 11/28/00 from Alan S. Futerfas to Judge Spatt re: This letter |

| | | concerns two areas in which the government's Brady obligations remain unfulfilled. The first is our longstanding request for documents concerning the cooperation of Peter Pistone. The second is our longstanding request for documents concerning the investigation of the Dorval homicide, a subject of our pending motions before this Court. See letter for further information. (Coleman, Laurie) (Entered: 12/20/2000) |
|---|---|---|
| 12/20/2000 | 199 | LETTER dated 11/21/00 from AUSA Gary Brown/James Miskiewicz to Judge Spatt re: To advise the court and counsel of information relating to Peter Pistone, a government witness identified in the the government's bail proffer CS-1. Although Pistone had previously indicated the defendant Robert Misseri was a participant in, and present during the Dorval homicide, yesterday, Pistone recanted that position, stating that Misseri was not present for the homicide, and that Pistone did not know whether Misseri had prior knowledge of the homicide. (Coleman, Laurie) (Entered: 12/20/2000) |
| 12/20/2000 | 201 | LETTER dated 11/28/00 from Alan S. Futerfas to Mr. Brown/Miskiewicz re: In light of your office's recent disclosure to the defense concerning Peter Pistone (CS1), we renew our request under Brady, Giglio and Kyles for immediate production of all documents concerning or relating to Peter Pistone's cooperation with law enforcement. We believe that the government possesses additional discoverable materials concerning the Dorval homicide investigation. The following items may not have been provided to the Court for its in camera review and should be produced to the defense immediately pursuant to Brady and Kyles. (See letter for further details). (Coleman, Laurie) (Entered: 12/20/2000) |
| 12/20/2000 | 202 | LETTER dated 12/8/00 from AUSA Gary Brown to Mr. Futerfas re: We are in receipt of copies of subpoenas seeking inter alia, materials which you term either Brady or Giglio material. This letter will serve as the government's response to those subpoenas for each of the served entities. The government serves notice that it will oppose production of the items demanded in the subpoenas as either not discoverable in the proceeding or as materials that have already been the subject of Judge Spatt's earlier production orders both denying and granting certain requests. (Coleman, Laurie) (Entered: 12/21/2000) |
| 12/20/2000 | 203 | LETTER dated 12/11/00 from Alan S. Futerfas to Mr. Miskiewicz/Mr. Brown re: This letter responds to your 12/8/00 letter regarding the defense subpoenas to various law enforcement agencies. The Order to Show Cause, which was served on your office on 12/8/00, clearly articulates the relevance, necessity and legal basis for the disclosure of the documents subpoenaed. (Coleman, Laurie) (Entered: 12/21/2000) |
| 12/22/2000 | 231 | Letter MOTION by Joseph Pistone request to join in and adopt the motion of the defendant Robert Misseri dated 12/4/00 seeking dismissal of the Second Superceding Indictment, or in the altnerative, dismissing the Dorval homicide charges from that Indictment I specifically adopt the declaration/affirmation in support of that Motion and the Memorandum of Law dated 10/30/00 and 12/4/00 prepared by Mr. Misseri's counsel, Alan S. Futerfas. (Coleman, Laurie) (Entered: 01/18/2001) |
| 12/27/2000 | | SEALED DOCUMENT placed in vault. (Document received for docketing on 1/22/01) (Mahon, Cinthia) (Entered: 01/22/2001) |
| 01/12/2001 | 233 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Arthur D. Spatt on date of 1/12/01 @ 1:45 p.m. Criminal Cause for Hearing. AUSA: James Miskiewicz/Gary Brown. Defendant Joseph Pistone present in custody with CJA counsel Gary Schoer. Re: Letter from Mr. Schoer, dated 1/5/01. Defendant is being subjected to cruel and inhumane treatment, denied access to law library and has not had hand surgery. Wants to return to M.D.C. Joseph Pistone sworn/test. Dr. Martin Roginsky sworn/test. Court finds defendant is not in danger and no cruel and inhumane treatment and no change since Federal Search. Defendant's application to return to M.D.C. is |

| | | change since Federal Search. Defendant's application to return to M.D.C. is Denied. Defendant to have a date for hospital and surgery in 2-3 weeks from now. (Coleman, Laurie) (Entered: 01/18/2001) |
|---|---|---|
| 01/19/2001 | 234 | LETTER dated 1/18/01 from AUSA James Miskiewicz to Dear Counsel re: Pursuant to Rule 16 of the F.R.Cr.P., the government furnishes the following supplemental discovery with respect to this case. (See letter for further information). (Coleman, Laurie) (Entered: 01/22/2001) |
| 01/22/2001 | | SEALED DOCUMENT placed in vault. (Mahon, Cinthia) (Entered: 01/24/2001) |
| 01/29/2001 | 235 | LETTER dated 1/25/01 from AUSA James Miskiewicz to Dear Counsel re: Pursuant to Rule 16 of the FRCP, please find enclosed copies of survillance photos depicting Saverio Galasso II, Savrio Galasso III, John "Sonny" Franseze, among others, taken on or about 11/22/00. If any other parties wish to view the originals please contact me. (Coleman, Laurie) (Entered: 01/29/2001) |
| 01/29/2001 | 236 | LETTER dated 1/18/01 from AUSA James Miskiewicz to Dear Counsel re: Pursuant to Rule 16 of the F.R.Cr.P., the government furnishes the following supplemental discovery with respect to this case. While the evidence pertains most directsly as the pay telephone frauds charged against defenant Galasso III, Misseri, Delucia, Hendrickson and Hutter, copies can be provided to counsel for any defendant herein upon request and originals will be made available for inspection upon request. (Coleman, Laurie) (Entered: 01/29/2001) |
| 01/29/2001 | 239 | Letter MOTION by USA as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II The government requests leave to file the enclosed memorandum of law out of time (Coleman, Laurie) (Entered: 02/07/2001) |
| 01/29/2001 | | ENDORSED ORDER as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II granting [239-1] motion The government requests leave to file the enclosed memorandum of law out of time as to Saverio Galasso III (1), Michael DeLucia (2), Robert Misseri (3), Gary Hendrickson (4), Joseph Pistone (5), David Hutter (6), James Dolce (7), William Mooney (8), Joseph Franzese (9), Joseph Cernera (10), Saverio Galasso (11) ( Signed by Judge Arthur D. Spatt , on 1/29/01) EOD #239. (Coleman, Laurie) (Entered: 02/07/2001) |
| 02/09/2001 | | Status conference & Motions as to Saverio Galasso III, Joseph Pistone, Michael DeLucia, Robert Misseri, Gary Hendrickson, David Hutter, James Dolce held (Coleman, Laurie) (Entered: 03/26/2001) |
| 02/09/2001 | 257 | CALENDAR ENTRY Case called before Judge Arthur D. Spatt on date of 2/9/01 @ 1:30 p.m., for Criminal Cause for Status Conference and Motion. |
| | | Govt: James Miskiewicz and Gary Brown. Defendant Saverio Galasso, III present with retained counsel Valerie Amsterdam. Defendant Joseph Pistone present with CJA counsel Gary Schoer. Defendant Michael Delucia present with retained attorney William Keahon. Defendant Robert Misseri present with retained counsel Alan Futerfas. Defendant Gary Hendrickson present with retained counsel Elizabeth Macedonio and CJA counsel Edward P. Jenks. Defendant David Hutter present with retained counsel Ronald Rubenstein. Defendant James Dolce present with retained counsel John Carman by Gary Schoer. Defendant William Mooney present with retained counsel Steven Brounstein. Defendant Joseph Franzese present with retained counsel Randy Zelin. Defendant Joseph Cernera present with CJA counsel John Wallenstein. Defendant Saverio Galasso II present with retained counsel John Jacobs. Status Conference held. Defendants 3-11 waive speedy trial from 2/9/01 to 4/23/01. Other: Motions by defendants 9, 6, 8, 11 & 4 rulings on the record. Court to issue written decision. Jurors |

| | | |
|---|---|---|
| | | Questionairres by 2/28/01. Consent by all counsel for Mag. Judge Wall to select a jury. Liora Ben Sorek, Esq. for Nassau County Attorneys Office moving to quash subpoena. Court rules to produce documents in camera to the court for inspection within 2-3 business days. Motion to sever by Mooney is Granted. (Coleman, Laurie) (Entered: 03/26/2001) |
| 02/10/2001 | 249 | MEMORANDUM of DECISION and ORDER: The [211-1] motion by Galasso II, [225-8] motion by Franzese, the [206-1] motion by Hutter, and the motion by Dolce to sever their trials from their co-defendants pursuant to FRCrP 14 are DENIED. Defendant Mooney's [185-1] motion to sever his trial from his co-defendants is GRANTED. The [185-3] motion by Mooney, [225-2] motion by Franzese, and the motion by Dolce for a Bill of Particulars are DENIED. The [225-1] motion by Franzese for discovery of the grand jury minutes is DENIED. The motion by Franzese for discovery of the master jury list from which the grand jury panel were selected is GRANTED. The [225-5], [225-9] motions for discovery by Franzese are DENIED without prejudice to renewal upon failure of the Government to comply with its discovery obligations. The [225-7] motion by Franzese for disclosure of the identity the Government's confidential informations is DENIED. The [225-3] motion by Franzese for dismissal of the indictment are DENIED. The [171-1], [204-1], [204-2] by Misseri and [231-1] motion by Pistone for dismissals of the indictment or, in the alternative, the arson and murder charges in the indictment are DENIED. The Court directs that suppression hearing on Franzese's motion to suppress evidence relating to the 4/1/99 interview held by U.S. Magistrate Judge William D. Wall at his earliest convenience. Counsel are directed to report to Judge Wall to fix a date for the hearing. (Signed by Judge Arthur D. Spatt, on 2/10/01). c/m (Coleman, Laurie) Modified on 03/26/2001 (Entered: 03/26/2001) |
| 02/16/2001 | 247 | TRANSCRIPT filed for Criminal Cause for Arraignment before Mag. Judge Wall on 9/1/00 as to Saverio Galasso III, Michael DeLucia, Joseph Pistone, David Hutter, William Mooney, Joseph Cernera, Saverio Galasso II. Court Reporter: Rosalie Lombardi. (Coleman, Laurie) (Entered: 02/16/2001) |
| 03/13/2001 | 254 | LETTER dated 3/8/01 from AUSA James Miskiewicz to Dear Counsel RE: Due remind counsel that the court will issue proposed questionnaires for prospective jurors on 3/21/01. Counsel for the government and defendants are to meet on 3/22/01 to review them and consult with the court if necessary to resolve any disputes that might arise. (Coleman, Laurie) (Entered: 03/15/2001) |
| 03/14/2001 | 273 | NOTICE of Subpoena in a Criminal Case (Signed by Judge Spatt on 3/14/01). The following people were served on 3/20/01 by DUSM Edward Coffee: Ann Meinke, Suffolk County District Attorney's Office, Riverhead, NY; Lisa Ross, Legal Assistant, EAB Plaza-Legal Dept., 1 EAB Plaza, Uniondale, NY; Madelyn Farley, Office of Consumer Affairs, 160 Old Country Road, Mineola, NY; Herman Echols, Nassau County District Attorney's Office, 262 Old Country Road, Mineola, NY; Marie DeRosier, Attorney General's Office, Nassau Regional Office, 200 Old Country Road, Mineola, NY; P.O. Eager #3094, Nassau County Police Dept., 1490 Franklin Avenue, Mineola, NY; Zhayde Sinnotti, Clerk, Suffolk County Police Dept., 30 Yaphank Avenue, Yaphank, NY; Fran Berger, IRS, 1040 Waverly Avenue, Holtsville, NY; Madelyn Murray, L.I. Better Business Bureau, 266 Main Street, 2nd Floor, Farmingdale, NY; Anna Marie Redmond, 929 Front Street, Uniondale, NY (Coleman, Laurie) (Entered: 03/28/2001) |
| 03/14/2001 | 275 | NOTICE of Subpoena in a Criminal Case (Signed by Judge Spatt, 3/14/01). Served on 3/14/01 by DUSM Edward Coffee on Donna Bokofky, Family Bank (which is now Security Bank), 4491 South State Road 7, Davie, FL. (Coleman, Laurie) (Entered: 03/28/2001) |
| 03/14/2001 | 280 | NOTICE of Subpoena in a Criminal Case served on Jacqueline Beauprez, Fiserv Correspondent Svcx. 1125 17th Street, Suite 1700, Denver, CO on 3/23/01 by D.U.S.M. Garcia. (Coleman, Laurie) (Entered: 04/04/2001) |

Eastern District of New York – LIVE Database V6.1

11/9/14, 9:52 AM

| 03/16/2001 | 274 | NOTICE of Subpoena in a Criminal Case (Signed by Judge Spatt, 3/16/01). The following were served on 3/16/01 by DUSM Edward Coffee: P.O. Younger #27, Old Brookville, Police Dept., Old Brookville, NY; PSA Carbone, Nassau County Police Dept., 1490 Franklin Avenue, Mineola, NY; Marjorie Joseph, Chase Manhattan Bank, One Chase Plaza, Legal Dept., 20th Floor, NY, NY; Herman Echols, Nassau County District Attorney's Office, 262 Old Country Rd., Mineola, NY, Dime Savings Bank, Legal Processing, Green Acres Mall, 20 East Walk-2nd Floor, Valley Stream, NY. (Coleman, Laurie) (Entered: 03/28/2001) |
|---|---|---|
| 03/16/2001 | | Status conference as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II held (Coleman, Laurie) (Entered: 04/17/2001) |
| 03/16/2001 | 284 | CALENDAR ENTRY before Judge Arthur D. Spatt on date of 3/16/01 @ 9:55 a.m., for Criminal Cause for Status Conference. Court Reporter: Ellen Combs. Govt: James Miskiewicz/Gary Brown/John Curran, Esqs. Defendant Saverio Galasso, III present with retained counsel Valarie Amsterdam by John Jacobs. Defendant Joseph Pistone present with retained attorney Richard Barbuto and CJA counsel Gary Schoer. Defendant Michael Delucia present with retained counsel William Keahon. Defendant Robert Misseri present with retained counsel Alan Futerfas/Ellen Reznick. Defendant Gary Hendrickson present with retained counsel Elizabeth Macedonio and CJA counsel Edward P. Jenks. Defendant David Hutter present with CJA counsel Norman Trabulus. Defendant James Dolce present with retained counsel John Carman. Defendant William Mooney present with retained counsel Steven Brounstein. Defendant Joseph Franzese not present, retained counsel Randy Zelin by John Wallenstein. Defendant Joseph Cernera not present, CJA counsel John Wallenstein present. Defendant Sererio Galasso II present with retain counsel John Jacobs. Peter Pistone material to be turned over to defendants forthwith. Govt. to turn over two weeks before trial. Brady & 3500 Material turn over to court and it will review material. (Coleman, Laurie) (Entered: 04/17/2001) |
| 03/20/2001 | 255 | LETTER dated 3/19/01 from AUSA James Miskiewicz to Counsel RE: Your 3/13/01 letter request for additional checks and/or documents pertaining to the NCI and Bell Atlantic bank accounts, the government has provided you with copies of all the bank documents we received in connection with those two accounts. If you believe the there are additional documents they are available to you by trial subpoena. (Coleman, Laurie) (Entered: 03/20/2001) |
| 03/23/2001 | 272 | LETTER dated 3/21/01 from James Miskiewicz to Judge Spatt RE: The government possesses no document or other information by any federal agency or by any state law enforcement officer suggesting that Louis Dorval was ever a cooperating witness or defendant at or before the time of his murder. (Coleman, Laurie) (Entered: 03/26/2001) |
| 03/23/2001 | 285 | SUPERSEDING INDICTMENT as to Saverio Galasso III (1) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 17sss-20sss, 21sss, 22sss, 25sss, 26sss, 27sss, Michael DeLucia (2) count(s) 1sss, 2sss, 4sss, 5sss-10sss, 21sss, 22sss, 28sss, Robert Misseri (3) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 21sss, 22sss, 25sss, 28sss, Gary Hendrickson (4) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 22sss, 25sss, Joseph Pistone (5) count(s) 1ss, 2ss, 3ss, 21ss, 25ss, David Hutter (6) count(s) 1s, 2s, 4s, 5s-10s, 11s-16s, 17s-20s, 21s, 22s, James Dolce (7) count(s) 1s, 2s, 11s-16s, 17s-20s, 21s, William Mooney (8) count(s) 11s-16s, 17s-20s, Joseph Franzese (9) count(s) 1s, 2s, 11s-16s, Joseph Cernera (10) count(s) 1s, 2s, 11s-16s, 17s-20s, 22s, Saverio Galasso (11) count(s) 1s, 2s, 4s, 5s-10s, 17s-20s, 21s, 22s, 23s, 24s (Coleman, Laurie) Modified on 04/26/2001 (Entered: 04/26/2001) |

| | | |
|---|---|---|
| | | 04/20/2001) |
| 03/23/2001 | | District Court Arraignment as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, Joseph Franzese, Joseph Cernera, Saverio Galasso II held Saverio Galasso III (1) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 17sss-20sss, 21sss, 22sss, 25sss, 26sss, 27sss, Michael DeLucia (2) count(s) 1sss, 2sss, 4sss, 5sss-10sss, 21sss, 22sss, 28sss, Robert Misseri (3) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 21sss, 22sss, 25sss, 28sss, Gary Hendrickson (4) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 22sss, 25sss, Joseph Pistone (5) count(s) 1ss, 2ss, 3ss, 21ss, 25ss, David Hutter (6) count(s) 1s, 2s, 4s, 5s-10s, 11s-16s, 17s-20s, 21s, 22s, James Dolce (7) count(s) 1s, 2s, 11s-16s, 17s-20s, 21s, Joseph Franzese (9) count(s) 1s, 2s, 11s-16s, Joseph Cernera (10) count(s) 1s, 2s, 11s-16s, 17s-20s, 22s, Saverio Galasso (11) count(s) 1s, 2s, 4s, 5s-10s, 17s-20s, 21s, 22s, 23s, 24s (Coleman, Laurie) (Entered: 05/02/2001) |
| 03/23/2001 | 287 | CALENDAR ENTRY Case called before Judge Arthur D. Spatt on date of 3/23/01 @ 11:50 a.m., for CR Cause for Arraignment. Govt: James Miskiewicz and John Curran. Defendant Saverior Galasso III present with retained counsel Valerie Amsterdam by John Jacobs. Defendant Joseph Pistone present with CJA counsel Gary Schoer. Defendant Michael Delucia present with retained counsel William Keahon. Defendant Robert Misseri present with retained counsel Alan Futerfas/Ellen Reznick. Defendant Gary Hendrickson present with retained counsel Elizabeth Macedonio and CJA counsel Edward P. Jenks. Defendant David Hutter present with CJA counsel Norman Trabulus. Defendant James Dolce present with retained counsel John Carman. Defendant Joseph Franzese present with retained counsel Randy Zelin. Defendant Joseph Cernera present with CJA counsel John Wallenstein. Defendant Saverio Galasso II present with retained counsel John Jacobs. Defendants 1-7, 9-11 present with counsel. reset jury selection for 9:00 9/12/01 for Saverio Galasso III, for Michael DeLucia, for Robert Misseri, for Gary Hendrickson, for Joseph Pistone, for Hutter, for James Dolce, for Joseph Franzese, for Joseph Cernera, for Saverio Galasso II before Judge Arthur D. Spatt , Defendants 1, 3, 5-7, 9-11 waive speedy trial from 3/23/01 to 6/8/01. Defendants 1-7, 9-11 plead Not Guilty to (S3) Superseding Indictment. Not Guilty: Saverio Galasso III (1) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 17sss-20sss, 21sss, 22sss, 25sss, 26sss, 27sss, Michael DeLucia (2) count(s) 1sss, 2sss, 4sss, 5sss-10sss, 21sss, 22sss, 28sss, Robert Misseri (3) count(s) 1sss, 2sss, 3sss, 4sss, 5sss-10sss, 11sss-16sss, 21sss, 22sss, 25sss, 28sss, Gary Hendrickson (4) count(s) 1sss, 2sss, 3sss, 4sss, 22sss, 25sss, Joseph Pistone (5) count(s) 1ss, 2ss, 3ss, 21ss, 25ss, David Hutter (6) count(s) 1s, 2s, 4s, 5s-10s, 11s-16s, 17s-20s, 21s, 22s, James Dolce (7) count(s) 1s, 2s, 11s-16s, 17s-20s, 21s, Joseph Franzese (9) count(s) 1s, 2s, 11s-16s, Joseph Cernera (10) count(s) 1s, 2s, 11s-16s, 17s-20s, 22s, Saverio Galasso (11) count(s) 1s, 2s, 4s, 5s-10s, 17s-20s, 21s, 22s, 23s, 24s Briefing Schedule: Defendant's Motions by 5/8/01. Govt's Opposition by 5/22/01. Defendants Reply by 5/30. Oral argument and status conference by 6/8/01 @ 1:30 p.m. Wed. 9/5/01 jurors to fill out questionairres. Govt within 10 days to submit letter re: redacted victims names. Defendant within 5 days after to respond. All additional discovery by 4/6/01. Govt to comply with previous schedule of discovery. (Coleman, Laurie) Modified on 05/03/2001 (Entered: 05/02/2001) |
| 03/23/2001 | | Pursuant to [287-1] Calendar Entry: Oral argument and Status conference set at 1:30 6/8/01 for Saverio Galasso III, for Michael DeLucia, for Robert Misseri, for Gary Hendrickson, for Joseph Pistone, for David Hutter, for Dolce, for Joseph Franzese, for Joseph Cernera, for Saverio Galasso II on before Judge Arthur D. Spatt (Coleman, Laurie) (Entered: 05/03/2001) |
| 03/28/2001 | 278 | LETTER dated 3/26/01 from Frank C. Lanzo, Assistant District Attorney, to Judge Spatt Re: My office was served with the attached subpoena returnable 3/26/01. In light of the fact that we received the subpoena today, I needed |

| | | time to comply with the subpoena or move to quash. I called Ed P. Jenks and he had no objection to a week adjournment. I request the court's permission to delay the requirement of our response to 4/2/01. (Coleman, Laurie) (Entered: 04/03/2001) |
|---|---|---|
| 04/11/2001 | | SEALED DOCUMENT placed in vault (Barhome, Sydelle) (Entered: 04/11/2001) |
| 04/12/2001 | 300 | LETTER dated 4/11/01 from Alan S. Futerfas to Mr. Miskiewicz Re: To confirm your conversation with Ms. Resnick concerning the scope of the govt's request for a protective order contained in your 4/6/01 affirmation. (rcd in dcktg 5/16/01). (Coleman, Laurie) (Entered: 05/16/2001) |
| 04/12/2001 | 301 | LETTER dated 4/11/01 from Alan S. Futerfas to Judge Spatt re: We urge the Court to order the government to turn over forthwith all of the documents encompassed by the three categories set forth herein. (Proposed Order annexed). (Coleman, Laurie) (Entered: 05/16/2001) |
| 04/17/2001 | 304 | LETTER dated 4/6/01 from AUSA John Curran to Counsel Re: Pursuant to Rule 16 of the FRCrP, the government furnishes the following supplemental discovery related to the superseding indictment. (rcd dcktg 5/16/01). (Coleman, Laurie) (Entered: 05/16/2001) |
| 04/30/2001 | 286 | NOTICE of Subpoena in a CR Case (signed by Judge Spatt on 3/14/01). Served on by USDM Mike Novak on Phil Rosario at Attorney General's Office, Consumer Protection Department, 110 Sherman Street, Hartford, CT 06105 on 3/20/01. (Coleman, Laurie) (Entered: 05/01/2001) |
| 04/30/2001 | 307 | LETTER dated 4/25/01 from Elizabeth E. Macedonio to Judge Spatt Re: With the consent of the govt this letter is written on behalf of several defendants to request a one month adjournment in the motion schedule. It is requested that defense motions currently due 5/8/01 be adjourned to 6/8/01, with the govt's response due by 6/22/01, and reply papers on or before 6/29/01. (Coleman, Laurie) (Entered: 05/16/2001) |
| 05/03/2001 | 296 | TRANSCRIPT of Proceeding before Judge Spatt on 1/12/01 @ 1:45 p.m. as to Joseph Pistone filed. Court Reporter: Dominick Tursi. (Coleman, Laurie) (Entered: 05/03/2001) |
| 05/03/2001 | 306 | LETTER dated 5/1/01 from AUSA John Curran to Counsel Re: Pursuant to Rule 16 of the FRCrP, the government furnishes the following supplemental discovery related to the superseding indictment, which the govt may offer at trial. (Coleman, Laurie) (Entered: 05/16/2001) |
| 05/11/2001 | 302 | ORDER as to Joseph Pistone - The MDC shall permit the Defendant, Joseph Pistone, access to the facility Law Library daily, should he choose to exercise his use of that Law Library in order to assist in his trial defense, subject to the security condition at the MDC. (Signed by Judge Arthur D. Spatt, on 5/11/01). (Coleman, Laurie) (Entered: 05/16/2001) |
| 06/06/2001 | 315 | NOTICE of fax from John Curran, AUSA to Judge Spatt's Chambers of attorney addresses as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II (Coleman, Laurie) (Entered: 06/15/2001) |
| 06/15/2001 | 316 | TRANSCRIPT of Proceeding before Judge Spatt on 3/23/01 @ 11:30 a.m. filed in case as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, Joseph Franzese, Joseph Cernera, Saverio Galasso II. Court Reporter: Maryann Steiger. (Coleman, Laurie) (Entered: 06/15/2001) |
| 06/18/2001 | 375 | LETTER dated 6/18/01 from AUSA James Miskiewicz to John Wallenstein RE: Furnishing certain documents as to Joseph Cernera. (Branciforte, Ralph) (Entered: 09/04/2001) |
| 07/02/2001 | 322 | LETTER dated 6/29/01 from AUSA James Miskiewicz to Norman Trabulus |

| | | Re: This letter is in response to your discovery request made by letters dated 6/4/01, 6/20/01 and 6/26/01 requesting various items in discovery. (Coleman, Laurie) (Entered: 07/03/2001) |
|---|---|---|
| 07/12/2001 | 325 | ORDER as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso II. Ordered that the public portion of the 3/16/01 status conference which was held in open court shall be unsealed and made available to counsel. The in camera portion of this proceeding shall remain sealed. (Signed by Judge Arthur D. Spatt, on 7/12/01). So Ordered. c/m (Coleman, Laurie) (Entered: 07/17/2001) |
| 07/19/2001 | 326 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Arthur D. Spatt on date of 7/19/01 @ 11:55 a.m. for CR Cause for Plea. Dft Pistone present with attorney Gary Schoer. Govt: James Miskiewicz. Court Reporter: Ellen Combs. Cased called. Dft sworn. Dft withdraws his previously entered guilty plea, to withdraw [287-2] relief Not Guilty: Joseph Pistone (5) count(s) 1ss, 2ss, 3ss, 21ss, 25ss , Dft pleads guilty to Count One of S-3 Indictment, Guilty: Joseph Pistone (5) count(s) 1ss , Court finds

factual basis for the plea and accepts it. Case referred to USPD for pre-sentence report. Dft waives public reading of S-3 Indictment. Set Sentencing for 10/26/01 @ 10:30 a.m. for Joseph Pistone before Judge Arthur D. Spatt Dft requests expedited P.S.R., court grants request. Dft orders transcript to C.J.A. (Coleman, Laurie) (Entered: 07/20/2001) |
| 08/01/2001 | 376 | NOTICE of MOTION submitted by Elizabeth Macedonio to adjourn the date set for trial (Branciforte, Ralph) (Entered: 09/05/2001) |
| 08/03/2001 | | Status conference as to Joseph Pistone held (Coleman, Laurie) (Entered: 09/04/2001) |
| 08/03/2001 | 369 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Arthur D. Spatt on date of 8/3/01 @ 11:50 a.m. for CR Cause for Status Conference. Defendant Joseph Pistone present with CJA counsel Gary Schoer. Govt: James Miskiewicz. USPO: Carmen Leichtle. Court Reporter/ESR Joseph Barbella. Case called. Conference held. reset Sentencing from 10/26/01 to 10/12/01 @ 9:30 a.m. for Joseph Pistone before Judge Arthur D. Spatt (Coleman, Laurie) (Entered: 09/04/2001) |
| 08/06/2001 | 514 | LETTER dated 8/6/01 from Brian D. Linder of Counsel to Jay Goldberg Re: Enclosing dfts' requested additions to the Court's jury questionnaire. (Received from Chambers for docketing on 4/14/05). (Coleman, Laurie) (Entered: 04/14/2005) |
| 08/08/2001 | 347 | TRANSCRIPT filed in case as to Joseph Pistone for dates of 7/19/01 of Guilty Plea ; Court Reporter/ESR: Ellen S. Combs (Mierzewski, Liz) (Entered: 08/09/2001) |
| 08/09/2001 | 349 | LETTER dated 8/9/01 from James Miskiewicz to Counsel Re: Pursuant to Rule 16 of the FRCrP, the government advises counsel that on 8/8/01, the govt receive four pay phones that govt witnesses will testify they purchased from the dfts Bell Atlantic in or about 1996. The govt will show that part of the scheme to defraud involved the delivery of such unusable equipment, or the removal of installed equipment by the coconspirators after payment was received. (Coleman, Laurie) (Entered: 08/10/2001) |
| 08/10/2001 | 361 | LETTER dated 8/10/01 from AUSA James Miskiewicz to Counsel Re: Please find enclosed the government's pretrial disclosures of 3500 Material. (Coleman, Laurie) (Entered: 08/30/2001) |
| 08/17/2001 | 363 | LETTER dated 8/17/01 from AUSA James Miskiewicz to Counsel Re: This letter is to aprize you of newly-available discoverable material that the

government will seek to offer at the trial, and to respond to various discovery requests of Mr. Goldberg, Mr. Trabulus, and Ms. Macedonio. (Coleman, Laurie) (Entered: 08/30/2001) |

| | | (Coleman, Laurie) (Entered: 08/30/2001) |
|---|---|---|
| 09/25/2001 | 388 | LETTER dated 9/12/01 from James M. Miskiewicz to John Wallenstein, Esq. re: the enclosed copy of the proposed superseding indictment; the enclosed copies of trial transcripts of the testimony of NASD vice president of enforcement Roger Sherman in U.S. v. Gordan Hall, U.S. v. Melvin Lloyd Richards, U.S. v. Pignatiello and U.S. v. Ragusa, in which the witness was qualified as an expert in the field of securities regulations (Fagan, Linda) (Entered: 09/25/2001) |
| 10/12/2001 | 408 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Arthur D. Spatt on date of 10/12/01 @ 10:55 a.m. for CR Cause Sentencing. Dft Joseph Pistone present in custody with CJA counsel Gary Schoer. Govt: James Miskiewicz/ John Curran. Court Reporter: Joseph Barbella. USPO: Andrew Jingeleski. Case called. Sentencing adjourned to 11/1/01 @ 10:00 a.m. for Joseph Pistone before Judge Arthur D. Spatt . (Coleman, Laurie) (Entered: 11/02/2001) |
| 11/01/2001 | 411 | CALENDAR ENTRY as to Joseph Pistone ; Before Judge Spatt dtd 11/1/01 @10:00 a.m. Criminal cause for Sentencing. Government: James Miskiewicz, Probation: Debbie Donovan. Deft: Gary Schoer. Sentencing adjourned. Court Reporter/ESR Harry Rapaport, reset Sentencing for 9:30 12/7/01 for Joseph Pistone before Judge Arthur D. Spatt (Mierzewski, Liz) (Entered: 11/05/2001) |
| 11/02/2001 | 414 | CJA 24 as to Joseph Pistone. Authorization to Pay Harry Rapaport $319.00 for Transcript. (Signed by Judge Arthur D. Spatt, dated 11/2/01). (Coleman, Laurie) (Entered: 11/27/2001) |
| 12/04/2001 | | SEALED DOCUMENT placed in vault. (Branciforte, Ralph) (Entered: 12/05/2001) |
| 12/07/2001 | | Sentencing held Joseph Pistone (5) count(s) 1ss (Coleman, Laurie) (Entered: 01/25/2002) |
| 12/07/2001 | 427 | CALENDAR ENTRY as to Joseph Pistone; Case called before Judge Arthur D. Spatt on date of 12/7/01 @ 9:30 a.m. for CR Cause for Sentencing. Dft Joseph Pistone present with CJA counsel Gary Schoer. Govt: James Miskiewicz. Court Reporter: Ellen Combs. Probation: Andrew Jingeleski. Case called. Sentencing held. Statement(s) of dft and counsel heard. The dft is sentenced to 240 months to be consecutive to end of state sentence which date is 5/2/01. The dft is remanded to the custody of the U.S. Marshal. The court makes the following recommendation to the Bureau of Prisons: to remain in the MDC until state sentence fullfilled (5/2/01) then be transferred to Federal Facility to serve Federal sentence. Dft is not to be removed at all from the MDC until transfer to Federal Facility. Recommended facility at the U.S. Penitentiary Coleman, security facility high in Coleman Florida in the S.E. region, receive drug abuse therapy in Federal Prison. Restitution is ordered in the amount $2,000.00 to U.S. Attorney's Office in Brooklyn for the Have a Home Kennel. To be paid at 10% gross income subsequent to his release from inceration and during supervised release. Special Assessment is imposed in the sum of $100.00 due immediately. The remaining counts are dismissed on the United States' motion. The dft is advised of right to appeal. Sentence is stayed for reasons stated so that dft can remain at the MDC until 5/9/02. (Coleman, Laurie) (Entered: 01/25/2002) |
| 12/07/2001 | 428 | JUDGMENT Joseph Pistone (5) count(s) 1ss. The dft pleaded guilty to Count 1 (of a 28 Count, Third Superseding Indictment). The dft is hereby committed to the custody of the U.S. Bureau of Prisons to be imprisoned for a term of 240 months. The court makes the following recommendations to the Bureau of Prisons: The dft to serve his sentence at the U.S. Penitentiary at Coleman, in Coleman, Florida, in the Southeast Region. The dft to receive drug abuse therapy. Additional Terms of Imprisonment: The dft has been given full credit on his state sentence. The sentence of the dft is to be consecutive to the end of the state sentence of two to four years on bail jumping. The sentence of dft is stayed for the reasons stated, so that the dft |

jumping. The sentence of dft is stayed for the reasons stated, so that the dft can remain in the Metropolitan Detention Center (MDC). I am specifically requesting that the dft remain in the MDC . I am requesting of the Marshals' service that he remain at the MDC to 5/9/02. However, if his state sentence ends before that, he is not to be released. The Federal sentence will commence immediately after the actual end of the state sentence. The dft is to receive drug abuse therapy in Federal Prison. The dft is not to be given credit for time previously served, unless he is not given credit in the state system. If he is not given credit in the state system, the dft is to be permitted to return to court on an application by his lawyer, and I will dowardly depart on the 5K2.0 to the extent that he has not been given credit in the state system or the Federal Systems for these crimes. Upon release from imprisonment, the dft shall be on supervised release for a term of 3 years. The dft to receive drug abuse therapy at the discretion of the probation department. The dft shall make restitution to the following persons: Have-A-Home Kennel in the amount of $2,000.00. Payments are to be made in

installments to the Clerk of the Court, United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201. The dft shall pay 10% of his gross monthly income, subsequent to his release during supervised release. Count(s) remaining are dismissed on the motion of the U.S. The dft shall pay a special assessment of $100.00 for count 1 which shall be due immediately. (Signed by Judge Arthur D. Spatt, on 12/7/01). (Coleman, Laurie) (Entered: 01/25/2002)

| | | |
|---|---|---|
| 12/07/2001 | 428 | DISMISSAL of Count(s) on Government Motion as to Joseph Pistone party Joseph Pistone Counts Dismissed: Joseph Pistone (5) count(s) 1s, 1, 2ss, 2s, 2, 3ss, 3s, 3, 21ss, 21s, 25ss (Coleman, Laurie) (Entered: 01/25/2002) |
| 12/07/2001 | 457 | AMENDED JUDGMENT: Joseph Pistone (5) count(s) 1ss. Imprisonment: 240 Months. Supervised Release: 3 Years. Restitution: $2,000.00. Special Assessment: $100.00. AMENDED JUDGMENT: The dft has been given full credit on his state sentence. The sentence of the dft is to be consecutive to the end of the state sentence of two to four years for bail jumping. The sentence of dft is stayed for the reasons stated, so that dft can remain in the Metropolitan Detention Center (M.D.C.). I am specifically requesting that the dft remain in the M.D.C. I am requesting of the Marshal's Service that he remain at the M.D.C. to 6/10/02. However, if his state sentence ends before that, he is not be released. The federal sentence will commence immediately after the actual end of the state sentence. (Signed by Judge Arthur D. Spatt, on 2/7/02). (Coleman, Laurie) Modified on 02/28/2002 (Entered: 02/28/2002) |
| 12/13/2001 | 435 | LETTER dated 12/10/01 from Richard J. Schmidt to The Court Re: This letter is to inform the court of my change of address. My current address is: 78 Wildflower Court, Apartment 19, Moriches, NY 11955. (Coleman, Laurie) (Entered: 01/25/2002) |
| 12/17/2001 | 423 | CJA 24 as to Joseph Pistone. Authorization to Pay Ellen Combs, CSR $198.00 for transcript of sentence. (Signed by Judge D. Spatt, dated 12/17/01). (Coleman, Laurie) (Entered: 01/15/2002) |
| 01/25/2002 | 67 | SEALED DOCUMENT placed in vault. This document was docketed as [67-1] it has been removed from the docket sheet and sealed, it is still numbered as [67-1]. (Coleman, Laurie) (Entered: 01/25/2002) |
| 02/11/2002 | 455 | LETTER dated 2/8/02 from Gary Schoer to Judge Spatt Re: At the time of sentence Your Honor stayed the execution of the dft's sentence so as to permit him to, hopefully, complete his State sentence prior to Your Honor's

sentence. It appears that I mathematically miscalculated with respect to when the dft will "max out" on his State sentence by 30 dys. Request that the judgment be amended to run to 6/10/02 (rather than 5/9/02). (Coleman, Laurie) (Entered: 02/19/2002) |
| 02/12/2002 | 452 | CJA 20 as to Joseph Pistone: Authorization to Pay Gary Schoer for |

| | | defendant Joseph Pistone $ 20,972.54. ( Signed by Judge Arthur D. Spatt, Dated 2/12/02 ) (Branciforte, Ralph) (Entered: 02/15/2002) |
|---|---|---|
| 02/12/2002 | 453 | LETTER dated 2/11/02 from USDJ Spatt to Honorable Sonia Sotomayor, Second Circuit RE: The attached CJA voucher submitted by Gary Schoer in the amount of $20,972.54 should be approved. (Branciforte, Ralph) (Entered: 02/15/2002) |
| 09/06/2002 | 491 | CALENDAR ENTRY as to Joseph Pistone ; Case called before Judge Arthur D. Spatt on date of 9/6/02 @ 9:30 a.m. for Conference. Defendant Pistone not present. Counsel Gary Schoer present. Govt: AUSA John Curran and James Miskiewicz. Court Reporter: Paul Lombardi. RULINGS: Defendant's written waiver of appearance is received. Court accepts waiver. Letter from Mr. Schoer that defendant is not being given credit for time served from 4/5/01 to 7/2/02. Court downwardly departs from 240 months to 225 months--15 months deducted from original sentence on the period of time he did not receive credit for time served. Mr. Schoer orders the transcript pursuant to CJA. (Branciforte, Ralph) (Entered: 09/12/2002) |
| 09/23/2002 | 494 | TRANSCRIPT of Conference before USDJ Spatt on 9/6/02 @ 9:30 a.m. filed in case as to Joseph Pistone; Court Reporter: Paul J. Lombardi. (Coleman, Laurie) (Entered: 09/23/2002) |
| 09/23/2002 | 500 | (SECOND AMENDED JUDGMENT) Joseph Pistone (5) count(s) 1ss. The deft: pleaded guilty to Count ONE (28 Count, Third Superseding Indictment). The Court downwardly departed on the basis of 5K2.0 to give the deft credit for time he was not credited with and should have been so credited. That time is from 4/5/01 through 7/2/02, a period of fifteen (15) months. The two hundred and forty (240) month sentence previously imposed is reduced by this downward departure to two hundred twenty five (225) months to be consecutive to the end of the state sentence of two (2) to four (4) years for bail jumping.** ** Special condition of sentence: 1. the deft is to receive drug abuse therapy. The Court makes the following recommendations to the Bureau of Prisons: That the deft serve his term of imprisonment in at the U.S. Penitentiary at Coleman, in Coleman, Florida, in the Southeast Region. The deft is remanded to the custody of the United States Marshal. Upon release from imprisonment, the deft shall be on supervised release for a term of three (3) years.** ** Special Condition: 1. The deft is to receive drug abuse therapy at the discretion of the Probation Department. The deft shall make restitution to the following persons inthe following amounts: Name of Payee: Hav-A-Home Kennel; Amount of Restitution: $2,000.00. Payments of restitution are to be made to: the payee(s). Restitution shall be paid: in installments according to the following schedule of payments: To the Clerk of Court United States District Court Eastern District of New York 225 Cadman Plaza East Brooklyn, NY 11202. The Deft shall pay 10% of his gross monthly income, subsequent to his release during supervised release. Counts and underlying indicments are dismissed on the motion of the United States. It is ordered that the deft shall pay to the United States a special assessment of $100.00 which shall be due immediately. ( Signed by Judge Arthur D. Spatt, on 9/23/02) (Fagan, Linda) (Entered: 10/24/2002) |
| 11/01/2002 | 502 | SATISFACTION OF WRIT of Habeas Corpus Ad Prosequendum as to Joseph Pistone; The undersigned Assistant U.S. Attorney Eastern District of New York hereby requests that the instant writ of habeas corpus be satisfied and that the United States Marshal for the district be authorized and directed to return the named detainee to the above identified custodian. ( Signed: Magistrate Judge Orenstein, on 11/1/02) (Fagan, Linda) Modified on 12/13/2002 (Entered: 12/12/2002) |
| 01/21/2003 | 504 | CJA 20 as to Joseph Pistone Supplemental Authorization to Pay Gary Schoer for defendant Joseph Pistone $ 1131.96 ( Signed by Judge Arthur D. Spatt, Dated 1/14/03 (Barhome, Sydelle) Modified on 01/28/2003 (Entered: 01/22/2003) |

| 04/18/2003 | 508 | U.S. Marshals Process Receipt And Return re: Notice of Pendency served on 9/27/01 upon Office of the Nassau County Clerk by Donna. (Fagan, Linda) (Entered: 04/21/2003) |
| 05/07/2003 | 509 | Supplemental/Duplicate CJA 20 as to Joseph Pistone : Authorization to Pay Gary Schoer. Amount: $ 1,131.96, Voucher # not advised . (Signed by Judge Arthur D. Spatt on 5/7/03.) (Fagan, Linda) (Entered: 05/20/2003) |
| 02/18/2009 | 538 | Letter *to Honorable Arthur D. Spatt requesting a filing of a motion as to Joseph Pistone* as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso, II (Schoer, Gary) (Entered: 02/18/2009) |
| 02/19/2009 | 539 | Letter as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso, II (Miskiewicz, James) (Entered: 02/19/2009) |
| 05/11/2009 | 542 | Certificate of Service re 506 Preliminary Order of Forfeiture, served at USMS Headquarters on 3/4/04 (Mierzejewski, Elizabeth) (Entered: 05/14/2009) |
| 06/21/2010 | 547 | Letter *to Honorable Arthur D. Spatt, regarding pending Order remaining at MDC regading Joseph Pistone* as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso, II (Schoer, Gary) (Entered: 06/21/2010) |
| 06/23/2010 | 548 | ORDER Re: 547 Letter - To the Bureau of Prisons: As stated above, the Bureau of Prisons is directed to retain inmate Joseph Pistone at the MDC until further order of this Court. Signed by Senior Judge Arthur D. Spatt on 6/23/10. (Coleman, Laurie) (Entered: 06/30/2010) |
| 06/21/2011 | 549 | Minute Entry for proceedings held before Senior Judge Arthur D. Spatt: Dft Pistone not present in custody; CJA counsel Gary Schoer present. Govt: AUSA James Miskiewitz. Status Conference as to Joseph Pistone held on 6/21/2011. Re: 6/20/11 letter from Warden Duke Ferrell. Transcript sealed. Available to counsel if requested. Rulings on the record.(Court Reporter: Paul Lombardi) (Brienza, Lauren) (Entered: 06/27/2011) |
| 06/24/2011 | 551 | LETTER dated 6/24/11 from JOSEPH PISTONE to Judge Spatt Re: Request to appear in person. (Coleman, Laurie) (Entered: 07/14/2011) |
| 07/12/2011 | 550 | LETTER dated 7/12/11 from Richard J. Schmidt to the Court Re: This letter is to inform the Court of my change of address awaiting restitution. Current address: 25 Sylvan Lane, Port Jefferson State, NY 11776. (Coleman, Laurie) (Entered: 07/13/2011) |
| 07/12/2011 | 552 | LETTER from Law Clerk to the Honorable Arthur D. Spatt to JOSEPH PISTONE. The Court, at this time, denies your request to appear in person to discuss your present problem. (Coleman, Laurie) (Additional attachment(s) added on 7/14/2011: # 1 Letter dated 6/24/11 from Joseph Pistone) (Coleman, Laurie) (Entered: 07/14/2011) |
| 12/12/2011 | 560 | NOTICE of Answer of the Garnishee. (Coleman, Laurie) (Entered: 12/13/2011) |
| 06/25/2014 | 572 | Consent MOTION to Continue Sentencing by David Hutter as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph Pistone, David Hutter, James Dolce, William Mooney, Joseph Franzese, Joseph Cernera, Saverio Galasso, II. (Trabulus, Norman) (Entered: 06/25/2014) |
| 09/12/2014 | 574 | Consent MOTION to Continue Sentencing by David Hutter as to Saverio Galasso III, Michael DeLucia, Robert Misseri, Gary Hendrickson, Joseph |

JLA:JRC:GRB:JMM:jmm
F.#2000R00295
toolrico2.ind

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

SAVERIO GALASSO III,
    also known as "Sammy,"
JOSEPH PISTONE,
    also known as "Joe Baldy,"
MICHAEL DELUCIA,
    also known as
    "Michael Fazio"
    and "Michael Curaso,"
ROBERT MISSERI,
    also known as
    "Robert Mangano,"
GARY HENDRICKSON,
DAVID HUTTER,
JAMES DOLCE,
WILLIAM MOONEY,
JOSEPH FRANZESE,
JOSEPH CERNERA and
SAVERIO GALASSO II,
    also known as "Sam Senior,"

              Defendants.

- - - - - - - - - - - - - - -X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT, E.D.N.Y.
[illegible]

**S U P E R S E D I N G**
**I N D I C T M E N T**

Cr. No. 00-0122(S-2)(ADS)
(T. 18, U.S.C., §§ 371,
  844(i), 982(a)(1), 982(b),
  1341, 1343, 1951, 1956(h),
  1959(a)(4), 1962(c),
  1962(d), 1963, 2 and
  3551 et seq.)

THE GRAND JURY CHARGES:

### INTRODUCTION TO ALL COUNTS

    At all times relevant to this Superseding Indictment,
unless otherwise indicated:

114

## The Enterprise

1.    The Colombo Organized Crime Family (hereinafter "the Colombo Family") was part of a nationwide criminal organization known by various names, including the "mafia" and "La Cosa Nostra," which operated through entities known as "families."  The ruling body of this nationwide organization was known as the "commission," the members of which at various times included the bosses of the five New York City-based families, including the boss of the Colombo Family.

2.    The Colombo Family consisted of both "made" members -- who were organized in a hierarchy -- and associates who operated under the protection of, took orders from, and paid monies to "made" members.  Associates maintained their status with the Colombo Family by carrying out directives issued by "made" members and sharing ill-gotten gains with members.  From time to time, an associate would be inducted into the Colombo Family and required to take the oath of "omerta," that is an oath not to reveal the existence or work of the Colombo Family.

3.    The defendants SAVERIO GALASSO III, also known as "Sammy," and ROBERT MISSERI, also known as "Robert Mangano," were associates within the Colombo Family.

4.    Groups of associates, often referred to as "crews," would frequently operate together to commit crimes.  One such crew operated under the direction of the defendants SAVERIO GALASSO III,

3

also known as "Sammy," and ROBERT MISSERI, also known as "Robert Mangano," (hereinafter "the Galasso-Misseri Crew" or the "Enterprise"). The Galasso-Misseri Crew, together with its associated business entities, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact that engaged in, and its activities affected, interstate commerce. The Galasso-Misseri Crew was an organized criminal group that operated in Long Island and elsewhere, working at the direction and under the protection of members of the Colombo Family and, from time to time, with members of other organized crime families. The Galasso-Misseri Crew, through its members and associated entities, engaged in racketeering activity as defined in Title 18, United States Code, Section 1961(1), including acts and threats involving murder, arson, assaults, mail fraud, wire fraud and money laundering.

5. Beginning in or about 1994, and continuing until in or about 1998, both dates being approximate and inclusive, the defendants SAVERIO GALASSO III, also known as "Sammy," JOSEPH PISTONE, also known as "Joe Baldy," MICHAEL DELUCIA, also known as "Michael Fazio" and "Michael Curaso," ROBERT MISSERI, also known as "Robert Mangano," GARY HENDRICKSON, DAVID HUTTER, JAMES DOLCE, JOSEPH FRANZESE, JOSEPH CERNERA and SAVERIO GALASSO II, also known as "Sam Senior," together with others, were, at various times, members of the Galasso-Misseri Crew.

4

6.    John Doe 1, an unindicted coconspirator whose identity is known to the Grand Jury, was a member and leader in the Colombo Family who, at various times, acted as an intermediary between the Galasso-Misseri Crew and the hierarchy of the Colombo Family, to whom the Galasso-Misseri Crew paid a portion of the money generated from their illegal activities.

7.    John Doe 2, an unindicted coconspirator whose identity is known to the Grand Jury, was a member and leader in the Colombo Family to whom the Galasso-Misseri Crew paid a portion of the money generated from the illegal activities conducted through various associated entities described below.

<u>Associated Business Entities</u>

**Nationwide Communications, Inc.,
Bell Atlantic Corporation and
American Paytel Corporation**

8.    Nationwide Communications, Inc. ("NCI"), Bell Atlantic Corporation ("Bell Atlantic") and American Paytel Corporation ("American Paytel") were New York corporations established by members of the Galasso-Misseri Crew for the purpose of raising money for the Enterprise and its individual members by soliciting customers (hereinafter "Customer Victims"), whose identities are known to the grand jury, to purchase coin-operated pay telephones, as well as locations where these payphones would be installed and operated, known as "routes."

5

9.  In or about and between 1994 and 1995, the defendant SAVERIO GALASSO III, also known as "Sammy," was the president of NCI.  The defendant DAVID HUTTER was vice president of NCI.  Both defendants directed and participated in the day-to-day operations of NCI at offices located at 88 Urban Avenue, Westbury, New York.

10.  In or about and between March 1996 and November 1996, the defendants SAVERIO GALASSO III, also known as "Sammy," MICHAEL DELUCIA, also known as "Michael Fazio" and "Michael Curaso," ROBERT MISSERI, also known as "Robert Mangano," and GARY HENDRICKSON directed and participated in the day-to-day operations of Bell Atlantic at the same offices previously occupied by NCI at 88 Urban Avenue, Westbury, New York.

11.  From approximately January 1997 through December 1997 the defendants MICHAEL DELUCIA, also known as "Michael Fazio" and "Michael Curaso," ROBERT MISSERI, also known as "Robert Mangano," GARY HENDRICKSON, together with others, directed and participated in the day-to-day operations of American Paytel at offices located at 1111 Route 110, Farmingdale, New York.

United Plastic Processors, Inc., and
King Communications, Inc.

12.  United Plastics Processors, Inc. ("United Plastics") was a New York corporation established by members of the Galasso-Misseri Crew for, among other purposes, raising money for the Enterprise and its individual members.  Beginning on or about February 13, 1997, the defendants DAVID HUTTER and SAVERIO GALASSO

6

II, also known as "Sam Senior," directed and participated in the day-to-day operations of United Plastics at offices located at 33 Tec Street, Hicksville, New York.

13. King Communications, Inc. ("King Communications") was a New York corporation established by members of the Galasso-Misseri Crew using funds diverted from Innovative Displays, Inc., another Galasso-Misseri Crew company described below in paragrapgh 14. Beginning on or about May 7, 1997, the defendants SAVERIO GALASSO III, also known as "Sammy," DAVID HUTTER and SAVERIO GALASSO II, also known as "Sam Senior," directed and participated in the day-to-day operations of King Communications at offices located at 33 Tec Street, Hicksville, New York.

### Innovative Displays, Inc., Hamilton Venture Capital Corporation and Jaron Equities Corporation

14. Innovative Displays, Inc. ("IDI") was a New York corporation established by members of the Galasso-Misseri Crew for, among other purposes, raising money for the Enterprise and its individual members by selling shares to private investors (hereinafter, the "Investor Victims"), whose identities are known to the grand jury. IDI was purportedly in the business of selling advertising space on pay telephone booths. At various times between approximately November 1994 and April 1997, the defendants SAVERIO GALASSO III, also known as "Sammy," and DAVID HUTTER, were officers and shareholders of IDI, and together with the defendants

JAMES DOLCE, WILLIAM MOONEY, JOSEPH FRANZESE and JOSEPH CERNERA together with others, directed, participated and benefitted from the day-to-day operations of IDI at the former NCI offices located at 88 Urban Avenue, Westbury, New York, as well as at offices located at One EAB Plaza, Uniondale, New York.

15. Hamilton Venture Capital Corporation ("Hamilton Venture") was a New York corporation established in or about June 1996 by members of the Galasso-Misseri Crew ostensibly to raise monies for IDI. These defendants, acting through Hamilton Venture, raised money by (a) fraudulently selling to Investor Victims shares of stock in various corporations owned or controlled by the Galasso-Misseri Crew, including IDI, and (b) diverting money obtained from Investor Victims to other companies owned or controlled by the Galasso-Misseri Crew, including United Plastics and King Communications. The defendant SAVERIO GALASSO III, also known as "Sammy," was an officer of Hamilton Venture and, together with the defendants JAMES DOLCE, WILLIAM MOONEY, JOSEPH FRANZESE and JOSEPH CERNERA, directed and participated in the operations of Hamilton Venture at offices located at 88 Urban Avenue, Westbury, New York and One EAB Plaza, Uniondale, New York.

16. Money raised through Hamilton Venture was used for, among other purposes, expenses related to the acquisition of Jaron Equities Corporation ("Jaron Equities"). Jaron Equities was a brokerage firm registered by the National Association of

8

Securities Dealers ("NASD") to buy and sell stocks, bonds and other securities on behalf of investors. In or about September 1996, the defendant SAVERIO GALASSO III, also known as "Sammy," acquired a controlling interest in Jaron Equities and, along with the defendants JAMES DOLCE, WILLIAM MOONEY, JOSEPH FRANZESE and JOSEPH CERNERA, participated in Jaron Equities' day-to-day operations, at offices located at One EAB Plaza, Uniondale, New York.

## Purposes, Methods and Means of the Enterprise

17. The principal purpose of the Enterprise was to generate money for its members and associates. This purpose was effected through various criminal activities, including the racketeering activity identified in paragraph three. Among the methods and means by which the members and associates of the Enterprise furthered its criminal activities were inducing fear of physical injury, threatened and actual use of physical violence, including murder, arson and assault, and fraud perpetrated against Customer Victims and Investors Victims of the Enterprise's associated business entities for the purpose of raising money.

18. The members of the Enterprise engaged in conduct designed to strengthen the Enterprise and to prevent government detection of their identities, illegal activities and proceeds of illegal activities.

## COUNT ONE
### (Racketeering)

19. The allegations of paragraphs 1 through 18 are hereby realleged and incorporated as if fully set forth herein.

20. In or about and between January 1993 and November 17, 1998, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, defendants SAVERIO GALASSO III, also known as "Sammy," JOSEPH PISTONE, also known as "Joe Baldy," MICHAEL DELUCIA, also known as "Michael Fazio" and "Michael Curaso," ROBERT MISSERI, also known as "Robert Mangano," GARY HENDRICKSON, DAVID HUTTER, JAMES DOLCE, JOSEPH FRANZESE, JOSEPH CERNERA and SAVERIO GALASSO II, also known as "Sam Senior," together with others, being persons employed by and associated with the Galasso-Misseri Crew, an Enterprise which engaged in, and the activities of which affected, interstate commerce, knowingly and intentionally conducted and participated, directly and indirectly, in the conduct of the affairs of that Enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below. For each racketeering act alleged below, the commission of any one of the racketeering act's subparts constitutes commission of that racketeering act.

## Racketeering Act One
### (Murder of Louis Dorval)

A. <u>Murder</u>

21. In or about August 1994, within the Eastern District of New York, the defendants JOSEPH PISTONE, also known as "Joe Baldy," and ROBERT MISSERI, also known as "Robert Mangano," together with others, did knowingly and intentionally murder Louis Dorval, in violation of New York Penal Law Sections 125.27 and 105.13.

B. <u>Murder Conspiracy</u>

22. In or about August 1994, within the Eastern District of New York, the defendants JOSEPH PISTONE, also known as "Joe Baldy," and ROBERT MISSERI, also known as "Robert Mangano," conspired to murder Louis Dorval, in violation of New York Penal Law Sections 125.25, 110.00 and 105.15.

23. In furtherance of the conspiracy, and in order to accomplish its objectives, the defendants JOSEPH PISTONE, also known as "Joe Baldy," and ROBERT MISSERI, also known as "Robert Mangano," and their co-conspirators committed and caused the commission of the following overt acts:

         a. In or about August 1994, the defendants JOSEPH PISTONE and ROBERT MISSERI, together with another, traveled in a passenger vehicle with Louis Dorval;



11

b.  In or about August 1994, the defendant JOSEPH
    PISTONE shot and killed Louis Dorval in the
    passenger vehicle;

c.  In or about August 1994, the defendants JOSEPH
    PISTONE and ROBERT MISSERI loaded Louis
    Dorval's body into a "Tuff Bin" tool box; and

d.  In or about August 1994, the defendant JOSEPH
    PISTONE, together with another, dumped the
    "Tuff Bin" toolbox containing the body of
    Louis Dorval into the Atlantic Ocean south of
    Long Island.

### Racketeering Act Two
#### (Arson)

A. Arson

24.  On or about February 15, 1998, within the Eastern
District of New York, the defendants SAVERIO GALASSO III, also
known as "Sammy," JOSEPH PISTONE, also known as "Joe Baldy," ROBERT
MISSERI, also known as "Robert Mangano," and GARY HENDRICKSON,
together with others, did knowingly, intentionally and maliciously
attempt to damage and destroy by means of fire a building and other
real and personal property used in activities affecting interstate
commerce, to wit: the Hav-a-Home Kennel, 232 Brookville Road, Old
Brookville, New York, in violation of New York Penal Law Section
150.10.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
UNITED STATES OF AMERICA,

                    Plaintiff,

        -against-                        <u>MEMORANDUM AND ORDER</u>
                                         08-CR-655 (JS)

CHRISTIAN GEROLD TARANTINO,

                    Defendant.
--------------------------------X
APPEARANCES:
For Plaintiff:      Carrie Nicole Capwell, Esq.
                    James M. Miskiewicz, Esq.
                    United States Attorneys Office
                    560 Federal Plaza
                    Central Islip, NY 11722

For Defendant:      Diarmuid White, Esq.
                    White & White
                    148 East 78 Street
                    New York, NY 10021

                    James R. Froccaro, Esq.
                    20 Vanderventer Ave., Suite 103W
                    Port Washington, NY 11050

                    Michael Rosen, Esq.
                    Law Office of Michael Rosen
                    61 Broadway, Suite 1105
                    New York, NY 10006


SEYBERT, District Judge:

        Pending before the Court is a Motion to Dismiss, pursuant

to Fed. R. Crim. P. 12(b), coupled with other pre-trial motions,

filed by Christian Tarantino ("Tarantino" or "Defendant").

        More specifically, Tarantino moves for: (1) the

suppression of a conversation, surreptitiously recorded, in which

he indirectly confesses to two of the murders charged in the

Indictment; (2) dismissal of Counts One and Two on account of statute of limitations problems; (3) dismissal of Count One due to the Government's failure to allege intent in connection with the Defendant's alleged participation in the killing of an armored car guard; (4) a limited bill of particulars; and (5) miscellaneous discovery requests.

I.   <u>Motion to Suppress Pursuant to Title III of the Omnibus Crime Control and Safe Street Acts of 1968, 18 U.S.C. § 2511(1)</u>.

Tarantino moves to suppress an audiotape ("Gargiulo audiotape") on the theory that it violates 18 U.S.C. § 2510 <u>et seq.</u>, the federal wiretap law, otherwise known as "Title III". (An oral communication intercepted in violation of Title III may not be received in evidence at trial, at any hearing or grand jury proceeding. 18 U.S.C. § 2515.) More precisely, he invokes 18 U.S.C. § 2511(2)(d), which provides:

> "It shall <u>not</u> be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception <u>unless</u> such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State."

(Emphasis added.)

The Gargiulo audiotape contains a conversation between the victim Vincent Gargiulo – at the time of the conversation a friend and business co-venturer of Tarantino – and Tarantino. In

2

it, Tarantino discusses, among other things, his participation in the 1994 murders of Julius Baumgardt and Louis Dorval with which he is presently charged; he also frets about the Government's taking of a buccal swab in July 2000. The Government reasons that the tape, which it obtained during its April 2004 investigation into Gargiulo's death, was created in September 2000 given that Tarantino stated that (a) the Baumgardt and Dorval murders took place "six coming up on seven" years prior to the conversation (_i.e._, 1994) and (b) the buccal swab had been taken two months earlier (_i.e._, July 2000).

In his initial memorandum in support of his motion to suppress the tape, Tarantino argued, first, that the Government bears the burden of proving that consent to intercept the conversation was obtained from Gargiulo and that the Government has not met that burden. The Government failed, Tarantino averred, to show that the tape had not been created by a third-party (say, the Government) unbeknownst to both Gargiulo and Tarantino. After receiving a pertinent FBI 302 report, and in his August 6th letter to the Court, Tarantino appears to have discarded this aspect of his brief. That is probably because in the 302 report Gargiulo explains to several Special Agents that <u>he</u> furtively recorded the conversation to gain "insurance" against Tarantino, who, according to Gargiulo in the tape, "ruined all the gyms" in connection with what "happened between me and you (Tarantino)." Draft Transcript,

3

Part II, p. 33. Moreover, in the tape Gargiulo confesses to Tarantino that "I've been mad at you (Tarantino) and blamed you for Greg . . . I am really mad. I don't think he had to die." Draft Trans., Part II, p. 34.

Gargiulo's secret "insurance" dovetails with Tarantino's second suppression argument. An interception such as the one made by Gargiulo is unlawful, and therefore forbidden in court, when it is "intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State." 18 U.S.C. § 2511(2)(d). Tarantino therefore contends that the "ruined all the gyms" history, coupled with the fact that Gargiulo clandestinely recorded Tarantino confessing to two murders, Gargiulo's comment to the Special Agents that the purpose of the recording was to gain "insurance" against Tarantino, Gargiulo's remark that he was very mad at Tarantino, and above all Gargiulo's extortion attempt[1] on Tarantino using the audiotape, plainly shows that the tape was created "for the purpose of committing a criminal or tortious act in violation of the Constitution or laws of the United States or of any State"; to wit, extortion or blackmail.

Noting that the Defendant bears the burden of proving by a preponderance of the evidence that the "primary motivation or a determining factor" in making the recording was to further a

---

[1] See, infra, page 7.

4

criminal or tortious act, the Government asserts that even though Gargiulo did threaten in 2003 to expose Tarantino with the tape if the latter failed to make payments, the deterioration in their relationship that prompted this threat was not manifest at the time of the tape's creation; their health-club partnership, the proximate cause of their falling out, failed two years _after_ the recording was made. Rather, the tape reveals that Gargiulo's primary motivation for recording Tarantino was to clear Gargiulo's name by establishing that he was not involved in the 1994 murders. And the Government argues that such an interception to prevent future distortions by a participant is neither criminal nor tortious.

Yet, as Tarantino responds in his reply, the precedent on which the Government relies for the last point involves situations in which an accomplice or co-conspirator--people who have real grounds for believing that they are not free from suspicion-- records a conversation. Not so, here. In any event, were Gargiulo suspected of being involved in the 1994 murders and concerned about clearing his name, why would he have attempted to _sell_ the tape to the FBI? Why would Gargiulo dub the tape insurance "_against_" Tarantino if the primary motivation behind the tape's creation was to establish Gargiulo's innocence of a crime of which he was apparently never even suspected, still less accused?

Although the Second Circuit's gloss of 18 U.S.C. §

5

2511(2)(d) is not complicated, its application here requires close scrutiny. Under that provision, the interception of a conversation is unlawful when it is shown either (1) that the primary motivation, or (2) that a determinative factor in the actor's motivation for intercepting the conversation was to commit a criminal or tortious act. In re Double-Click, Inc. Privacy Litigation, 154 F. Supp. 2d 497, 515 (S.D.N.Y. 2001). Caselaw and legislative history instruct the Court that the "criminal" or "tortious" purpose requirement is narrowly construed to encompass only "a specific contemporary intention to commit a crime or tort." Id. The In re Double-Click court further elaborated that "courts applying § 2511(2)(d) have consistently ruled that a plaintiff cannot establish that a defendant acted with a "criminal or tortious purpose 'simply' by proving that the defendant [in fact did commit] any tort or crime." Id.

There are a number of clues in the briefs and affidavits that bear on Gargiulo's purpose in creating the recording. First, the FBI 302 report shows that Gargiulo told several Special Agents that the tape was his "insurance" against Tarantino. This statement is somewhat equivocal. For the "insurance" might work in a variety of ways, some of which might not be "criminal" or "tortious". For example, being of the impression that Tarantino was murderous (apart from the 1994 victims, Gargiulo believed that Tarantino killed a mutual acquaintance named Greg, which left

6

Gargiulo miffed and created bad blood between the two), Gargiulo may have intended to use the recording for personal protection against the risk that Tarantino would come after him. In that case, Gargiulo's purpose in the creation of the tape would not constitute blackmail (and therefore the tape would be admissible) since he would not be demanding anything in consideration for not handing the taped confession over to law enforcement--except for his life to which he was already entitled. On the other hand, he may have expected all along that the tape would yield monetary dividends either through the blackmail of Tarantino or its sale to law enforcement; and in fact Gargiulo attempted both of those actions. Indictment, ¶¶ 14-15. Only the first of those intents-- blackmailing Tarantino--would be criminal or tortious. True, Gargiulo first attempted to extract money from Tarantino with the tape before he went to the FBI, perhaps indicating that the blackmail inclination was stronger than the perfectly legal, ratting-out inclination. But the events were close in time; it is therefore difficult to say which event furnishes a clearer view of Gargiulo's motive at the time the tape was created. Anyway, both events probably[2] occurred three years after the recording of tape, rendering them less probative of Gargiulo's specific intent at the

---

[2] The Defendant disputes the Government's calculation that the tape was created in September 2000, but offers no explanation for his disagreement. The Court agrees with the Government's time frame.

7

time of creation.

But even if Gargiulo intended the tape to serve as a kind of financial insurance which could someday be employed to blackmail Tarantino, this does not satisfy In re Double-Click Privacy Litigation's requirement that a defendant prove "a specific contemporary intention to commit a crime or tort" by a preponderance of the evidence. If Gargiulo regarded the recording as a type of insurance against a rainy day, by definition he did not have a contemporary intention to commit a crime or tort. Instead, he had a contemporary intention to acquire the means necessary to commit a crime or tort should the need ever materialize.

And the three-year interim between the recording of the conversation and the extortion attempt strengthens the view that Gargiulo lacked the requisite contemporary intent to commit a crime or tort through the use of the interception.

Accordingly, Defendant's motion to suppress is DENIED.

II. Dismissing Count One for Failure to Allege Intent

Count One alleges that Tarantino "willfully and with reckless disregard for the safety of human life, disabled and incapacitated [armored-car guard] Julius Baumgardt and John Doe 1" and "lessened the ability of such persons to perform their duties", resulting in the death of Baumgardt. This charge flows from 18 U.S.C. § 33(a) paragraph three, which provides:

> "Whoever, <u>with like intent</u>, willfully disables or incapacitates any driver or person employed in connection with the operation or maintenance of the motor vehicle, or in any way lessens the ability of such person to perform his duties as such [shall be punished]."

(Emphasis added.)

The antecedent for "with like intent" lies in the first paragraph of 33(a), which reads:

> "Whoever willfully, <u>with intent to endanger the safety of any person on board</u> or anyone who he believes will board the same, **or** <u>with reckless disregard for the safety of human life</u>, damages, disables, destroys, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to, any motor vehicle . . . [shall be punished]."

(Emphasis added.)

The question thus becomes whether the phrase "with like intent" found in the third paragraph refers solely to the first paragraph's second clause--"with intent to endanger the safety of any person on board"--or to the first paragraph's second <u>and</u> third clause--"<u>or</u> with reckless disregard for the safety of human life." Tarantino contends that since §33(a) paragraph three seemingly demands that the Government allege intent to endanger the safety of any person ("with like <u>intent</u>"), Count One, alleging mere reckless disregard, must be dismissed.

In support of this argument he cites <u>U.S. v. Jones</u>, 308 F.3d 748, 750 (7th Cir. 2002), in which Judge Easterbrook observed:

"The indictment does not allege that Jones intended to endanger anyone's safety.  Such intent is required for a violation of § 33(a)."  The first problem with this citation is that the question presented to that court regarded 18 U.S.C. § 35(b), not § 33(a).  The quote is <u>dicta</u>.  The second is that the <u>dicta</u> seems to be incorrect, at least as far as paragraph one of § 33(a) is concerned.  Again, that paragraph states: "Whoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the same, <u>or with reckless disregard for the safety of human life</u> . . . damages . . . a motor vehicle. . .[shall be punished]."  If the Government alleges the <u>mens rea</u> of reckless disregard for the safety of human life, it is not required to allege intent to endanger the safety of any person.  The only real question, then, is whether that <u>mens rea</u> option ("intent" or "reckless disregard") somehow changes for purposes of the two following paragraphs.

It is true that the third paragraph's "with like intent" phrase could be considered ambiguous.  Both parties agree it plainly refers back to the "intent to endanger the safety of any person" clause in the first paragraph; but does it for some reason refer exclusively to that clause and not to the "reckless disregard"clause?  The Court is persuaded that it does not.  It is unclear why a more burdensome <u>mens rea</u> requirement would exist for the injuries and harms described in the second and third

10

paragraphs;  unclear  why  the  destruction  of  garages  and  the incapacitation  of  drivers  would  be  considered  less  socially pernicious  than  damage  done  to  motor  vehicles  described  in  the first paragraph.

At  the  very  least,  the  potential  crimes  encompassed  by paragraph  one  and  paragraph  three  are  equally  grave  and  involve virtually  identical  actus  reus.  There  was  therefore  no  discernable reason  for  Congress  to  create  different  mens  rea  requirements  for them.  Equally,  there  is  no  reason  for  the  Court  to  read  different mens  rea  requirements  into  them.

The Motion to Dismiss Count One is therefore DENIED.

III.  Statute of Limitation Bars for Counts One and Two

Tarantino  argues  that  since  Counts  One  and  Two  charge violations on June 23, 1994 and August 12, 1994, respectively, both of  which  transpired  before  the  Federal  Death  Penalty  Act  of  1994 became  effective  on  September  13,  1994,  neither  offense  was technically "punishable by death" even though the charging statute provides for the death penalty.

He thus argues that the offenses constitute "not capital" offenses  for  which  indictment  must  be  found  within  five  years  of their  commission.  18  U.S.C.  §  3282.  (In  contrast,  the  charging period  for  crimes  "punishable  by  death"  under  18  U.S.C.  §  3281  is unlimited.)  Yet Tarantino was indicted for Counts One and Two on September  23,  2008--more  than  five  years  after  the  alleged

11

violations.

The Second Circuit's decision in <u>United States v. Payne</u>, 591 F. 3d 46 (2d Cir. 2010) will not countenance the argument. There the defendant argued that the murder-in-aid-of-racketeering counts charged against him, whose statute provided for a potential death sentence, were "not punishable by death" for purposes of the statute of limitations since the Government declined to allege an aggravating factor required by the Federal Death Penalty Act. <u>Id.</u> at 57. This the court rejected with the following reasoning: It is not the potential severity of the punishment that is reflected by the unlimited charging period in 18 U.S.C. § 3281 but rather the <u>gravity of the alleged offense</u>. <u>Id.</u> at 58. Here, by extension of that rule, that the 1994 murders were allegedly committed during <u>Furman</u>'s death-penalty moratorium is of no moment, for the seriousness of the alleged offense does not change with the fluctuating constitutional status of the potential punishment. And the charging statute in question provides for the death penalty. 18 U.S.C. § 34.

Tarantino's distinction that the murders in <u>Payne</u> were committed after the September 13, 1994 effective date of the Federal Death Penalty Act is accurate so far as it goes. But it is also irrelevant. A ruling that Counts One and Two are time-barred following Tarantino's logic would fly straight in the face of the <u>Payne</u> court's holding that it is not the actual punishment but the

12

nature of the offense (and whether the charging statute provides for the death penalty) that is dispositive of whether it is "punishable by death" for purposes of § 3281 and § 3282.

This aspect of his motion is therefore DENIED.

IV. <u>Request for a Bill of Particulars</u>

The Indictment's four counts allege, among other things, that Tarantino acted "together with others" to commit each of the charges. Tarantino therefore requests that the Court compel the government to furnish him with the identities of these unindicted co-conspirators.

Tarantino argues that vital to meeting the charges against him that he conspired with or aided and abetted "others" are the identities of these individuals. Additionally, Count Four alleges that the Defendant acted with intent to prevent the attendance and testimony of Gargiulo in an official proceeding, "including, but not limited to" the Government Investigations. Accordingly, Tarantino requests that the Court require the Government to provide a bill of particulars detailing the unmentioned official proceedings. <u>See</u>, <u>e.g.</u>, <u>United States v. Davidoff</u>, 845 F.2d 1151 (2d Cir. 1988) (holding that the district court exceeded its discretionary authority when it refused to require a bill of particulars identifying at least the victims of discrete extortionate schemes in a RICO prosecution).

A bill of particulars is appropriate to allow a defendant

13

"to identify with sufficient particularity the nature of the charge pending against him, thereby enabling [him] to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense." United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). The decision whether to grant such a bill lies in the court's sound discretion. United States v. Nachamie, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000). Bortnovsky and Nachamie are instructive. In both, the Government produced tens of thousands of documents during the discovery phases of complex RICO and fraud cases involving potentially thousands of fraudulent transactions with as many victims, leaving the defendants exposed to a significant risk of surprise at trial. Bortnovsky, 820 F.2d at 574; Nachmie, 91 F. Supp. 2d at 571. By contrast, the Government here has charged three discrete murders and one conspiracy to commit murder: That of Julius Baumgardt, armored-car guard for the Mid-Island Check-Cashing Corporation, on June 23, 1994 at the premises of Volt Information Systems, Inc.; that of Louis Dorval on August 12, 1994 whose body he allegedly packed into a trunk and sent off to sea; and that of Vincent Gargiulo on August 18, 2003 by a hit-man with whom Tarantino allegedly conspired together with others. It is therefore unclear in what way the nature of the charges are not already plain to the Defendant. It is also unclear how the nature of the allegation that the Defendant has murdered an armored-car

14

driver named Baumgardt at the premises of Volt Information Systems, Inc. on June 23, 1994 can somehow materially depend on the name of an unindicted co-conspirator.

Every factor that cut in favor of granting a bill of particulars in Nachmie is absent here. There, a large number of co-conspirators participated in a slew of interactions in an alleged conspiracy lasting for longer than three years. Id. In contrast, Tarantino's Indictment does not charge a long-running conspiracy; instead, it alleges one that lasted at most nine months ("in or about and between December 2002 and August 18, 2003" for the Garguilo murder). Judging by the face of the Indictment, it is not readily apparent precisely how many unindicted co-conspirators are in play, but certainly not a myriad.

Second, the Nachmie court found that there was no legitimate concern that disclosing the names of the unindicted co-conspirators would endanger those individuals or the Government's investigation. Id. at 573. This is to be starkly distinguished with Tarantino's case. Tarantino is charged, among other things, with murdering Garguilo to prevent him from informing law enforcement about Tarantino's involvement in the 1994 murders. Indeed, the Nachmie court strongly implied that this factor was close to dispositive: "In short, this case charges Medicare fraud-- not narcotics trafficking or murder--and defendants must be provided with the names of known unindicted co-conspirators."

15

(Emphasis added.)  Id.  (On this point, Tarantino suggests that in lieu of a blanket denial of the disclosure he seeks, the Government might seek a protective order as to any specific unindicted co-conspirator upon a showing that such disclosure would present a danger to that person.  This procedure seems neither necessary nor appropriate since the Government has already explained that it objects to the disclosure of the unindicted co-conspirators and offered the rationale that their lives would be at risk should Tarantino be made aware of their identities.)

Tarantino asserts that at least a bill should be granted regarding the allegation in Count Four that the Defendant acted with intent to prevent the attendance and testimony of another person in an official proceeding, "including, but not limited to, the Government Investigations."  This "but not limited to", Tarantino objects, unconstitutionally arms the Government with an opportunity to "fill in elements of its case with facts other than those considered by the grand jury."  United States v. Walsh, 194 F.3d 37, 44 (2d Cir. 1999).  First, the rule Tarantino cites was considered by the Walsh court in the context of a defendant's attack on the sufficiency of an indictment on Fifth Amendment grounds.  Tarantino has not moved on these grounds but rather moves the Court for a bill of particulars.  Second, immediately following the above-quoted language in Walsh, the court noted that "we have consistently upheld indictments that 'do little more than to track

16

the language of the statute charged and state the time and place (in approximate terms) of the alleged crime.'" <u>Id.</u> at 44, <u>quoting</u>, <u>United States v. Tramunti</u>, 513 F.2d 1087, 1113 (2d Cir.), <u>cert. denied</u>, 423 U.S. 832, 96 S. Ct. 54, 46 L. Ed. 2d 50 (1975). Here, on all counts the indictment informs of the time and place of the alleged crimes. But, as in <u>Walsh</u>, the Tarantino Indictment goes above and beyond simply tracking the language of the statutes; for instance, it names the victims of the alleged murders and details facts of the investigations that were intentionally obstructed through the murders.

Accordingly, the request for a bill of particulars is DENIED.

## V.  <u>Miscellaneous Discovery Requests</u>

The Court will resolve all outstanding discovery requests and disputes separately.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     Central Islip, New York
           December  15 , 2010

17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

     -against-               <u>MEMORANDUM & ORDER</u>
                               08-CR-0655 (JS)

CHRISTIAN GEROLD TARANTINO,

                Defendant.
----------------------------------X
APPEARANCES:
For the Government: James M. Miskiewicz, Esq.
                  Carrie Nicole Capwell, Esq.
                  Sean C. Flynn, Esq.
                  United States Attorney's Office
                  560 Federal Plaza
                  Central Islip, NY 11722

For Defendant:     Diarmuid White, Esq.
                  White & White
                  148 East 78 Street
                  New York, NY 10021

                  James R. Froccaro, Esq.
                  20 Van[...]3W
                  Port W[...]

                  Michael[...]
                  Law Off[...]
                  61 Broa[...]
                  New Yor[...]

*[handwritten note: DE 223]*

SEYBERT, District Judge:

      Pending before the Court is the Defendant's renewed request that the Court suppress an audiotape (the "Tape") that the Government contends contains a secretly-recorded conversation between Vincent Gargiulo and Defendant, Christian Tarantino ("Tarantino" or "Defendant"). Specifically, Defendant argues that certain trial testimony establishes that Gargiulo

created the Tape to blackmail Tarantino, rendering the Tape illegal under Title III and inadmissible at trial. Defendant seeks an order suppressing the Tape or, in the alternative, a hearing to explore further Gargiulo's motivation for making the Tape.[1] As set forth below, the Court clarifies its December 15, 2010 decision denying Tarantino's pre-trial motion to suppress (the "December Order") and otherwise rejects Tarantino's motion.

<u>BACKGROUND</u>

The Court assumes the parties' familiarity with this prosecution, and only discusses here the facts relevant to the discussion that follows. Briefly, the Court rejected Defendant's pre-trial motion to suppress the Tape on Title III grounds because although it is clear that Gargiulo eventually tried to use the Tape to blackmail Tarantino, the Court was not convinced Gargiulo intended to blackmail Tarantino at the time he recorded their conversation in September 2000. See generally December Order at 5-8. The case is currently on trial, and Robert Gerrato, Gargiulo's best friend, has testified that Gargiulo told him in the summer of 2003 that Gargiulo was using the Tape to extort Tarantino. See Trial Tr. 1514-15. This is consistent with what Gargiulo told Special Agent Robert Schelhorn at a May 2003 meeting. Schelhorn testified at the

---

[1] The Court denied Defendant's requests in an April 8, 2011 minute entry, and it indicated that a written decision would follow.

2

Mastrangelo hearing that Gargiulo said that if the FBI would not buy the Tape, he would get money from Tarantino.  Hrg. Tr. 296-97.

### DISCUSSION

The federal wiretap law, commonly known as "Title III," governs the circumstances under which intercepts of oral communications may be used at trial.  See 18 U.S.C. § 2510 et seq.  As is relevant here, Section 2511(2)(d) provides that an individual may intercept a communication if that person is a party to the communication or if one of the parties to the conversation has given his prior consent, unless "such communication is intercepted for the purposes of committing any criminal or tortious act . . . ."  Intercepts made in accordance with Section 2511 may be used at trial, subject to the application of the Federal Rules of Evidence.  See 18 U.S.C. § 2515.

In its motion to suppress, the Defendant principally argued that (1) the Government failed to show either that Gargiulo recorded the conversation himself or that he or Tarantino gave prior consent to the recording, and (2) the Tape was made for the purposes of committing a criminal or tortious act.  The Court rejected both arguments in its December Order, but in light of Gerrato's testimony that Gargiulo was trying to extort Tarantino in the summer of 2003, nearly three years after

3

the Tape was made, Defendant renews his argument that the Tape was made for a "criminal or tortious" purpose.

## I. The Tape will not be Excluded on Title III Grounds

The Court again rejects Defendant's argument that the Tape was made illegally. To show an intercept violated Title III, Defendant must show by a preponderance of the evidence "either (1) that the primary motivation, or (2) that a determinative factor in [Gargiulo's] motivation for intercepting the conversation was to commit a criminal [or] tortious act." In re DoubleClick, Inc. Privacy Litig., 154 F. Supp. 2d 497, 514-15 (S.D.N.Y. 2001).[2] The "legislative history and caselaw make clear that the 'criminal' or 'tortious' purpose requirement is to be construed narrowly, covering only acts accompanied by a specific contemporary intention to commit a crime or tort." Id. at 515 (emphasis added).

Neither Gerrato's nor Schelhorn's testimony sheds any more light on Gargiulo's motive for making the Tape than what was available to the Court in December. That Gargiulo eventually tried to blackmail Tarantino is undisputed, but it is not at all clear that blackmail was Gargiulo's primary goal at

---

[2] As Defendant pointed out in a letter, the December Order can be read as giving the incorrect impression that the Court viewed In re DoubleClick as binding precedent. The Court clarifies here that, although it finds that case highly persuasive, it recognizes that it is not bound by opinions from the Southern District.

the time the Tape was made. For at least three reasons, the Court finds that Gargiulo's motive was mixed, at best. <u>First</u>, the significant time lapse between Gargiulo's making the tape and his attempts to blackmail Tarantino undermines the idea that Gargiulo's primary or determining motivation was extortion. The Tape was made in approximately September 2000, and Gargiulo's efforts to blackmail Tarantino did not occur until the spring and summer of 2003. Blackmailing an admitted killer--in Gargiulo's mind, at least--is a dangerous game; if Gargiulo needed money badly enough to resort to extortion, it is hard to imagine that he could wait as long as he did to put his plan into action.

<u>Second</u>, the failure of Gargiulo's gym suggests that a financial reason for blackmail arose only after the Tape was made. Again, the Tape was created in September 2000, and Gargiulo's 40th Street Body Sculpt failed in 2001 or 2002. <u>See</u> Hrg T. 1015 (Gerrato testimony that gym failed four years after its 1997 opening); Trial Tr. 1508-09 (same); <u>see also</u> Gov. Opp., Docket Entry 81 at 17 (gym failed in February 2002). Gargiulo had an interest in a second gym, the 79th Street Body Sculpt, but he was apparently not involved in that venture very long because he was working construction when he was killed in August 2003. Further, there is evidence that Gargiulo and Tarantino had a falling out in connection with problems at the 79th Street

5

gym.  See  Trial  Tr.  1509,  1516,  1540-41.  This  testimony
suggests  that  Gargiulo  fell  on  hard  times  after  the  Tape  was
made  and  that  he  may  have  partly  blamed  Tarantino  for  his
financial  straits.  In  light  of  this  evidence,  it  seems  likely
that  Gargiulo  decided  to  extort  Tarantino  only  after  Gargiulo's
business  failed.

Third,  as  the  Court  noted  in  its  December  Order,
Gargiulo's  statement  to  the  FBI  that  the  Tape  was  "insurance
against"  Tarantino  is  susceptible  to  more  than  one  meaning.  See
Docket  Entry  91  at  1.  Gargiulo  may  have  created  the  Tape  to
guarantee  his  physical  safety,  or  he  may  have  thought  it  was  a
way  to  protect  himself  against  Tarantino's  implicating  Gargiulo,
falsely  or  otherwise,  in  the  crimes  discussed  on  the  Tape  if
Tarantino  were  to  one  day  cooperate  with  prosecutors.  On  the
latter  point,  Gargiulo  can  be  heard  disassociating  himself  from
the  armored  car  robbery,  the  Dorval  murder  and  an  uncharged
homicide.  (See  Gov.  Ex.  RS-21  at  13,  23.)  The  Court  was
initially  skeptical  that  Gargiulo's  primary  motivation  was  to
clear  his  name  in  crimes  of  which  he  was  apparently  never
suspected.  See  December  Order  at  5.  Upon  more  reflection,
however,  the  Court  thinks  this  motive  is  at  least  as  likely  as  a
contemporaneous  intent  to  commit  blackmail.  Finally,  in  a
similar  vein,  Gargiulo  may  have  created  the  Tape  to  hedge
against  Tarantino's  accusing  Gargiulo  of  unrelated  crimes;

6

Gargiulo could hold the Tape over Tarantino's head in the event Tarantino was considering cooperating against Gargiulo about matters not discussed in the recording.

## II. The Defendant is not Entitled to a Hearing

Defendant requested a hearing to probe what, if anything, Gargiulo told certain witnesses about what his motivation was at the time he made the Tape. Tarantino identified four witnesses that he thought might have relevant information: Robert Gerrato, Larry Kyatt, Suzette Snider and Jordon Gitterman. See Trial Tr. 1614, 1621. Not convinced that a mid-trial hearing would be appropriate, the Court invited Defendant to submit evidence suggesting that any of these witnesses might have knowledge as to Gargiulo's contemporaneous intent. Trial Tr. 1632. Defendant did not submit any evidence, and the Court, having examined on its own the 3500 material for these witnesses, finds that there is no basis to think that these individuals may help Defendant's cause.

Simply put, there is no indication that any of these witnesses knew Gargiulo's motive for making the tape. Suzette Snider heard about the Tape for the first time at most five months before Gargiulo was killed in August 2003. (See 3500-SS-3 at 13; see also 3500-SS-2 (one or two months).) In the grand jury, she testified that she only ever had one conversation with Gargiulo about the Tape, and she indicated that this

7

conversation did not include a discussion of what Gargiulo planned to do with the Tape. (3500-SS-2 at 15.)

Larry Kyatt's 3500 material is similarly unhelpful. Although he told the FBI that Gargiulo planned to use the Tape for blackmail, he did not learn of the Tape until November or December 2002. (3500-LK-2 at 1.) Further, according to Kyatt, Gargiulo was planning to blackmail the owners of Synergy Gyms in connection with a dispute over one of the clubs. (Id.) This is consistent with the theory that Gargiulo decided to extort Tarantino only after his business failed.

Robert Gerrato's 3500 material confirms that Gargiulo's reason for eventually attempting to blackmail Tarantino was a falling out over the gym businesses. (See 3500-RG-1; 3500-RG-2.) It does not shed any light on what Gargiulo was thinking when he decided to make the Tape, more than a year before Gargiulo had problems at the gym.

Jordon Gitterman's recollections actually undermine Defendant's argument. Although he initially testified to the grand jury that he did not remember whether Gargiulo ever explained why he made the Tape, he later testified (during the same session) that Gargiulo said that he made the Tape in case Tarantino and Scott Mulligan tried to "flip" the blame for the armored car robbery onto Gargiulo. (See 3500-JG-1 at 18, 48; see also 3500-JG-2 at 1.)

8

<u>CONCLUSION</u>

In short, evidence that Gargiulo eventually used the Tape to attempt to blackmail Tarantino does not change the Court's conclusion that the Defendant cannot show that extortion was Gargiulo's primary intent when he made the Tape. Accordingly, the Tape will not be suppressed.


SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     April   19  , 2011
           Central Islip, New York

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

                                        MEMORANDUM & ORDER
            -against-                   08-CR-0655(JS)

CHRISTIAN GEROLD TARANTINO,

                    Defendant.
----------------------------------X
APPEARANCES
For the Government: Carrie N. Capwell, Esq.
                    Sean C. Flynn, Esq.
                    James M. Miskiewicz, Esq.
                    Assistant United States Attorneys
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722

For Tarantino:      Stephen H. Rosen, Esq.
                    Law Offices of Stephen H. Rosen, P.A.
                    100 Almeria Avenue, Suite 205
                    Coral Gables, Florida 33134

                    Frank A. Doddato, Esq.
                    Law Offices of Frank A. Doddato, P.C.
                    666 Old Country Road, Suite 501
                    Garden City, NY 11530

SEYBERT, District Judge:

          Presently pending before the Court is Defendant

Christian Gerold Tarantino's ("Defendant" or "Tarantino") motion

to dismiss Count One of the Indictment with prejudice for

failure to state an offense under 18 U.S.C. § 33 ("Section 33").

For the following reasons, Defendant's motion is DENIED.

BACKGROUND

The Court presumes familiarity with the factual and procedural background of this case, which was summarized by the Court in its November 7, 2012 Memorandum and Order denying Defendant's motion for a new trial.  (Docket Entry 404.)

Now, after two trials and as Defendants' sentencing is imminent, Defendant seeks to dismiss Count One of the Indictment charging him with the murder of armored car guard Julius Baumgardt.   (Docket Entry 402.)   Assuming, _arguendo_, that Defendant's motion is timely,[1] his motion is nevertheless meritless.

DISCUSSION

Defendant asserts that Count One of the Indictment fails to state an offense that is cognizable under 18 U.S.C. § 33.  (Docket Entry 402 at 1.)  More specifically, he claims that an essential jurisdictional element of 18 U.S.C. § 33 was missing because "there was no allegeable intent to damage, disable, destroy, or tamper with any interstate commercial motor vehicle."   (_Id._)  The core of Defendant's argument is that, because the robbery and murder occurred on the sidewalk after Baumgardt and his co-worker had already exited the armored car,

---

[1] Under Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure, the court may hear a claim that the indictment fails to invoke the court's jurisdiction at any time.

2

there was no allegation of intent to damage an interstate commercial motor vehicle or to incapacitate its driver while the driver was operating the vehicle. (Docket Entry 402 at 6.)

Title 18 of the United States Code, Section 33 provides:

(a) Whoever willfully, with intent to endanger the safety of any person on board or anyone who he believes will board the same, or with a reckless disregard for the safety of human life, damages, disables, destroys, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to, any motor vehicle which is used, operated, or employed in interstate or foreign commerce, or its cargo or material used or intended to be used in connection with its operation; or

Whoever willfully, with like intent, damages, disables, destroys, sets fire to, tampers with, or places or causes to be placed any explosive or other destructive substance in, upon, or in proximity to any garage, terminal, structure, supply, or facility used in the operation of, or in support of the operation of, motor vehicles engaged in interstate or foreign commerce or otherwise makes or causes such property to be made unworkable, unusable, or hazardous to work or use; or

Whoever, with like intent, willfully disables or incapacitates any driver or person employed in connection with the operation or maintenance of the motor vehicle, or in any way lessens the ability of such person to perform his duties as such; or

Whoever willfully attempts or conspires to do any of the aforesaid acts--

3

> shall   be   fined   under   this   title   or
> imprisoned   not   more   than   twenty   years,   or
> both.

18 U.S.C. § 33.   Count One of the Indictment charged Defendant

with "Willfully Endangering the Safety of A Commercial Motor

Vehicle Operator Resulting in Death."   (Docket Entry 1.)   It

stated, in relevant part:

> On or about June 23, 1994, within the
> Eastern District of New York, the defendant
> CHRISTIAN GEROLD TARANTINO, together with
> others,   willfully   and   with   a   reckless
> disregard for the safety of human life,
> disabled and incapacitated Julius Baumgardt
> and John Doe 1, who were drivers and persons
> employed in connection with the operation of
> a motor vehicle used, operated and employed
> in interstate commerce, to wit: a Mid-Island
> armored van, and lessened the ability of
> such persons to perform their duties, which
> offense resulted in the death of Julius
> Baumgardt.

Id. at ¶ 18.)

Comparing the statutory language with the Indictment

obviates the futility of Defendant's argument.   Defendant claims

that the Indictment lacked an allegation of "intent to damage,

disable, destroy or tamper with any interstate commercial

vehicle."   (Docket Entry 402 at 1.)   To support this argument,

he cites to United States v. Kurka, 818 F.2d 1427 (9th Cir.

1987).   (Id. at 8-10.)

However, Defendant's contention, and his support,

relate only to the first paragraph of Section 33.   Kurka, 818

4

F.2d at at 1430 ("It was at this point that the wording of the first paragraph of section 33, here in issue, was developed."). Count One of the Indictment charges Defendant under the third paragraph of Section 33.  (Docket Entry 1 at ¶ 18) (defendant "willfully and with a reckless disregard for the safety of human life, disabled and incapacitated Julius Baumgardt and John Doe 1").   Notably, in one of Defendant's pre-trial motions previously challenging Count One, Defendant admitted that the third paragraph of Section 33 was the operative paragraph, not the first.  (Docket Entry 75 at 6.)[2]

Furthermore, a disjunctive "or" separates each paragraph in Section 33, making clear that the statute intends to prohibit each of the acts enumerated in the separate paragraphs.  See Reiter v. Sonotone Corp., 442 U.S. 330, 339, 99 S. Ct. 2326, 2231, 60 L. Ed. 2d 931 (1979) ("Canons of construction ordinarily suggest that terms connected by a disjunctive be given separate meanings, unless the context dictates otherwise.").  Thus, the plain language of the third paragraph, while it refers back to the first, does not require

_____

[2] Although the Government asserts that the Court's previous decision is "law of the case, and the defendant should not be permitted to reargue this issue" (Docket Entry 405 at 4), Defendant's previous challenge to Count One pertained to the "with like intent" provision of the statute.  See 18 U.S.C. 33; Docket Entry 75.  In contrast, Defendant's current motion challenges whether Count One alleged willfulness with respect to acts upon the motor vehicle.

willfulness with respect to acts upon the motor vehicle. Rather, the plain language of the third paragraph applies the mens rea of willfulness to the actus reas of "disables or incapacitates any driver or person employed in connection with the operation or maintenance of the motor vehicle, or in any way lessens the ability of such person to perform his duties as such." 18 U.S.C. § 33. Where the statutory language is unambiguous, the Court's inquiry need not, and should not, involve an investigation into legislative history. See Gully v. Nat'l Credit Union Admin. Bd., 341 F.3d 155, 164 (2d Cir. 2003) ("Given the plain, unambiguous language of the text, it is well settled that we cannot resort to legislative history to glean a statute's meaning."); Strauss v. Credit Lyonnais, S.A., No. 06-CV-0702, 2007 WL 2296832, at *3 (E.D.N.Y. Aug. 6, 2007) ("When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'") (quoting Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253, 112 S. Ct. 1146, 1147, 117 L. Ed. 2d 391 (1992)).

To the extent that Defendant asserts that the incapacitation of the driver proscribed under Section 33 must occur while the driver is actually operating the vehicle, again Defendant's argument fails under the language of the statute. Defendant attempts to expound upon his argument by comparing the language of Section 33 with the language of 18 U.S.C. § 1992

6

("Section 1992").   (Docket Entry 402 at 11.)   However, Section 1992 contains language prohibiting certain acts against a driver or similarly situated person "while the person is employed in dispatching, operating, controlling, or maintaining railroad on-track equipment or a mass transportation vehicle."   18 U.S.C. § 1992 (a)(6).

Rather than support Defendant's argument, the phrase "while the person is employed in" in Section 1992 undermines Defendant's claim.   If the legislature intended Section 33 to prohibit acts against a driver only while the driver was physically operating the vehicle, it would have used the same terminology as it did in Section 1992.   In addition, the relevant intent of Section 33 relates to "endanger[ing] the safety of any person on board <u>or anyone who he believes will board the same</u> . . . ."  18 U.S.C. § 33 (emphasis added).   Thus, there is no requirement under Section 33 that the prohibited acts occur only while the victim was in physical operation of the vehicle.   Defendant's motion attempts to construe Section 33 in a manner contrary to the plain statutory language and therefore fails.

Finally, the Court takes this opportunity to address Defendant's insinuations in "Defense Objections to Presentence Report (PSR)" (Docket Entry 400) that he intends to file additional, supplemental post-trial motions.   As the Court made

7

clear in its November 7, 2012 Memorandum & Order (Docket Entry 404), Rule 33 of the Federal Rules of Criminal Procedure provides that motions for a new trial premised on grounds other than newly discovered evidence "must be filed within 14 days after the verdict or finding of guilty." FED. R. CRIM. PRO. 33. The Advisory Committee notes for the 2005 amendment to Rule 33 explain that there are some exceptions, however. Under Federal Rule of Criminal Procedure 45(b)(1), "[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . (B) after the time expires if the party failed to act because of excusable neglect." FED. R. CRIM. PRO. 45 (b)(1)(B).

As such, if Defendant intends to file supplemental new trial motions after the period established by Rule 33, or any other supplemental or new post-trial motion in contravention of the Court's previously-imposed deadlines, Defendant must establish "excusable neglect" as required under Rule 45. The Court will not address any submissions that do not do so.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss Count One is DENIED.

Any additional Rule 33 or post-trial motions in contravention of Court-imposed or statutory deadlines must

8

establish "excusable neglect" or will not be considered by the Court.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:      November ___21___, 2012
            Central Islip, New York

9

## Jury Charge

3128

1  Rockland, Duchess and Sullivan Counties.

2  To establish venue for a crime in the alleged

3  district, the government must prove that some act in

4  furtherance of the crime occurred in that district.

5  For example, with respect to count 3, charging

6  the defendant with conspiracy, the government must prove

7  either that the conspiratorial agreement was formed in the

8  Eastern District, or that some act in furtherance of the

9  conspiracy was committed in this district. In short, as

10  to all of the crimes charged, venue is established in the

11  alleged district so long as some act in furtherance of the

12  crime took place in the alleged district.

13  Let me further instruct you that, while the

14  government's burden as to everything else in the case is

15  proof beyond a reasonable doubt, a standard that I have

16  already explained to you, venue need only be proved by the

17  lesser standard of preponderance of the evidence. To

18  prove something by a preponderance of the evidence means

19  simply to prove that the fact is more likely true than not

20  true. I emphasize that this lessor standard applies only

21  to the issue of venue.

22  Count 1 of the indictment charges the defendant

23  with willfully -- with willful and with reckless disregard

24  for the safety of human life, disabling or incapacitating

25  commercial motor vehicle operators, resulting in death.

## Jury Charge

3129

1      Specifically, count 1 of the indictment reads:

2      On or about June 23, 1994, within the Eastern

3  District of New York, the defendant Christian Gerold

4  Tarantino, together with others, willfully and with

5  reckless disregard for the safety of human life, disabled

6  and incapacitated Julius Baumgardt and John Doe 1, who

7  were drivers and persons employed in connection with the

8  operation of a motor vehicle used, operated and employed

9  in interstate commerce, to wit, a Mid-Island armored van,

10  and lessened the ability of such persons to perform such

11  duties, which offense resulted in the death of Julius

12  Baumgardt.

13      Section 33 of Title 18 of the United States Code

14  provides, in relevant part, that it shall be unlawful to,

15  with a reckless disregard for the safety of human life,

16  willfully disable or incapacitate any driver or person

17  employed in connection with the operation or maintenance

18  of any motor vehicle which is used, operated, or employed

19  in interstate or federal -- or foreign commerce, or in any

20  way lessen the ability of such person to perform his

21  duties as such.

22      Section 34 provides penalties for a defendant

23  who violates Section 33, where death results.

24      In order to prove a violation of these statutes,

25  the government must prove the following elements beyond a

3130

1    reasonable doubt:

2          First, the government must prove that the

3    defendant willfully disabled or incapacitated any driver

4    or person employed in connection with the operation or

5    maintenance of a motor vehicle, or in any way lessened the

6    ability of such person to perform his duties as such.

7          Second, the government must prove that the

8    defendant acted with reckless disregard for the safety of

9    human life.

10         Third, the government must prove that the motor

11   vehicle in question was used, operated or employed in

12   interstate or foreign commerce.

13         Fourth, the government must prove that the

14   defendant's actions resulted in a person's death.

15         As to the first element, I have already

16   instructed you as to what the term "willfully" means.

17         As to the second element, the government must

18   prove beyond a reasonable doubt that the defendant acted

19   with a reckless disregard for the safety of human life.

20         The government is not required to prove that the

21   defendant intended to kill or injure one of the motor

22   vehicle operators.

23         As to the third element -- that the motor

24   vehicle be used, operated or employed in interstate or

25   foreign commerce -- I instruct you that the government

Jury Charge

3131

1   need not prove that the specific motor vehicle at issue

2   traveled in interstate commerce, or foreign commerce. It

3   is sufficient if the government proves beyond a reasonable

4   doubt that the motor vehicle was used by a company that

5   operated in interstate or foreign commerce.

6           The fourth element requires that the defendant's

7   actions resulted in a person's death.

8           Here I remind you that count 1 also charges the

9   defendant with violating Section 2 of Title 18 of the

10  United States Code; that is, with aiding and abetting the

11  violation of Section 33 and 34 of Title 18 of the United

12  States Code. In determining whether a defendant is guilty

13  as an aider and abettor, you should follow the

14  instructions that I have previously given you.

15          Now we will go on to count 2 of the indictment

16  which charges the obstruction of justice murder of Louis

17  Dorval.

18          Count 2 of the indictment charges the defendant

19  with the murder of Louis Dorval, with the intent to

20  prevent Dorval from communicating with law enforcement.

21          Count 2 of the indictment states:

22          On or about August 12, 1994, within the Eastern

23  District of New York, the defendant Christian Gerold

24  Tarantino, together with others, did knowingly, unlawfully

25  and with malice aforethought kill another person, to wit,

Jury Charge

3132

1 Louis Dorval, with intent to prevent the communication by

2 such person to a law enforcement officer of the United

3 States of information relating to the commission and

4 possible commission of federal offenses, including, but

5 not limited to, the Baumgardt murder, the Filene's

6 Basement scheme and other crimes charged in the Giampa

7 indictment, which killing was a murder as defined in

8 Title 18, United States Code, Section 1111(a), in the --

9 in that the defendant, knowingly with others, knowingly,

10 willfully, deliberately, maliciously and premeditation

11 killed Louis Dorval.

12          The relevant statutes of the subject are Section

13 1512(a)(1)(C) and Section 1111 of Title 18 of the United

14 States Code.

15          Section 1512 (a)(1)(C) provides in relevant part

16 that, whoever kills or attempts to kill another person

17 with intent to prevent the communication by any person to

18 a law enforcement officer of the United States of

19 information relating to the commission or possible

20 commission of a federal offense shall be punished.

21          Section 1111(a) of Title 18 of the United States

22 Code provides in relevant part that:  Murder is the

23 unlawful killing of a human being with malice

24 aforethought.  Every murder perpetrated by premeditated

25 killing is murder in the first degree.

## Jury Charge

3133

1    In order to prove the defendant guilty of count

2    2 of the indictment, the government must prove each of the

3    following elements beyond a reasonable doubt:

4    First, that the defendant knowingly and

5    unlawfully killed Louis Dorval.

6    Second, that the defendant acted with malice

7    aforethought.

8    Third, that the defendant acted with

9    premeditation.

10   Fourth, that the defendant acted with intent to

11   prevent Louis Dorval from communicating to law enforcement

12   authorities information relating to the commission or

13   possible commission of federal offenses.

14   As to the first element, that the defendant

15   knowingly and unlawfully killed Louis Dorval, it is the

16   government's burden to prove that the defendant's conduct

17   was the direct cause of Louis Dorval's death.  This simply

18   means that the government must prove that the defendant

19   inflicted an injury or injuries upon the deceased from

20   which the deceased died.

21   An act is done unlawfully if it is done without

22   justification or excuse.

23   As I have previously instructed you, an act is

24   knowingly done if it is done voluntarily and purposely,

25   and not by accident or mistake.

Jury Charge

3134

1       The second element that the government must
2   prove beyond a reasonable doubt is that the defendant
3   acted with malice aforethought.

4       Malice is the state of mind that would cause a
5   person to act without regard to the life of another.  To
6   satisfy this element, the defendant must have acted
7   consciously, with the intent to kill another person.

8       In order to establish this element, the
9   government must prove that the defendant acted willfully
10  with a bad or evil purpose to break the law.  However, the
11  government need not prove spite, malevolence, hatred, or
12  ill will toward the victim.

13      The third element that the government must prove
14  beyond a reasonable doubt is that the defendant acted with
15  premeditation.  An act is done with premeditation if it is
16  done upon planning or deliberation.  In order to satisfy
17  this element, the government must prove that the defendant
18  killed Louis Dorval only after thinking the matter over,
19  deliberating whether to act before committing the crime.
20  There is no requirement that the government prove that the
21  defendant deliberated for any particular period of time in
22  order to show premeditation.

23      The amount of time needed for premeditation of a
24  killing depends on the person and the circumstances.  It
25  is sufficient to satisfy this element if you find that

## Jury Charge

3135

1    before he acted, the defendant had a period of time to

2    become fully aware of what he intended to do and to think

3    it over before he acted.

4         The fourth element that the government must

5    prove beyond a reasonable doubt is that the defendant

6    acted with the specific intent to prevent Louis Dorval

7    from communicating to law enforcement authorities of the

8    United States information relating to the commission or

9    possible commission of a federal offense.  By specific

10   intent, I mean that the defendant must have acted

11   knowingly and with the unlawful intent to prevent Louis

12   Dorval from communicating information relating to the

13   commission or possible commission of a federal offense to

14   a law enforcement officer of the United States.  In order

15   to satisfy this element, it is not necessary for the

16   government to prove that the defendant knew he was

17   breaking any particular criminal law.

18        Section 1515(a)(4) of Title 18 of the United

19   States Code provides in relevant part that for purposes of

20   Section 1512, the term "law enforcement officer" means an

21   officer or employee of the federal government, or a person

22   authorized to act for or on behalf of the federal

23   government, or serving the federal government as an

24   advisor or consultant, authorized under law to engage in

25   or supervise the prevention, detection, investigation or

## Jury Charge

3136

1   prosecution of an offense.

2           In order to satisfy this fourth element, it is

3   not necessary for the government to prove that the

4   defendant knew that the law enforcement authorities were

5   federal law enforcement authorities.  However, the

6   government must establish beyond a reasonable doubt that

7   the offense or offenses which Dorval could have provided

8   information about were federal offenses.

9           Finally, while the government need not prove

10  that a proceeding was actually pending or about to be

11  instituted at the time of Dorval's murder, the government

12  must establish that the defendant believed Dorval might

13  communicate with law enforcement authorities.

14          I remind you again that count 2 also charges the

15  defendant with violating Section 2 of Title 18 of the

16  United States Code; that is, with aiding and abetting the

17  violation of Sections 1512(a)(1)(C) and 1111 of Title 18

18  of the United States Code.  In determining whether a

19  defendant is guilty as an aider and abettor, you should

20  follow the instructions that I have previously given you.

21          Now I will go on to count 3.

22          Anyone want to stand up?  You are okay?

23          Count 3 of the indictment charges in or about

24  and in-between December 2002 and August 18, 2003, both

25  dates being approximate and inclusive, within the Eastern

## Jury Charge

**1982**

1  for the parties interviewed witnesses when preparing for
2  this trial. You must not draw any unfavorable inferences
3  from that fact. On the contrary, attorneys are obliged to
4  prepare their cases as thoroughly as possible. And one
5  way to accomplish this is to properly interview witnesses
6  before trial and, as necessary, throughout the course of
7  the trial.
8         This is approximately halfway point in my
9  instructions, so it is appropriate now for you to take a
10  15 minute break, walk around. Don't talk about the
11  instructions, and don't talk about the case. You may have
12  to use the restrooms, and so forth.
13        See you at a quarter after 3:00.
14        Thank you.
15        (Whereupon, at this time the jury leaves the
16  courtroom.)
17
18        (Whereupon, a recess was taken.)
19
20
21
22
23
24
25

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

**1984**

1         This indictment contains two separate counts.
2  Count one charges the defendant with conspiring to commit
3  obstruction of justice murder of Vincent Gargiulo. Count
4  two charges the defendant with the obstruction of justice
5  murder of Vincent Gargiulo.
6         During these instructions you will hear me use
7  the words knowingly, intentionally, and willfully from
8  time to time.
9         A person acts knowingly if he acts purposely and
10  voluntarily, and not because of a mistake, accident, or
11  other innocent reason. A person acts intentionally or
12  willfully if he acts deliberately and with the purpose to
13  do something the law forbids. The defendant need not have
14  been aware of the specific law or his role -- I'm sorry,
15  or rule that his conduct may have violated. But he must
16  act with specific intent to do whatever it is that the law
17  forbids.
18        These issues of knowledge and intent require you
19  to make a determination about a defendant's state of mind,
20  something that rarely can be proved directly.
21        A wise and careful consideration of all the
22  circumstances before you may, however, permit you to make
23  a determination as to a defendant's state of mind.
24  Indeed, in your everyday affairs, you are frequently
25  called upon to determine a person's state of mind from his

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

**1983**

1         (Whereupon, the jury at this time entered the
2  courtroom.)
3         THE COURT: Please be seated, if you would.
4         We are at the second part of my instructions, in
5  setting forth the standards that will govern your
6  determination of whether the government has proven beyond
7  a reasonable doubt each and every element of the crime. I
8  will read portions of the indictment. You will be
9  provided with a copy of the indictment during your
10  deliberations.
11        The indictment in this case contains two
12  separate counts. You will be called upon to render a
13  separate verdict on each count. At the end of my charge I
14  will supply you with a verdict sheet.
15        With these preliminary instructions in mind, let
16  us now turn to the charges against the defendant as
17  contained in the indictment.
18        I remind you that an indictment itself is not
19  evidence. It merely describes the charge made against the
20  defendant. It is an accusation. It may not be considered
21  by you as evidence of the guilt of the defendant.
22        In reaching your determination as to whether the
23  government has proved the defendant guilty beyond a
24  reasonable doubt, you may consider only the evidence
25  introduced or lack of evidence.

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

**1985**

1  words and actions in given circumstances. You are asked
2  to do the same thing here.
3         Now I will turn to venue. And that refers to
4  the location of the crime.
5         Count one of the indictment charges that the
6  crime occurred in whole or in part in the judicial -- in
7  this judicial district, the Eastern District of New York.
8  This district encompasses the boroughs of Brooklyn, Queens
9  and Staten Island, as well as Nassau and Suffolk County.
10        Count two alleges that the crime there occurred
11  in the Southern District of New York. The Southern
12  District of New York encompasses the boroughs of
13  Manhattan, the Bronx, as well as Westchester, Putnam,
14  Orange, Rockland, Duchess and Sullivan Counties.
15        To establish venue for a crime in the alleged
16  district, the government must prove that some act in
17  furtherance of the crime occurred in that district. For
18  example, with respect to count one, charging the defendant
19  with conspiracy, the government must prove either that the
20  conspiratorial agreement was formed in the Eastern
21  District of New York, or that some act in furtherance of
22  the conspiracy was committed in this district. In short,
23  as to all the crimes charged, venue is established in the
24  alleged district as long as some act in furtherance of the
25  crime took place in the alleged district.

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

**1986**

1    I further instruct you that Section 1512(1) of
2    Title 18 of the United States Code provides in relevant
3    part as follows:
4         A prosecution under this section may be brought
5    in the district in which the official proceeding, whether
6    or not pending or about to be instituted, was intended to
7    be effected or in the district in which the conduct
8    constituting the alleged offense occurred.
9         Let me further instruct you that while the
10   government's burden of proof as to everything else in the
11   case is proof beyond a reasonable doubt, a standard that I
12   have already explained to you, venue need only be proved
13   by the lesser standard of a preponderance of the evidence.
14   To prove something by a preponderance of the evidence
15   means simply to prove that the fact is more likely true
16   than not true. I emphasize that this lesser standard
17   applies only to this issue of venue.
18        Count one of the indictment charges that:
19        In or about and between December 2002 and
20   August 18, 2003, both dates being approximate and
21   inclusive, within the Eastern District of New York and
22   elsewhere, the defendant Christian Gerold Tarantino,
23   together with others, did knowingly, unlawfully, and with
24   malice aforethought conspire to kill another person, to
25   wit, Vincent Gargiulo, with intent to, A, prevent the

HARRY RAPAPORT, CERTIFIED REALTIME REPORTER
OFFICIAL COURT REPORTER

## Jury Charge

**1988**

1    an understanding or agreement between or among two or more
2    persons that they will act together to accomplish a common
3    objective that they know is unlawful. The crime of
4    conspiracy to violate a federal law is an independent
5    offense. It is an offense entirely separate and different
6    from the crime the alleged conspirators intended to
7    commit, which is what the law refers to as the substantive
8    crime.
9         Thus, if a conspiracy exists, even if it should
10   fail to achieve its purpose, it is still punishable as a
11   crime. Indeed, you may find a defendant guilty of the
12   crime of conspiracy even though the substantive crime that
13   was the object of the conspiracy was not actually
14   committed. Here, for example, since the defendant is
15   charged with conspiracy -- conspiring to kill Vincent
16   Gargiulo, it is not necessary for you to find that the
17   conspiracy succeeded, that is, that Gargiulo was murdered.
18        Before you may convict the defendant of
19   conspiracy to kill Vincent Gargiulo as charged in the
20   indictment, the government must establish each of the
21   following elements beyond a reasonable doubt:
22        First, that two or more persons entered into the
23   unlawful agreement alleged in count one; second, that the
24   defendant knowingly and intentionally became a member of
25   the conspiracy; and, third, that the defendant conspired

HARRY RAPAPORT, CERTIFIED REALTIME REPORTER
OFFICIAL COURT REPORTER

## Jury Charge

**1987**

1    attendance and testimony of such person in an official
2    proceeding, including, but not limited to, the government
3    investigations; B, prevent the production of a record,
4    document or other object in an official proceeding,
5    including, but not limited to, the government
6    investigations; and, C, prevent the communication by such
7    person to a law enforcement officer of the United States
8    of information relating to the offenses including, but not
9    limited to, the Baumgardt murder and the Dorval murder, in
10   violation of Title 18, United States Code, Sections
11   1512(a)(1)(A), and 1512(a)(1)(B), and 1512(a)(1)(C), which
12   killing was the murder as defined in Title 18 United
13   States Code, Section 1111(a), in that the defendant,
14   together with others, knowingly, willfully, deliberately
15   and maliciously, and with premeditation, commanded,
16   induced and procured another to kill Vincent Gargiulo.
17        The relevant sections are 1512(k),
18   1512(a)(1)(A), 1512(a)(1)(B) 1512(a)(1)(C) and 1111 of the
19   United States Code, Title 18.
20        1512(k) provides in relevant part that: /(
21   whoever conspires to commit any offense under this section
22   shall be subject to the same penalties as those prescribed
23   for the offense, the commission of which was the object of
24   the conspiracy.
25        A conspiracy is a kind of criminal partnership,

HARRY RAPAPORT, CERTIFIED REALTIME REPORTER
OFFICIAL COURT REPORTER

## Jury Charge

**1989**

1    to kill Vincent Gargiulo as alleged in count one of the
2    indictment.
3         The first element that the government must prove
4    beyond a reasonable doubt to establish the offense of
5    conspiracy is that two or more persons entered into an
6    unlawful agreement as charged in count one of the
7    indictment.
8         In other words, one cannot commit the crime of
9    conspiracy by oneself. Rather, the proof must convince
10   you that at least two persons had joined together in a
11   common criminal scheme.
12        Now, the government need not prove that the
13   members of the conspiracy met according to any express or
14   formal agreement. You need not find that the alleged
15   conspirators stated in words or in writing what the scheme
16   was, its object or purpose, or the means by which it was
17   accomplished. It is sufficient that the conspirators
18   tacitly came to a mutual understanding to accomplish an
19   unlawful act by means of a joint plan or common scheme.
20        You may, of course, find that the existence of
21   or an agreement between two or more persons to engage in
22   criminal conduct has been established by direct proof.
23   But since a conspiracy is by its very nature characterized
24   by secrecy, direct proof may not be available. You may,
25   therefore, infer the existence of a conspiracy from the

HARRY RAPAPORT, CERTIFIED REALTIME REPORTER
OFFICIAL COURT REPORTER

Jury Charge

1990

1 circumstances of this case and the conduct of the parties
2 involved.
3          In a very real sense then, in the context of
4 conspiracy cases, actions often speak louder than words.
5 You may, in determining whether an agreement existed here,
6 consider the actions and the statements of all of those
7 you find to be the participants of proof that a common
8 design existed to act together for the accomplished of the
9 charged unlawful purpose.
10          The second element the government must prove
11 beyond a reasonable doubt in order to establish the
12 offense of conspiracy against a defendant is that the
13 defendant knowingly and intentionally became a participant
14 in or a member of the charged conspiracy.
15          If you are satisfied that the conspiracy charged
16 in the indictment existed, then you must next ask
17 yourselves who the members of the conspiracy were. In
18 deciding whether the defendant was in fact a member of the
19 conspiracy, you should consider whether, based upon all
20 the evidence, it appears that the defendant knowingly and
21 willfully joined the conspiracy. Did the defendant
22 participate in it with knowledge of its unlawful purpose
23 and with the specific intention of furthering its
24 objectives?
25          In that regard, it has been said that in order

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

---

Jury Charge

1992

1 may perform separate and distinct acts and may perform
2 them at different times. Some conspirators play major
3 roles, while others play minor roles in the scheme. An
4 equal role is not what the law requires. In fact, even a
5 single act may be sufficient to draw a defendant within
6 the ambit of the conspiracy.
7          I want to caution you, however, that a
8 defendant's mere presence at the scene of the alleged
9 crime does not by itself make him a member of the
10 conspiracy. Similarly, the mere association with one or
11 more members of the conspiracy does not automatically make
12 a defendant a member. A person may know or be friendly
13 with a criminal without necessarily being a criminal
14 himself.
15          Mere similarity of conduct or the fact that
16 people may have assembled together and discussed common
17 aims and interests does not necessarily establish proof of
18 the existence of a conspiracy.
19          I also want to caution you that mere knowledge,
20 without participation, in the unlawful plan is not
21 sufficient. Moreover, the fact that the acts of a
22 defendant without knowledge merely happen to further the
23 purpose of or objectives of the conspiracy does not make
24 the defendant a member. More is required under the law.
25          What is necessary is that a defendant must have

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

---

Jury Charge

1991

1 for a defendant to be deemed a participant in a
2 conspiracy, he must have had a stake in the venture or its
3 outcome. You are instructed that proof of a conspiracy --
4 a financial interest in the outcome of a scheme is not
5 essential.
6          As I mentioned a moment ago, before a defendant
7 can be found to have been a conspirator, you must first
8 find that he knowingly joined in the unlawful agreement or
9 plan. The key question, therefore, is whether the
10 defendant joined the conspiracy with an awareness of at
11 least some of the basic aims and purposes of the unlawful
12 agreement.
13          In order to become a member of the conspiracy, a
14 defendant need not have known the identities of each and
15 every other member, nor need a defendant have been told of
16 all of their activities. Moreover, a defendant need not
17 have been fully informed of all of the details or the
18 scope of the conspiracy in order to justify an inference
19 of knowledge on his part. Furthermore, a defendant need
20 not have joined in all of the conspiracy's unlawful
21 objectives.
22          The extent of a defendant's participation has no
23 bearing on the issue of that defendant's guilt. A
24 conspirator's liability is not measured by the extent and
25 duration of his or her participation. Indeed, each member

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

---

Jury Charge

1993

1 participated with knowledge of at least some of its
2 purposes or objectives of the conspiracy, and with the
3 intention of aiding in the accomplishment of those
4 unlawful ends.
5          In sum, a defendant must have had an
6 understanding of the unlawful character of the conspiracy
7 and must have intentionally engaged, advised, or assisted
8 in it for the purpose of furthering the illegal
9 undertaking. He thereby becomes a knowing and willing
10 participant in the unlawful agreement -- that is to say a
11 conspirator. In this regard, it should be noted that
12 frequently an apparently innocent act sheds its harmless
13 character if it is a step in carrying out, promoting,
14 aiding, or assisting the conspiratorial scheme.
15          As to the third element, the government must
16 prove beyond a reasonable doubt that the conspiracy was to
17 commit the obstruction of justice murder of Vincent
18 Gargiulo, in violation of Title 18, United States Code,
19 Sections 1512(a)(1) and 1111(a), specifically, the
20 government must show that the conspiracy was to kill
21 Vincent Gargiulo with intent to, A, prevent his attendance
22 or testimony in an official proceeding; B, prevent the
23 production of any record, document or other object in an
24 official proceeding; or, C, prevent his communication to
25 federal law enforcement authorities of information

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 1994

1  relating to the commission or possible commission of
2  federal offenses, including but not limited to the
3  Baumgardt murder and the Dorval murder.  You need not find
4  that the government has proven all three subparts, A, B,
5  and C.  However, all twelve of you must agree on at least
6  one of the subparts in order to find that the government
7  has satisfied this third element.
8      I will give you further instructions on these
9  subparts in a few moments.
10      If you find that the government has proven all
11  these elements as I have described to you, then you should
12  find that the defendant conspired to commit the
13  obstruction of justice murder of Vincent Gargiulo.
14      If the government fails to prove any of the
15  required elements, then you must acquit the defendant of
16  this count.
17      Now I will go on to count two which alleges:
18      On or about and -- on or about August 18th,
19  2003, within the Southern District of New York, the
20  defendant Christian Tarantino -- Christian Gerold
21  Tarantino, together with others, did knowingly, unlawfully
22  and with malice aforethought kill another person, to wit,
23  Vincent Gargiulo, with the intent to, A, prevent the
24  attendance of -- and testimony of such person in an
25  official proceeding, including but not limited to the

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 1996

1  possible commission of a federal offense, shall be
2  punished.
3      Section 1111(a) of Title 18 of the United States
4  Code provides in relevant part that murder is the unlawful
5  killing of a human being with malice aforethought.  Every
6  murder perpetrated by premeditated killing is murder in
7  the first degree.
8      In order to prove the defendant guilty of count
9  two of the indictment, the government must prove each of
10  the following elements beyond a reasonable doubt:
11      First, that the defendant knowingly and
12  unlawfully killed Vincent Gargiulo; second, that the
13  defendant acted with malice aforethought; third, that the
14  defendant acted with premeditation; fourth, that the
15  defendant acted with the intent to either, A, prevent the
16  attendance and testimony of Vincent Gargiulo in an
17  official proceeding; B, prevent the production of a
18  record, document or other document or object in an
19  official proceeding; or, C, prevent Vincent Gargiulo's
20  communication with a law enforcement officer of the United
21  States of information relating to the commission or
22  possible commission of a federal offense.
23      As to the first element, that the defendant
24  knowingly and unlawfully killed Vincent Gargiulo, it is
25  the government's burden to prove that the defendant's

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 1995

1  government investigations; B, prevent the production of a
2  record, document or other object in an official
3  proceeding, including, but not limited to, the government
4  investigations; and, C, prevent the communication by such
5  person to a law enforcement officer of the United States
6  of information relating to the commission or possible
7  commission of federal offenses, including, but not limited
8  to, the Baumgardt murder and the Dorval murder, which
9  killing was a murder as defined in Title 18, United States
10  code, Section 1111(a), in that the defendant, together
11  with others, knowingly, willfully, deliberately,
12  maliciously, and with premeditation, commanded, induced
13  and procured another to kill Vincent Gargiulo.
14      The relevant statutes are 1512 (a)(1)(A),
15  1512(a)(1)(B), and 1512(a)(1)(C), and 1111 of Title 18 of
16  the United States Code.
17      Section 1512(a)(1) of Title 18 of the United
18  States Code provides in relevant part:
19      Whoever kills or attempts to kill another person
20  with intent to, A, prevent the attendance or testimony of
21  any person in an official proceeding; B, prevent the
22  production of a record, document or other object in an
23  official proceeding; or, C, prevent the communication by
24  any person to a law enforcement officer or a judge of the
25  United States of information relating to the commission or

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 1997

1  conduct was the direct cause of Vincent Gargiulo's death.
2  This simply means that the government must prove that the
3  defendant inflicted an injury or injuries upon the
4  deceased from which the deceased died.
5      An act is done unlawfully if it was done without
6  justification or excuse.
7      As I previously have instructed you, an act is
8  done knowingly and if it is done voluntarily and
9  purposely, and not by accident or mistake.
10      The second element the government must prove
11  beyond a reasonable doubt is that the defendant acted with
12  malice aforethought.
13      Malice is the state of mind that would cause a
14  person to act without regard to the life of another.  To
15  satisfy this element, the government must have acted
16  consciously -- the defendant must have acted consciously
17  with the intent to kill another person.
18      In order to satisfy this element, the government
19  must prove that the defendant acted willfully with a bad
20  or evil purpose to break the law.  However, the government
21  need not prove spite, malevolence, hatred or ill will
22  toward the victim.
23      The third element that the government must prove
24  beyond a reasonable doubt is that the defendant acted with
25  premeditation.  An act is done with premeditation if it is

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

Jury Charge

**1998**

1 done upon planning or deliberation. In order to satisfy
2 this element, the government must prove that the defendant
3 killed Vincent Gargiulo only after thinking the matter
4 over, deliberating whether to act before committing the
5 crime. There is no requirement that the government prove
6 that the defendant deliberated for any particular period
7 of time in order to show premeditation. The amount of
8 time needed for premeditation of a killing depends on the
9 person and the circumstances. It is sufficient to satisfy
10 this element if you find that before he acted, the
11 defendant had a period of time to become fully aware of
12 what he intended to do and to think it over before he
13 acted.
14        The fourth element the government must prove
15 beyond a reasonable doubt, that the defendant acted with
16 specific intent to, A, prevent the attendance and
17 testimony of Vincent Gargiulo in an official proceeding;
18 B, prevent the production of a record, document or other
19 object in an official proceeding; or, C, prevent Vincent
20 Gargiulo's communication with a law enforcement officer of
21 the United States of information relating to the
22 commission or possible commission of federal offenses.
23 You need not find that the government has proven all three
24 subparts, A, B and C. However, all twelve of you must
25 agree on at least one of the subparts in order to find

Jury Charge

**2000**

1 jury, or a proceeding before a federal government agency
2 which is authorized by law.
3        Title 18, United States Code, Section 1512(f)
4 provides that for purposes of this section, an official
5 proceeding need not be pending or about to be instituted
6 at the time of the offense. And, two, the testimony or
7 the record, document or other object need not be
8 admissible in evidence or free of a claim of privilege.
9        Thus, pursuant to 18 USC 1512(f), the government
10 need not prove that an official proceeding was pending at
11 the time of the defendant's actions. However, the
12 government must establish that the official proceeding was
13 foreseeable to the defendant, such that the defendant
14 intended to affect the proceeding.
15        Furthermore, the law does not require the
16 government to prove that the defendant knew that the
17 official proceeding was federal in nature. However, the
18 government must establish beyond a reasonable doubt that
19 the proceeding satisfies the definition of official
20 proceeding provided above.
21        As to subpart C of the fourth element, I
22 instruct you that the government must prove beyond a
23 reasonable doubt that the defendant acted with the
24 specific intent to prevent Vincent Gargiulo from
25 communicating to law enforcement authorities of the United

Jury Charge

**1999**

1 that the government has satisfied this third element.
2        I will give you further instructions on these
3 subparts in a few moments.
4        As to subparts A and B of the fourth element, I
5 instruct you that the government must prove beyond a
6 reasonable doubt that the defendant acted with the
7 specific intent to prevent Vincent Gargiulo from attending
8 and testifying in an official proceeding, or to prevent
9 Vincent Gargiulo from producing a record, document or
10 other object in an official proceeding.
11        As I have already instructed you, by specific
12 intent, I mean that the defendant must have acted
13 knowingly and with the unlawful intent to either prevent
14 Vincent Gargiulo from attending or testifying in an
15 official proceeding, or to prevent Vincent Gargiulo from
16 producing a record, document or other object in an
17 official proceeding.
18        In order to satisfy this element, it is not
19 necessary for the government to prove that the defendant
20 knew he was breaking any particular criminal law.
21        Section 1515(a)(1) of Title 18 of the United
22 States Code provides in relevant part that for purposes of
23 Section 1512, the term official proceeding means a
24 proceeding before a Judge or Court of the United States,
25 or a United States Magistrate Judge, or a federal grand

Jury Charge

**2001**

1 States information relating to the commission or possible
2 commission of a federal offense.
3        By specific intent, I mean that the defendant
4 must have acted knowingly and with the unlawful intent to
5 prevent Vincent Gargiulo from communicating information
6 relating to the commission or possible commission of a
7 federal offense to a law enforcement officer of the United
8 States.
9        In order to satisfy this element, it is not
10 necessary for the government to prove that the defendant
11 knew he was breaking any particular criminal law.
12        Section 1515(a)(4) of Title 18 of the United
13 States Code provides in relevant part that the term law
14 enforcement officer means an officer or employee of the
15 federal government, or a person authorized to act for or
16 on behalf of the federal government, or serving the
17 federal government as an adviser or consultant authorized
18 under the law to engage in or supervise the prevention,
19 detection, investigation, or prosecution of an offense.
20        In order to satisfy this fourth element, it is
21 not necessary for the government to prove that the
22 defendant knew that the law enforcement authorities were
23 federal law enforcement authorities. If you find that the
24 defendant acted with the intent to hinder communication to
25 a specific law enforcement officer or group of officers,

2019

## Jury Charge

### 2002

1  this element is satisfied if that officer or one of the
2  group of officers was a federal law enforcement officer
3  regardless of whether the defendant knew that the officer
4  was a federal law enforcement officer.
5      On the other hand, if you find that the
6  defendant was not acting with the intent to hinder the
7  communication to a particular officer or group of
8  officers, then this element is satisfied only if you find
9  that there was a reasonable likelihood that had Vincent
10  Gargiulo been able to communicate with law enforcement
11  officers, at least one relevant communication would have
12  been made to a federal law enforcement officer. In either
13  situation, however, the government must prove beyond a
14  reasonable doubt that the offense or offenses which
15  Gargiulo could have provided information about were
16  federal offenses.
17      Finally, the government need not prove that a
18  proceeding was actually pending or about to be instituted
19  at the time of Gargiulo's murder.
20      In connection with count two, the government
21  must prove that the defendant either personally committed
22  the forbidden conduct described in each count or that he
23  aided and abetted another in doing so. This is because
24  under the law a person who requests or commands or induces
25  another to commit a crime, or a person who intentionally

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 2004

1  committed it himself.
2      In order to act -- in order to aid or abet
3  another to commit a crime, it is necessary that the
4  defendant willfully and knowingly associated himself in
5  some way with the crime and that he willfully and
6  knowingly performed an act which helped make the crime
7  succeed.
8      The mere presence of the defendant where a crime
9  is being committed, even coupled with knowledge that a
10  crime is being committed, or the mere acquiescence of the
11  defendant in the criminal conduct of others even with
12  guilty knowledge, is not sufficient to establish aiding
13  and abetting.
14      An aider and abettor must have some interest in
15  the criminal venture.
16      To determine whether the defendant aided or
17  abetted the commission of one or more of the substantive
18  crimes charged, or caused the commission of the
19  substantive crime charged, ask yourselves these questions:
20      First, did he participate in the crime charged
21  as something he wished to bring about?
22      Second, did he associate himself with the
23  criminal venture knowingly and willfully?
24      Third, did he seek by his actions to make the
25  criminal venture succeed?

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 2003

1  aids another to commit a crime, is held equally
2  accountable with the principal actor.
3      The aiding and abetting statute is Title 18 of
4  the United States Code, Section 2. Section 2(a) of Title
5  18 reads as follows:
6      Whoever commits an offense against the United
7  States, or aids or abets or counsels, commands or induces
8  or procures its commission, is punishable as a principal.
9      In order to find the defendant guilty of a crime
10  charged as an aider and abettor of that crime under 18
11  U.S. Code 2(a) you must first find that some person did
12  actually commit the crime charged. You must then
13  determine whether the defendant also intended to commit
14  that crime, whether he knowingly and willfully associated
15  himself in some way with the crime, and knowingly and
16  willfully sought by his actions to help make the crime
17  succeed.
18      If he did, then he is guilty as an aider and
19  abettor.
20      Thus, under the aiding and abetting statute, it
21  is not necessary that the government show that the
22  defendant himself murdered Vincent Gargiulo in order for
23  you to find him guilty of count two. A person who aids,
24  abets, commands, induces or procures another to commit an
25  offense is just as guilty of that offense as if he

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge

### 2005

1      If he did, then the defendant is guilty of the
2  crime charged just as if he himself had actually committed
3  it. If, on the other hand, your answers to this series of
4  questions are "no," then the defendant is not an aider and
5  abettor under 18 United States Code Section 2(a), and you
6  must find him not guilty of the crime under consideration
7  as an aider and abettor.
8      Now, I'm up to my closing instructions. They
9  are not terribly long but equally important.
10      I will now outline to you the rules of law
11  applicable to this case -- I have now outlined them, and
12  the process by which you weigh the evidence and determine
13  the facts, and the legal elements that you must find
14  beyond a reasonable doubt.
15      In a few minutes you will retire to the jury
16  room for your deliberations. I will now give you some
17  general rules regarding your deliberations.
18      Keep in mind that nothing I have said during
19  these instructions is intended to suggest to you in any
20  way what I think your verdict should be. The verdict is
21  entirely for you to decide.
22      By way of reminder, I charge you once again that
23  it is your responsibility to judge the facts in this case
24  from the evidence presented during the trial and to apply
25  the law as I have given it to you to the facts as you find

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge
2006

1 them from the evidence.
2     Remember also that your verdict must be based
3 solely on the evidence or lack of evidence in the case and
4 the law as the Court has given it to you, and not on
5 anything else.
6     I also instruct you that it is your duty to
7 deliberate, and that is to consider the evidence that has
8 been presented to you over the course of the last few days
9 in light of my instructions on the law.
10     Although I encourage you to work efficiently,
11 you must not let your desire to be efficient deprive the
12 parties of their right to have their claims considered
13 fairly, thoroughly and dispassionately.
14     In order for your deliberations to proceed in an
15 orderly fashion, you must have a foreperson. I suggest
16 that your selection of the foreperson be your first order
17 of business when you retire to the jury room.
18     The foreperson will be responsible for signing
19 all communications to the Court and for handing these to
20 the Court security officer or a member of my staff during
21 your deliberations. His or her vote, of course, is
22 entitled to no greater weight than that of any other
23 juror.
24     It is very important that you do not communicate
25 with anyone other than the Court about your deliberations

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge
2008

1 your note be as specific as possible to avoid hearing
2 testimony that you do not expect will be helpful in your
3 deliberations. Just indicate what witness' testimony and
4 what portion of that testimony you want to hear, or
5 indicate a particular topic that you are interested in.
6 You will be provided with a list of the witnesses and a
7 list of the exhibits that have been admitted into
8 evidence. Just indicate what, if anything, you would like
9 by sending me a note.
10     It may take me, the court reporter, and the
11 attorneys some time to locate and respond to your
12 requests. We will try to respond as quickly as possible.
13 Please be patient. I may be involved in another
14 proceeding that will have to be adjourned or interrupted
15 in order to attend to your request.
16     Remember, any notes you may have taken during
17 the trial are solely for your own personal use. They are
18 not evidence. You should not -- you should, rather, rely
19 on the testimony and the exhibits in evidence. And if any
20 objection was sustained and response stricken, you must
21 not consider it even though it may be contained in your
22 notes.
23     Your requests for exhibits or testimony, in
24 fact, any communication with the Court, should be made to
25 me in writing, signed by your foreperson, and given to the

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge
2007

1 or about anything relating to this case. If it becomes
2 necessary during your deliberations to communicate with
3 me, simply send me a note through the court security
4 officer or member of my staff. The note should be signed
5 by your foreperson and you may alert the Court by pressing
6 the buzzer located on the wall in the jury room.
7     The question of possible punishment of a
8 defendant is of no concern to the jury and should not in
9 any sense enter into or influence your deliberations. The
10 duty of imposing sentence rests exclusively upon the
11 Court. Your function is to weigh the evidence in the case
12 and to deliberate whether or not the defendant is guilty
13 beyond a reasonable doubt, solely upon the basis of such
14 evidence. Under your oath as jurors, you cannot allow a
15 consideration of the punishment which may be imposed upon
16 the defendant, if convicted, to influence your verdict in
17 any way, or to enter into your sense -- or to enter in any
18 sense into your deliberations.
19     You are about to go into the jury room and begin
20 your deliberations. If during your deliberations your
21 recollection of any part of the testimony should fail, or
22 if you want to see any of the exhibits that have been
23 admitted into evidence, send a note to the Court. It is
24 your privilege to return to the courtroom for the purpose
25 of having such testimony read back to you. I suggest that

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*

## Jury Charge
2009

1 court security officer or a member of my staff.
2     I will respond to any questions or requests you
3 have as promptly as possible, either in writing or by
4 having you return to the courtroom so I can speak with you
5 in person.
6     In any event, do not tell me or anyone else how
7 the jury stands on the issue of the defendant's guilt or
8 innocence until after a unanimous verdict is reached.
9 ^ End 7
10     I am sending a copy of the indictment into the
11 jury room for you to have during your deliberations. You
12 may use it to read the crimes which the defendant is
13 charged with committing. You are reminded, however, that
14 an indictment is merely an accusation and is not to be
15 used by you as any proof of the conduct charged.
16     I am also giving each of you a copy of these
17 instructions, a list of the exhibits in evidence, a list
18 of witnesses who testified, and a verdict sheet.
19     Please note that you are to consider these
20 instructions as a whole. If you require clarification as
21 to a legal issue, do not attempt to interpret the charge
22 yourself. Instead, send me a note indicating the portion
23 of the charge that needs clarification and any specific
24 questions as to that portion's meaning and I will respond
25 to you.

*HARRY RAPAPORT, CERTIFIED REALTIME REPORTER*
*OFFICIAL COURT REPORTER*